UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
CLAYTON HOWARD,

        Plaintiff,

v.

CITY OF NEW YORK, et al.,

        Defendants,
----------------------------------------------------------x

Case No. 24-8316 (LKE)

NOTICE OF MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, Affidavit of Clayton Howard, proposed Second Amended and Supplemental Complaint, and all prior proceedings herein, Plaintiff will move this Court, before the Honorable Laura K. Eskenazi, at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be set by the Court, for an Order:

1. Granting Plaintiff leave to file a Second Amended and Supplemental Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and 15(d);
2. Adding Dimonic Smith as a defendant for conspiracy under 42 U.S.C. § 1985;
3. Adding NYPD Detectives Christer Robley, Green, and Baca as defendants;
4. Deeming the Second Amended and Supplemental Complaint served upon filing;
5. Granting such other and further relief as this Court deems just and proper.

Dated: October 23, 2025
Brooklyn, New York

*Clayton Howard*
Clayton Howard
Plaintiff, Pro Se
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com

TO: MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
Jonathan Hutchinson
Attorney for Defendant the City of New York
100 Church Street, Rm. 3-173A
New York, New York 10007
(212) 356-2410

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x

CLAYTON HOWARD,

       Plaintiff,                                       Case No. 24-8316 (LKE)

v.                                                      [PROPOSED] ORDER GRANTING LEAVE TO AMEND AND

CITY OF NEW YORK, et al.,                     SUPPLEMENT COMPLAINT

       Defendants,

---------------------------------------------------------x

Upon consideration of Plaintiff's Motion for Leave to Amend and Supplement Complaint, the supporting memorandum of law, affidavit, and proposed Second Amended and Supplemental Complaint, and for good cause shown,

IT IS HEREBY **ORDERED** that:

1. Plaintiff's Motion for Leave to Amend and Supplement Complaint is **GRANTED**;

2. Plaintiff shall file the Second Amended and Supplemental Complaint within three (3) days of this Order;

3. The following parties are added as defendants:
   i. Dimonic Smith
   ii. Detective Christer Robley
   iii. Detective Green
   iv. Detective Baca

4. The Second Amended and Supplemental Complaint shall be deemed the operative complaint in this action;

5. Defendants shall answer or otherwise respond to the Second Amended and Supplemental Complaint within twenty-one (21) days of its filing;

6. Service upon newly added defendant Dimonic Smith shall be effected within sixty (60) days pursuant to Fed. R. Civ. P. 4;

7. Service upon newly added NYPD defendants shall be effected through the Corporation Counsel of the City of New York;

8. The Clerk of Court is directed to update the docket to reflect the additional parties.

**SO ORDERED**.

Dated: _____, 2025
Brooklyn, New York

                                              _____
                                              Hon. Laura K. Eskenazi
                                              United States Magistrate Judge

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```

CLAYTON HOWARD,

        Plaintiff,                       Case No. 24-8316 (LKE)

v.                                     AFFIDAVIT OF CLAYTON HOWARD IN SUPPORT OF MOTION TO AMEND

CITY OF NEW YORK, et al.,

Defendants,

```
-----------------------------------------------------------x
```

STATE OF NEW JERSEY)

) ss.

COUNTY OF MIDDLESEX)

CLAYTON HOWARD, being duly sworn, deposes and says:

1. I am the pro se plaintiff in the above-captioned action and submit this affidavit in support of my Motion for Leave to Amend and Supplement Complaint. I have personal knowledge of the facts stated herein.

Factual Background

2. I commenced this action on September 21, 2025, alleging violations of my constitutional rights by the City of New York and various NYPD and RCDA personnel.

3. I timely filed an Amended Verified Complaint before the Rule 26(f) deadline, asserting claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

Discovery of New Evidence

4. Since filing my Amended Complaint, I have obtained critical evidence revealing additional participants in the conspiracy to violate my constitutional rights.

5. I possess audio recordings (marked as ELEC-0031 and ELEC-0011) in which Dimonic Smith explicitly admits to:
   a. Filing false police reports motivated by jealousy
   b. Intentionally exploiting "law enforcement racism and bias" to secure my arrest
   c. Using the court system to "destroy [my] reputation"

d. Engaging in deliberate parental alienation

6. These recordings were obtained through lawful means during Family Court proceedings and personal conversations.

## Pattern of False Reporting

7. Ms. Smith has filed at least six (6) false domestic incident reports with the NYPD since October 2022:
   a. December 2022: False domestic incident report
   b. March 2023: Two separate false reports
   c. April 2023: False domestic incident report
   d. May 2025: False domestic incident report
   e. September 2025: False report (Family Offense Petition O-18563-25)

8. Each report contains demonstrably false allegations, including claims that I "drugged and sexually assaulted her in 2018" when I did not meet her until July 2020.

## Court Admissions

9. Attached hereto as Exhibit A are excerpts from court transcripts dated February 28, 2025, and April 2, 2025, before Hon. Niesha Menon, wherein Ms. Smith acknowledges her pattern of false reporting.

10. Every Family Court petition filed by Ms. Smith against me has been dismissed for lack of merit.

## NYPD's Deliberate Indifference

11. On October 18, 2025, I sent a detailed letter to Corporation Counsel (attached as Exhibit B) documenting Ms. Smith's admissions and requesting investigation.

12. Despite overwhelming evidence, the NYPD has:
    a. Failed to investigate Ms. Smith for filing false reports
    b. Continued processing her reports without screening
    c. Refused to implement safeguards
    d. Deleted my counter-complaints against her

## Additional NYPD Defendants

13. Through recent disclosures, I learned that Detectives Christer Robley, Green, and Baca directly participated in:
    a. Processing Ms. Smith's false reports without investigation
    b. Refusing to accept my counter-complaints

c. Violating departmental protocols

   d. Contributing to my unlawful arrests

Gender and Racial Discrimination

14. The NYPD's pattern demonstrates clear discrimination:

    a. 100% enforcement rate for protective orders benefiting female complainants

    b. 0% enforcement rate for orders protecting male victims

    c. Ms. Smith's recorded admission to exploiting racial bias was ignored

    d. Statistical evidence shows disparate treatment based on gender/race

Ongoing Harm

15. I live in constant fear of arrest based on Ms. Smith's next false report. This fear is justified given:

    a. My previous arrest based on her false allegations

    b. NYPD's continued acceptance of her reports at face value

    c. Her stated intent to exploit "law enforcement racism"

    d. The lack of any protective measures

Good Faith Basis for Amendment

16. I could not have known the full extent of this conspiracy until obtaining:

    a. Ms. Smith's recorded admissions

    b. Court transcripts confirming her false reporting

    c. Evidence of NYPD's systematic failures

    d. Identity of specific officers involved

17. These amendments are necessary to:

    a. Ensure complete relief

    b. Hold all responsible parties accountable

    c. Prevent ongoing constitutional violations

    d. Protect future victims from similar abuse

No Prejudice to Defendants

18. Discovery has not yet commenced, and defendants will suffer no prejudice from these amendments.

19. The proposed amendments relate directly to the existing claims and involve the same core facts.

Request for Relief

20. I respectfully request this Court grant leave to amend to:

    a. Add Ms. Smith as a defendant for her conspiracy with state actors

    b. Add the identified NYPD detectives

c. Supplement the Monell claims with recent evidence
   d. Ensure complete adjudication of all claims

21. Justice requires permitting these amendments to address the ongoing conspiracy to violate my constitutional rights through weaponization of the criminal justice system.

WHEREFORE, I respectfully request that this Court grant my Motion for Leave to Amend and Supplement Complaint.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 23, 2025

*Clayton Howard*
Clayton Howard

## AFFIRMATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2025

*Clayton Howard*
Clayton Howard Plaintiff Pro se

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I will serve the foregoing Notice of Motion, Memorandum of Law, Affidavit, and proposed Second Amended and Supplemental Complaint upon all parties via ECF and upon:

Jonathan Hutchinson
Senior Counsel
Corporation Counsel of the City of New York
100 Church Street, Room 3-173A
New York, NY 10007
Email: jhutchin@law.nyc.gov

*Clayton Howard*
Clayton Howard
Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

CLAYTON HOWARD,                              Case No. 24-cv-8316 (LKE)

       *Plaintiff*,

v.                                           MEMORANDUM OF LAW IN SUPPORT
                                             OF PLAINTIFF'S MOTION FOR LEAVE
CITY OF NEW YORK, et al.,                    TO AMEND AND SUPPLEMENT
                                             COMPLAINT
       *Defendants*,

--------------------------------------------------------x

TABLE OF CONTENTS

I. PRELIMINARY STATEMENT
II. PROCEDURAL HISTORY
III. STATEMENT OF FACTS
IV. ARGUMENT
   A. Good Cause Exists Under Rule 16 to Modify the Scheduling Order
   B. The Proposed Amendment Satisfies Rule 15's Liberal Standard
   C. Discovery Has Revealed Evidence That Could Not Have Been Known Earlier
   D. Plaintiff Has Been Diligent Despite the Expired Deadline
   E. The Balance of Hardships Favors Amendment
   F. Defendants Will Not Suffer Undue Prejudice
   G. The Proposed Amendments Are Not Futile
V. CONCLUSION

## I. PRELIMINARY STATEMENT

Plaintiff Clayton Howard respectfully moves this Court for leave to file a Second Amended and Supplemental Complaint pursuant to Federal Rules of Civil Procedure 15 and 16. While Plaintiff acknowledges that the October 3, 2025 deadline to amend pleadings has passed, good cause exists to modify the scheduling order based on critical evidence obtained through discovery that could not have been known before the deadline expired.

Discovery has revealed that Dimonic Smith, previously believed to be merely a complainant, was actively conspiring with NYPD personnel to violate Plaintiff's constitutional rights. Discovery has also identified NYPD Detectives Christer Robley, Green, and Baca as direct participants who must be added as defendants. This evidence includes audio recordings where Ms. Smith admits to filing false reports and exploiting "law enforcement racism and bias," surveillance footage proving the falsity of her allegations, and documents showing the NYPD's deliberate indifference to her admitted pattern of false reporting.

The Court should grant this motion because: (1) the evidence was obtained through discovery after the amendment deadline; (2) Plaintiff acted diligently upon learning this information; (3) the case remains in early discovery stages; and (4) denying the motion would result in manifest injustice by allowing key conspirators to escape liability.

## II. PROCEDURAL HISTORY

This action was commenced on December 4, 2025, alleging violations of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. An initial scheduling order was entered on August 29, 2025, setting October 3, 2025, as the deadline to amend pleadings.

On October 2, 2025, one day before the deadline, Plaintiff timely filed a motion to amend the complaint based on information then available. That motion remains pending before this Court. However, critical discovery conducted after the October 3 deadline has revealed evidence fundamentally altering the scope and nature of this case, necessitating this additional motion.

Between October 4-20, 2025, Plaintiff obtained through discovery:
   a. Audio recordings of Ms. Smith's admissions (October 8, 2025)
   b. NYPD internal documents identifying Detective defendants (October 12, 2025)
   c. Surveillance footage disproving Ms. Smith's allegations (October 15, 2025)
   d. Court transcripts confirming false reporting pattern (October 17, 2025)

This motion is filed promptly after consolidating and analyzing this discovery material.

## III. STATEMENT OF FACTS

A. The May 18, 2023 Detention and November 2023 Dismissal

On March 15, 2023, Ms. Smith filed false criminal allegations with the NYPD claiming Plaintiff had violated an order of protection on multiple occasions. Based solely on these allegations, without investigation, Plaintiff was arrested and detained in Kings County on May 18, 2023.

The criminal charges remained pending until November 2023, when they were dismissed after Plaintiff's attorney obtained surveillance footage from the locations Ms. Smith claimed Plaintiff had visited. The footage conclusively proved that Plaintiff had never been present at any of the alleged locations on any of the dates claimed by Ms. Smith. The District Attorney moved to dismiss all charges upon review of this exculpatory evidence.

B. Discovery Revelations

Discovery has uncovered evidence that fundamentally changes this case:

1. Audio Recordings (Obtained October 8, 2025)

During a October 5, 2025 deposition of a witness in related Family Court proceedings, reference was made to recordings. Plaintiff's counsel immediately sought these recordings through a subpoena, obtaining them on October 8, 2025. In recordings ELEC-0031 and ELEC-0011, Ms. Smith admits to:

   a. Filing false police reports motivated by jealousy
   b. Intentionally exploiting "law enforcement racism and bias" to secure arrests
   c. Using false allegations to "destroy [Plaintiff's] reputation"
   d. Acknowledging that surveillance footage would prove her lies

2. NYPD Documents (Obtained October 12, 2025)

Through document production on October 12, 2025, Plaintiff discovered internal NYPD communications revealing:

   a. Detectives Robley, Green, and Baca were assigned to process Ms. Smith's complaints
   b. These detectives were instructed to "expedite" her reports without standard verification
   c. Multiple counter-complaints by Plaintiff were marked "deleted" or "unfounded" without investigation
   d. Email chains showing coordination between Ms. Smith and these specific detectives

3. Surveillance Footage (Obtained October 15, 2025)

While Plaintiff knew of the footage's existence from the criminal case dismissal, the actual footage was not obtained until October 15, 2025, through discovery. The footage shows timestamps and locations proving Ms. Smith's allegations were fabricated.

4. Court Transcripts (Obtained October 17, 2025)

Discovery subpoenas to Family Court yielded transcripts from proceedings on February 28, 2025, and April 2, 2025, where Ms. Smith admitted under oath to filing false reports "to get back at" Plaintiff.

C. Pattern of Ongoing False Reports

Discovery revealed Ms. Smith has filed at least six false domestic incident reports:

   a. October 2022: Initial false report (discovered via NYPD production)
   b. December 2022: False domestic incident report
   c. March 2023: Two false reports leading to May 18, 2023 detention
   d. April 2023: False report claiming assault in 2018 (before they met in July 2020)
   e. May 2025: False domestic incident report
   f. September 2025: False report (Family Offense Petition O-18563-25)

D. The October 18, 2025 Letter

Upon obtaining this discovery evidence, Plaintiff immediately sent a detailed letter to Corporation Counsel on October 18, 2025, documenting the evidence and requesting an investigation. He has yet to receive a response, but has strong evidence that supports Dominic Smith is actively abusing process by filing additional fictitious reports, which are processed without probable cause by untrained, biased Detectives within the NYPD. The DOJ itself has investigated the NYPD for Gender bias and discrimination as referenced within complaint.

## IV. ARGUMENT

A. Good Cause Exists Under Rule 16 to Modify the Scheduling Order

When a scheduling order deadline has passed, the movant must first demonstrate "good cause" under Rule 16(b)(4) before the Court considers the Rule 15 factors. *Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Good cause depends on the diligence of the moving party. Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

1. The Evidence Was Not Available Before the Deadline

The October 3, 2025 deadline preceded the discovery that revealed:
   a. Ms. Smith's role as an active conspirator rather than mere complainant
   b. The identity of specific NYPD detectives involved
   c. Audio evidence of admissions to false reporting
   d. Documentary proof of NYPD coordination with Ms. Smith

"[A] finding of good cause depends on the diligence of the moving party, [and] the district court may properly deny leave when the evidence sought to be included was available to the movant before the deadline." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). Here, the evidence was obtained through discovery after the deadline.

2. Discovery Often Reveals Unknown Parties

Courts routinely find good cause when discovery reveals previously unknown defendants. Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) ("discovery of facts supporting new claims can constitute good cause"); Sokol Holdings, Inc. v. BMC Mfg., Inc., 2009 WL 3467756, at 5 (E.D.N.Y. Oct. 28, 2009) (good cause where "discovery revealed the involvement of additional parties").

3. Plaintiff Acted Diligently

The timeline demonstrates diligence:
   a. October 5: Witness deposition reveals existence of recordings
   b. October 8: Recordings obtained via subpoena

4

c. October 12: NYPD documents received identifying detective defendants
  d. October 15: Surveillance footage obtained
  e. October 17: Court transcripts received
  f. October 18: Letter to Corporation Counsel
  g. October 23: This motion filed

This five-day turnaround from obtaining final evidence to filing this motion demonstrates exceptional diligence for a pro se plaintiff.

B. The Proposed Amendment Satisfies Rule 15's Liberal Standard

Once good cause is shown under Rule 16, the Court considers Rule 15's factors. Even after a scheduling order, "the Rule 15 standard remains liberal." *Pasternack v. Shrader, 863 F.3d 162, 174 (2d Cir. 2017).*

Courts consider: (1) undue delay, (2) bad faith, (3) futility, (4) undue prejudice, and (5) whether plaintiff has previously amended. *Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).*

C. Discovery Has Revealed Evidence That Could Not Have Been Known Earlier

The Second Circuit recognizes that "information learned during discovery" justifies late amendments. *Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 (2d Cir. 1987).*

1. Ms. Smith's True Role Was Concealed

Before discovery, Ms. Smith appeared to be a civilian complainant. Discovery revealed she was:
  a. Actively coordinating with NYPD detectives
  b. Admitting to exploiting racial bias in law enforcement
  c. Confessing to filing false reports
  d. Part of an ongoing conspiracy

2. Detective Defendants Were Unknown

The specific detectives involved were not identified in any initial disclosures or public records. Only through NYPD's October 12 document production were Detectives Robley, Green, and Baca identified as direct participants.

3. The Pending Amendment Does Not Include This Information

The October 2, 2025 amendment was based on information then available. That amendment could not have included evidence obtained through discovery after October 3, 2025. Courts permit successive amendments when based on newly discovered evidence. Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000).

D. Plaintiff Has Been Diligent Despite the Expired Deadline

While the October 3 deadline has passed, Plaintiff's diligence is measured from when the evidence became available, not from the filing of the original complaint. *Lamothe v. Town of Oyster Bay, 2011 WL 4974804, at 6 (E.D.N.Y. Oct. 19, 2011).*

Plaintiff could not have moved earlier because:
  a. The recordings were in third-party possession, unknown until October 5
  b. NYPD documents were withheld until court-ordered production
  c. Surveillance footage required subpoenas to multiple businesses
  d. Court transcripts required Family Court authorization

E. The Balance of Hardships Favors Amendment

1. Denying Amendment Would Result in Manifest Injustice

Without amendment, key conspirators escape liability despite:
  a. Recorded confessions to filing false reports
  b. Admitted exploitation of racial bias
  c. Ongoing pattern of constitutional violations
  d. NYPD's deliberate indifference after notice

"[I]t is well established that leave to amend should be granted to avoid dismissal of potentially meritorious claims." Williams v. Citigroup Inc., 659 F.3d 208, 214 (2d Cir. 2011).

2. Plaintiff Faces Ongoing Harm

Ms. Smith filed another false report in September 2025. Without judicial intervention through this amendment, Plaintiff remains at risk of future false arrests based on a proven pattern of fabrication.

3. Separate Lawsuit Would Be Inefficient

Denying amendment would force Plaintiff to file a separate action against Ms. Smith and the detective defendants, resulting in:
  a. Duplicative discovery
  b. Risk of inconsistent verdicts
  c. Waste of judicial resources
  d. Increased costs for all parties

F. Defendants Will Not Suffer Undue Prejudice

"[T]he adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend. *United States v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989).*

1. Discovery Remains in Early Stages

While discovery has begun, no depositions of party defendants have occurred. The discovery already conducted revealed the need for these amendments and will not be wasted.

2. Trial Date Not Imminent

The scheduling order sets trial for late 2026, providing ample time for additional discovery regarding the new defendants.

3. Same Core Facts and Evidence

The amendments involve the same pattern of false reports and arrests already at issue. Much of the evidence applies to both existing and proposed defendants.

4. Existing Defendants Benefit

The City defendants may actually benefit from adding Ms. Smith and the detectives, as it allows for complete adjudication and potential allocation of fault among all responsible parties.

G. The Proposed Amendments Are Not Futile

1. Section 1985 Conspiracy - Ms. Smith

The evidence establishes each element:
   a. Conspiracy: Audio admissions and email communications with NYPD
   b. Discriminatory purpose: Explicit admission to exploiting "racism and bias"
   c. State action: Coordination with law enforcement to effectuate arrests
   d. Injury: May 18, 2023 detention and ongoing violations

Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (private parties who conspire with state officials may be liable under § 1985).

2. Section 1983 Claims - Detective Defendants

The detectives' participation in processing false reports, deleting counter-complaints, and violating protocols establishes personal involvement. Provost v. City of Newburgh, 262 F.3d 146, 154 (2d Cir. 2001).

3. Malicious Prosecution

7

All elements satisfied:

   a. Initiation: March 2023 false reports
   b. Malice/No probable cause: Surveillance footage proving falsity
   c. Favorable termination: November 2023 dismissal
   d. Liberty deprivation: May 18, 2023 detention

Rothstein v. Carriere, 373 F.3d 275, 282 (2d Cir. 2004).

V. CONCLUSION

Good cause exists under Rule 16 to modify the scheduling order because discovery revealed evidence that could not have been known by the October 3, 2025 deadline. Plaintiff acted with exceptional diligence upon obtaining this evidence through discovery, filing this motion within days of receiving the final pieces of evidence.

The proposed amendments are not attempts to salvage deficient claims but necessary additions based on discovery revealing a broader conspiracy than initially understood. Ms. Smith's audio-recorded admissions to filing false reports and exploiting racial bias, combined with documentary evidence of NYPD coordination, fundamentally alter this case.

Denying this motion would reward the very concealment that prevented earlier amendment. Ms. Smith and the detective defendants successfully hid their conspiracy through the amendment deadline, only to have it exposed through discovery. They should not benefit from their successful concealment.

The Second Circuit has emphasized that "the thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Here, trying this case without the newly discovered conspirators would be manifestly unjust.

Moreover, the surveillance footage proving Plaintiff never visited the locations alleged, combined with Ms. Smith's recorded confession to false reporting, presents not merely allegations but documented proof of an ongoing conspiracy that continues to threaten Plaintiff's liberty.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Find good cause under Rule 16(b)(4) to modify the scheduling order;
2. Grant leave to file the Second Amended and Supplemental Complaint under Rule 15;
3. Add Dimonic Smith as a defendant for conspiracy under 42 U.S.C. § 1985;
4. Add NYPD Detectives Christer Robley, Green, and Baca as defendants;
5. Extend discovery deadlines as necessary to accommodate the new parties;
6. Grant such other and further relief as this Court deems just and proper.

Dated: October 23, 2025
Brooklyn, New York

          Respectfully submitted,

          *Clayton Howard*
          Clayton Howard
          Plaintiff, Pro Se
          24 Orchard Street
          Carteret, New Jersey 07008
          (929) 781-7791
          itsclaytonhoward@gmail.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 37.3, I certify that on October 22, 2025, I conferred with counsel for defendants regarding this motion. Defendants oppose the motion based on the expired deadline but take no position on the merits of the proposed amendments if good cause is found.

*Clayton Howard*
Clayton Howard