Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
itsclaytonhoward@gmail.com
(929)781-7791

*** Filed ***
01:54 PM, 27 Oct, 2025
U.S.D.C., Eastern District of New York

Date: October 27, 2025

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Notice of ECF System Failure and Defendant's Failure to Serve

Case No.: 24-cv-8316 Clayton Howard v City of New York, et al,

Dear Judge Matsumoto:

I write to respectfully notify the Court of critical issues regarding electronic case filing notifications and the Defendant's failure to properly serve me with a responsive document, which has significantly prejudiced my ability to respond timely to Defendant's letter in opposition to my motion to amend.

## I. ECF NOTIFICATION SYSTEM FAILURE

On or about August 25, 2025, I was granted ECF notification privileges and received the initial test email confirming my registration. I successfully received ECF notifications from that date through mid-September 2025. However, upon reviewing the docket Friday, October 23, 2025, I discovered that I have not received any ECF notifications since mid-September 2025, despite multiple filings appearing on the docket during this period.

I contacted the Pro Se Office today, October 27, 2025, and I am working with court staff to resolve this technical issue. However, this system failure has deprived me of timely notice of filings in my case, including Defendant's opposition to my motion to amend. I submitted my reply before midnight on October 24, 2025, and respectfully ask the court to review it taking into consideration the issue I presented as detailed above.

## II. DEFENDANT'S FAILURE TO SERVE UNDER FRCP RULE 5

More critically, the Defendant has failed to properly serve me with their letter in opposition to my motion to amend, in direct violation of Federal Rule of Civil Procedure 5(a)(1).

Established Pattern of Direct Service:

Throughout this litigation, the Defendant has consistently and properly served me directly via email with all documents required as previously directed by Hon Judge Lara K. Eskenazi during the initial conference held the first week of September 2025.

This established pattern demonstrates that both parties understood their obligation under FRCP Rule 5 to serve documents directly on opposing counsel or parties, independent of the CM/ECF system.

The Single Exception:

The an important document the Defendant failed to serve directly via email is their letter in opposition to my motion to amend—the very document requiring my responsive action. Instead, the Defendant appears to have relied solely on the CM/ECF system to provide me notice, despite:

Their consistent practice of direct service on all other documents;

The requirements of FRCP Rule 5(a)(1) and 5(b); and

The fact that I am a pro se litigant who may not have the same automatic notification systems as CM/ECF filers.

III. LEGAL AUTHORITY FOR RELIEF

Federal Rule of Civil Procedure 5(a)(1) mandates service of "every written motion required to be served" and every responsive pleading. Rule 5(d)(1) makes clear that papers "required to be served must be filed no later than a reasonable time after service." Filing alone does not constitute service.

As the D.C. Circuit held in Huey v. Honecker, 82 F.3d 1217, 1221 (D.C. Cir. 1996), "the burden of ensuring proper service rests with the serving party," and failure to serve can result in the court refusing to consider the document.

The Fifth Circuit similarly recognized in Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 349 (5th Cir. 2001), that "[s]ervice is complete when a party files the document with the court clerk AND sends the document to the opposing party." The First Circuit has held that "[a]party's failure to serve papers as required by Rule 5 is grounds for striking those papers." Henderson v. Duncan, 779 F.3d 8, 24 (1st Cir. 2015).

The Eleventh Circuit refused to consider a motion where there was no proof of service on the opposing party in Tracey v. Freshwater Accountants LLC, 423 F. App'x 910, 915 (11th Cir. 2011).

IV. PREJUDICE

The combination of the ECF system failure and Defendant's failure to serve has resulted in substantial prejudice:

I had no timely notice of the Defendant's opposition;

Any deadline to respond may have passed without my knowledge;

I have been deprived of the opportunity to file a timely reply; and

The Defendant's deviation from their established pattern of direct service occurred with the precise document requiring my response.

V. REQUEST FOR RELIEF

In light of the above, I respectfully request that the Court:

Decline to consider Defendant's letter in opposition to my motion to amend, or alternatively, strike said opposition for failure to properly serve under FRCP Rule 5(a);

If the court decides to review the Defendant's Letter in Opposition, then I request that my reply or responsive pleading be reviewed and any deadline that may have passed be extended to include the reply submitted October 24, 2025;

Order the Defendant to immediately serve me directly via email with the opposition and all future filings, consistent with their prior practice and FRCP Rule 5 requirements; and

Grant any other relief the Court deems just and appropriate under the circumstances.

I have contacted the Pro Se Office and am working diligently to resolve the ECF notification issue. However, the Defendant's independent obligation to serve me directly existed regardless of any technical difficulties with the Court's electronic notification system.

I apologize for any inconvenience and thank the Court for its consideration of this matter.

Respectfully submitted,

*Clayton Howard*

Clayton Howard

Pro Se Plaintiff

Certificate of Service:

I hereby certify that a true and correct copy of this letter was served upon Defendant's counsel, Johnathan Hutchinson via email at [jhutchin@law.nyc.gov](mailto:jhutchin@law.nyc.gov) on October 27, 2025.

*Clayton Howard*

Clayton Howard