*** Filed ***
10:13 AM, 12 Nov, 2025
U.S.D.C., Eastern District of New York

Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
itsclaytonhoward@gmail.com
(929)781-7791
Pro Se Plaintiff

Date: November 11, 2025

Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Renewed Request for Investigation of CM/ECF Notification System Failure
   Case No.: 24-cv-8316
   Clayton Howard v. City of New York, et al.

Dear Clerk of the Court:

I write to respectfully renew my request for the Court's assistance in investigating a persistent and critical issue with the CM/ECF notification system that continues to significantly prejudice my ability to receive timely notice of filings in this civil rights action.

## I. BACKGROUND AND PRIOR NOTIFICATION TO THE COURT

This is not my first attempt to bring this issue to the Court's attention. On October 27, 2025, I submitted a letter to the Honorable Judge Lara K. Eskenazi detailing the CM/ECF notification system failure and how it deprived me of timely notice of Defendant's opposition to my motion to amend. A copy of that letter is attached hereto as Exhibit A and incorporated by reference. As detailed in that October 27, 2025 letter:

1. I was granted ECF notification privileges on or about August 25, 2025
2. I received the initial test email confirming my registration
3. I successfully received ECF notifications from that date through mid-September 2025
4. Since mid-September 2025, I have received no ECF notifications despite multiple filings appearing on the docket
5. The notification failure, combined with Defendant's failure to serve me directly, deprived me of timely notice of Defendant's opposition

## II. CONTINUED NOTIFICATION SYSTEM FAILURE

Despite my October 27, 2025 letter to Judge Eskenazi and my repeated attempts to resolve this issue, the CM/ECF notification system continues to fail. I am still not receiving any automated notifications of filings in this case.

A. Multiple Attempts to Resolve Through Pro Se Office

I have made extensive, good faith efforts to resolve this technical issue through proper channels:

1. As noted in my October 27, 2025 letter, I contacted the Pro Se Office on October 27, 2025, and was informed that court staff would work to resolve the issue.
2. Since that time, I have contacted the Pro Se Office on three (3) additional separate occasions seeking assistance with the ongoing notification system failure.
3. During these calls, I spoke with a court staff member identified as "Joe" regarding the persistent failure to receive notifications.
4. Despite these repeated contacts and the passage of over two weeks since my initial notification to the Court, I continue to receive no automated CM/ECF notifications.
5. I am forced to manually check the court docket multiple times per day to discover new filings, which places an unreasonable burden on me as a pro se civil rights plaintiff and creates substantial risk that I will miss critical deadlines.

B. Total Number of Contacts

To be clear for the Court's records, I have now contacted the Pro Se Office on four (4) total occasions regarding this notification failure:

- October 27, 2025 (as referenced in my letter to Judge Eskenazi)
- Three (3) additional times since October 27, 2025

Each time, I have been assured that the issue would be investigated and resolved. Yet the notification system continues to fail.

## III. IMPACT ON THIS CIVIL RIGHTS ACTION

The notification system failure has created serious and ongoing prejudice in this Section 1983 civil rights action:

A. Lack of Timely Notice

Without automated CM/ECF notifications, I have no timely notice when:

- Defendants file motions or other substantive documents

- Defendants file opposition to my motions

- The Court issues orders or scheduling notices

- Deadlines are set or modified

- Court hearings are scheduled or continued

- Discovery disputes arise requiring timely response

B. Compounded by Defendants' Inconsistent Service Practices

As detailed in my October 27, 2025 letter, the Defendants established a pattern of directly serving me via email with all documents filed in this case, consistent with the Court's direction during the initial conference in early September 2025.

However, the Defendants failed to serve me directly with their letter in opposition to my motion to amend—the very document requiring my responsive action. This deviation from established practice, combined with the CM/ECF notification failure, completely deprived me of timely notice.

While Defendants have resumed direct service for some subsequent filings, I cannot rely on their consistency. The CM/ECF notification system should serve as a reliable backup to ensure I receive notice of all filings, but it has completely failed to perform this function.

C. Due Process Concerns in Civil Rights Litigation

The notification failure is particularly troubling in the context of this civil rights action against the City of New York. I am a pro se plaintiff alleging constitutional violations by municipal defendants with extensive resources and experienced counsel. The playing field is already uneven; the notification system failure further disadvantages me by:

1. Depriving me of the same timely notice that registered CM/ECF users receive automatically
2. Forcing me to expend time and resources manually monitoring the docket that should be devoted to substantive legal work
3. Creating constant anxiety that I may miss a filing or deadline despite my diligent efforts
4. Undermining my ability to respond effectively to defendants' motions and arguments

## IV. LEGAL FRAMEWORK

A. Due Process Requires Effective Notice

The United States Supreme Court has long held that due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

The Second Circuit has emphasized that "notice must be of such nature as reasonably to convey the required information." Greene v. Lindsey, 456 U.S. 444, 453 (1982).

CM/ECF notification systems serve a critical function in providing timely notice to parties, particularly pro se litigants who may not have the resources to constantly monitor court dockets. When these systems fail, the Court has an obligation to investigate and remedy the failure to ensure that all parties receive constitutionally adequate notice.

B. Federal Rules Contemplate Reliable Electronic Notice

Federal Rule of Civil Procedure 5(b)(2)(E) recognizes service by electronic means as a valid method of service. The CM/ECF system is designed to provide reliable, automated notice of all filings to registered users.

While FRCP Rule 5 establishes that parties must serve each other directly, the CM/ECF notification system serves as a critical backup mechanism to ensure that parties are aware of all filings and court orders. This is particularly important for pro se litigants who may not have the sophisticated case management systems available to institutional defendants.

The consistent failure of the CM/ECF notification system in my case undermines the entire procedural framework and creates unacceptable risk that I will be denied my day in court through no fault of my own.

## V. PATTERN OF SYSTEMIC FAILURE

The notification failures I have experienced are not isolated incidents but rather suggest a systemic technical problem that requires investigation:

1. Initial functionality (August 25 - mid-September 2025) followed by complete failure suggests a configuration change or technical problem that occurred in mid-September
2. The failure has persisted for over two months despite multiple contacts with the Pro Se Office
3. The problem has continued even after formal notification to the Court via my October 27, 2025 letter to Judge Eskenazi

4. Court staff ("Joe") at the Pro Se Office) has been unable to resolve the issue despite multiple attempts

This pattern suggests that the problem may be:

- A technical issue with my specific account that requires investigation by IT personnel

- A broader systemic issue affecting multiple users that has not been identified

- A configuration problem that requires administrative access to resolve

- An issue with email delivery or spam filtering that requires coordination with external email providers

Regardless of the specific cause, the persistence of this problem for over two months despite repeated attempts to resolve it through normal channels demonstrates that Court intervention and investigation are necessary.

## VI. REQUEST FOR INVESTIGATION AND RELIEF

Given the repeated notification failures, my four unsuccessful attempts to resolve the issue through the Pro Se Office, the passage of over two weeks since my formal letter to Judge Eskenazi, and the serious ongoing prejudice resulting from lack of timely notice, I respectfully request that this Court:

1. Direct the appropriate court IT department or CM/ECF system administrators to conduct a thorough investigation of why the electronic notification system is not providing me with automated notifications despite my authorization to receive them;

2. Conduct a comprehensive technical review of my CM/ECF account settings, notification preferences, email address configuration, and any other relevant technical parameters to identify and resolve the issue preventing proper notification;

3. Test the notification system by having court staff or IT personnel send test notifications to verify that I am able to receive CM/ECF notifications at my registered email address (itsclaytonhoward@gmail.com);

4. Investigate whether there are any spam filtering, email delivery, or other technical issues external to the CM/ECF system that may be preventing notifications from reaching me;

5. Provide me with written confirmation of:
   a. The specific technical investigation steps that have been taken
   b. The cause of the notification failure
   c. The corrective action implemented to resolve the issue

    d. Verification that future notifications will be properly delivered to my registered email address
6. Consider whether other pro se litigants may be experiencing similar notification failures and take appropriate steps to identify and remedy any systemic issues with the CM/ECF notification system;
7. In light of the ongoing notification system failure and my lack of timely notice of filings, exercise appropriate leniency regarding any response deadlines and consider extending my time to respond to any filings of which I did not receive timely notice;
8. Direct Defendants' counsel to continue their prior practice of directly serving me via email with all filings, consistent with FRCP Rule 5 and the Court's direction during the initial conference; and
9. Grant such other relief as the Court deems just and appropriate to ensure that I receive constitutionally adequate notice of all filings and court orders in this civil rights action.

## VII. CONCLUSION

I am not seeking to delay these proceedings or avoid my obligations as a party to this litigation. Rather, I am asking for the Court's assistance in ensuring that the most basic requirement of due process—notice—is satisfied through reliable CM/ECF notifications.

I have made extensive good faith efforts to resolve this issue through appropriate channels:

- I contacted the Pro Se Office on October 27, 2025 (as documented in my letter to Judge Eskenazi)
- I formally notified the Court of the issue via letter to Judge Eskenazi on October 27, 2025
- I have contacted the Pro Se Office on three additional occasions since that date
- I have waited over two weeks for the issue to be resolved

Despite these efforts and the passage of time, the notification system continues to fail. At this point, the issue clearly requires investigation and intervention by the Court's IT department or CM/ECF system administrators to protect my due process rights.

As a pro se plaintiff pursuing civil rights claims against the City of New York, I face significant resource and expertise disadvantages compared to the municipal defendants and their experienced counsel. The CM/ECF notification system should help level the playing field by ensuring I receive the same timely notice of filings that registered attorneys receive automatically. Instead, the system's failure creates an additional barrier to my access to justice.

I am prepared to cooperate fully with any technical investigation, including providing additional information about my email configuration, testing receipt of notifications, or taking any other steps that may assist in identifying and resolving the problem.

I respectfully request that the Court treat this matter with the urgency it deserves, given that over two months have passed since the notification system failure began, and I continue to be deprived of timely notice of critical filings in this civil rights action.

Thank you for the Court's attention to this matter.

Respectfully submitted,
*Clayton Howard*
Clayton Howard
Pro Se Plaintiff
24 Orchard Street
Carteret, New Jersey 07008
(929)781-7791
itsclaytonhoward@gmail.com

DECLARATION UNDER PENALTY OF PERJURY

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge, information, and belief. I further declare that:

1. I was granted CM/ECF notification privileges on or about August 25, 2025, and received the initial test email confirming my registration.
2. I successfully received CM/ECF notifications from August 25, 2025 through mid-September 2025.
3. Since mid-September 2025, I have not received any automated CM/ECF notifications despite multiple filings appearing on the docket.
4. I submitted a letter to the Honorable Judge Lara K. Eskenazi on October 27, 2025, documenting the CM/ECF notification system failure and requesting relief. A true and correct copy of that letter is attached as Exhibit A.

5. I have contacted the Pro Se Office on four (4) total occasions regarding this notification failure:
    a. Once on October 27, 2025 (as referenced in my letter to Judge Eskenazi)
    b. Three (3) additional times between October 27, 2025 and November 11, 2025
6. During the three contacts after October 27, 2025, I spoke with a court staff member identified as "Joe" regarding the ongoing failure to receive notifications.
7. Despite these repeated attempts to resolve the issue and the passage of over two weeks since my October 27, 2025 letter to Judge Eskenazi, I continue to receive no automated CM/ECF notifications.
8. I am forced to manually check the court docket multiple times per day to discover new filings.
9. The combination of CM/ECF notification system failures and Defendants' inconsistent service practices has substantially prejudiced my ability to participate meaningfully in this civil rights action.
10. My registered email address for CM/ECF notifications is itsclaytonhoward@gmail.com, and I have verified that this email address is functioning properly and is not blocking emails from court domains.

Executed on November 11, 2025

*Clayton Howard*
Clayton Howard

CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2025, I served a true and correct copy of this letter upon Defendants' counsel via email:

Johnathan Hutchinson, Esq.
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007
Email: jhutchin@law.nyc.gov


Via: [X] Electronic Mail


Date: November 11, 2025

*Clayton Howard*
Clayton Howard