*** Filed ***
06:27 AM, 14 Nov, 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CLAYTON HOWARD,                                        Case No. 24-8316

Plaintiff,


v.


CITY OF NEW YORK, et al.,

Defendants,


DECLARATION OF CLAYTON HOWARD IN SUPPORT OF

NOTICE OF NON-COMPLIANCE

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and make this declaration based on personal knowledge.

2. On September 25, 2025, I prepared a comprehensive Settlement Demand Letter to Defendants' counsel, Jonathan Hutchinson.

3. The Settlement Demand was twelve (12) pages and included:

    a. Detailed summary of all claims

    b. Legal analysis with case law

    c. Itemized damages totaling $1,618,790

    d. Good faith settlement offer of $800,000

    e. Proposed settlement terms

    f. Response deadline of November 13, 2025

4. On September 29, 2025, I served the Settlement Demand via email to jhutchin@law.nyc.gov. Email confirmation attached as Exhibit B.

5. The demand stated: "We request your response by November 13, 2025."

6. Between September 29 and November 13, 2025, I received no response.

7. On November 03, 2025, I was contacted by Mr. Hutchinson seeking a three (3) week extension for a reply to my 2nd amendment and the settlement response. Copy attached as Exhibit C.

8. On November 03, 2025, I responded to that contact, and informed Mr. Hutchinson that I would be willing to grant the defendants time to reply to the amendment, but not the settlement as the Defendants have had ample time, and received substantial discovery that verifies serious misconduct concerning the May 16, 2023 arrest of the Plaintiff by Detective Joseph Quirk, who violated NYPD protocol, and the Plaintiff's due process rights when he fabricated the May 16, 2023 detention affidavit to arrest Plaintiff using year old, stale, previous investigated allegations filed by Francyna Evins.

9. The initial complaint of Ms. Evins is dated December 5, 2022, and the allegations of that complaint and Detective Joseph Quirk's arresting affidavit are entirely different.

10. Detectives lacked probable cause to arrest, so they created it by "borrowing" domestic incident complaints that had been previously investigated by the Staten Island 123rd Precinct.

11. Mr. Hutchinson acknowledged Detective Quirk's actions during a meet and confer held the afternoon of November 3, 2025, between the parties.

12. The original purpose of the Meet and Confer was to discuss objections to the Plaintiff's initial discovery demands

13. I have attempted in good faith to resolve this matter without court intervention.

14. I remain willing to participate in mediation or settlement discussions.

15. Ongoing litigation causes continued emotional distress and financial hardship as I proceed pro se while attending law school and operating my construction business.

16. Court-ordered mediation would benefit all parties and promote efficient resolution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed November 14, 2025, in Carteret, New Jersey.

*Clayton Howard*

Clayton Howard

Plaintiff, Pro Se