Clayton Howard
24 Orchard Street
Carteret, NJ 07008
(929) 781-7791
itsclaytonhoward@gmail.com

November 15, 2025

VIA ECF

Honorable Lara K. Eshkenazi
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:**    Clayton Howard v. City of New York, et al.
       Case No. 24-CV-8316 (KAM) (LKE)
       Plaintiff's Response to Defendant's Position on Mediation
       and Request for Sanctions

Your Honor:

I write in response to defense counsel's November 14, 2025 letter stating that Defendant "does not consent to Court ordered mediation" and is "not in a position to respond to plaintiff's demand at this time." This response reveals deliberate deception by defense counsel, who obtained a three-week extension from Plaintiff through false representations about providing a settlement offer, and demonstrates a pattern of bad faith conduct that warrants sanctions.

BACKGROUND

On November 3, 2025, defense counsel Jonathan Hutchinson requested a three-week extension of Defendant's deadline to respond to Plaintiff's Second Motion to Amend, stating that "this case is going to be transferred to another attorney in our office and she needs time to familiarize herself with the facts and the filings before responding."

When I inquired whether the upcoming settlement offer deadline would also be delayed, Mr. Hutchinson responded: "I would consent to extend the deadlines for plaintiff's demand and

defendant's offer by a corresponding three weeks but I'm also fine with keeping the deadlines as they are, let me know what you prefer." (Email dated November 3, 2025 at 3:03 PM, emphasis added). See Exhibit B (Email Correspondence).

Relying on defense counsel's representation that he was prepared to meet the settlement deadline and would provide Defendant's offer on time if I kept the original deadline, I responded: "I would like the scheduling deadline to remain regarding the offer, but i will consent to the extension to allow new counsel to review if that works." (Email dated November 3, 2025 at 3:22 PM).

Mr. Hutchinson confirmed: "That's fine, thank you for the quick reply." (Email dated November 3, 2025 at 3:24 PM).

I agreed to the extension in good faith, believing defense counsel's explicit statement that he was "fine with keeping the deadlines as they are" and understanding this to mean Defendant would timely provide its settlement offer as promised.

## DEFENSE COUNSEL'S DECEPTIVE CONDUCT

On November 14, 2025—the same day the settlement offer was due and just ten days after obtaining the extension through his representations—Mr. Hutchinson filed a letter with this Court stating that Defendant "is not in a position to respond to plaintiff's demand at this time." This statement directly contradicts Mr. Hutchinson's November 3rd representation that keeping the settlement deadline was "fine." If Defendant was not in a position to make an offer on November 14th, then Defendant was certainly not in a position to make an offer on November 3rd when Mr. Hutchinson stated he was "fine with keeping the deadlines as they are."

The inescapable conclusion is that Mr. Hutchinson made a false representation to induce my consent to the extension. He knew or should have known on November 3rd that Defendant would not be providing a settlement offer by the November 14th deadline, yet he affirmatively represented that keeping that deadline was acceptable. This was a deliberate deception designed to obtain the extension he sought while providing me nothing in return.

## PREJUDICE TO PLAINTIFF

I suffered concrete prejudice from defense counsel's deception:

**1.** Lost Bargaining Position**:** I gave up my right to oppose the extension in exchange for Mr. Hutchinson's worthless promise to provide a timely settlement offer. Had I known Defendant had no intention of making an offer, I would not have consented to the extension.

**2.** <u>Delayed Amendment:</u> My Second Motion to Amend remains pending due to an extension I granted based on false representations. The delay prejudices my ability to timely prosecute my claims.

**3.** <u>Wasted Preparation:</u> I prepared a comprehensive settlement demand with detailed financial analysis, supporting documentation, and legal memoranda (served September 30, 2025) in reliance on Defendant's commitment to participate in good-faith settlement discussions. This extensive work was rendered futile by Defendant's refusal to engage.

**4.** <u>Undermined Judicial Process:</u> Defense counsel's conduct has poisoned the well for future settlement discussions and undermined the Court's ADR process.

PATTERN OF BAD FAITH CONDUCT

This deceptive conduct is part of a broader pattern of bad faith by defense counsel:

A. Complete Failure to Respond to Interrogatories

On October 9, 2025, I served Defendant with Plaintiff's First Set of Interrogatories containing twenty-five (25) interrogatories. The thirty-day response deadline expired on November 8, 2025. As of today—one week past the deadline—Defendant has provided ZERO responses to any interrogatory.

On October 21, 2025, defense counsel served "Defendant City of New York's Combined Objections and Responses to Plaintiff's 'OAG Discovery Demand' and 'CCRB Discovery Request,'" which addressed only document requests and completely ignored all twenty-five interrogatories.

On November 14, 2025, I sent a meet-and-confer letter pursuant to Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37.2, requesting that Defendant serve responses within seven days (by November 21, 2025). See Exhibit A (Meet and Confer Letter). To date, I have received no response.

B. Refusal to Provide Information About Policy Violations

My interrogatories seek fundamental information about Defendant's alleged misconduct, including:

- NYPD policies and procedures regarding enforcement of out-of-state protective orders

- Training of the specific officers involved in my arrests

- Prior complaints against those officers

- The factual and investigatory basis for my arrests

- NYPD's response to my multiple complaints about Ms. Evins

- Identification of witnesses, insurance coverage, and relevant documents

Defendant has stonewalled all discovery seeking evidence of departmental and agency procedure violations related to my fabricated arrests and malicious prosecution. This information is directly relevant to municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and Defendant's refusal to provide it suggests consciousness of wrongdoing.

C. Misrepresentation to Obtain Extension

As detailed above, defense counsel obtained a three-week extension through false representations about providing a settlement offer, then immediately informed the Court that no offer would be forthcoming.

This pattern of conduct—ignoring discovery obligations, refusing to provide information about policy violations, and making false representations to obtain procedural advantages— demonstrates that Defendant is not litigating this case in good faith.

DEFENDANT'S REFUSAL TO MEDIATE

Defendant's refusal to participate in Court-ordered mediation is particularly troubling given that:

1. Defendant Induced Extension Through Settlement Promise: Mr. Hutchinson obtained a three-week extension by representing that he could meet the settlement deadline, then immediately announced Defendant would not make an offer. Having obtained the extension through this deception, Defendant now refuses to engage in the settlement process altogether.

2. Defendant Has Not Responded to Plaintiff's Demand: I served a comprehensive settlement demand on September 30, 2025, including detailed financial damages analysis and supporting documentation. Defendant has not responded substantively to any aspect of this demand. Instead of engaging with the specific terms and amounts proposed, Defendant simply declares it will not participate.

3. Mediation Would Serve Judicial Economy: Given the serious nature of my civil rights claims—fabricated arrests, malicious prosecution, violation of out-of-state protective orders— and the extensive discovery disputes already emerging, mediation would serve the interests of judicial economy. Defendant's blanket refusal suggests an unwillingness to seriously evaluate the merits of its position.

4. <u>"Amenable to Settlement Conference" is Meaningless</u>: Defense counsel states Defendant is "amenable to attending a settlement conference with Your Honor" if I "reevaluate [my] settlement position." This is a non-offer. Defendant refuses to:

- Participate in mediation with a neutral third party

- Make any settlement offer of its own

- Respond substantively to my detailed demand

- Engage in meaningful settlement negotiations

Yet Defendant claims to be "amenable" to settlement—but only if I first capitulate by dramatically reducing my demand without any corresponding movement from Defendant. This is not good-faith negotiation; it is a demand for unilateral concession.

LEGAL STANDARD FOR SANCTIONS

Defense counsel's conduct violates multiple rules and standards:

A. Rule 11(b) - Representations to Court

Federal Rule of Civil Procedure 11(b) requires that by presenting a representation to the court, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law" and "the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2)-(3).

Mr. Hutchinson's representation that keeping the settlement deadline was "fine" was a factual contention made to obtain my consent to the extension. This representation had no evidentiary support because Defendant was not, in fact, in a position to provide a settlement offer by that deadline.

B. Rule 26(g) - Discovery Obligations

Rule 26(g)(1) requires that discovery requests and responses be signed by counsel, certifying that they are "consistent with these rules and warranted by existing law" and "not interposed for any improper purpose." Defendant's complete failure to respond to twenty-five interrogatories violates this rule.

C. Inherent Authority

"Courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). This authority includes the power to sanction bad faith conduct. Id. at 45-46.

The Second Circuit has held that "a court may impose sanctions under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).

Defense counsel's deliberate misrepresentation to obtain an extension, combined with complete failure to respond to discovery, constitutes bad faith warranting sanctions.

D. Local Civil Rule 1.3 - Cooperation Among Counsel

Local Civil Rule 1.3 provides that counsel "shall cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process." Defense counsel's deceptive conduct in obtaining an extension and complete failure to respond to discovery violates this obligation.

## REQUESTED RELIEF

I respectfully request that this Court:

1. Order Defendant to Show Cause why sanctions should not be imposed against defense counsel Jonathan Hutchinson personally for making false representations to Plaintiff to obtain a procedural advantage;

2. Vacate the Three-Week Extension granted for Defendant's response to Plaintiff's Second Motion to Amend, as it was obtained through fraud;

3. Order Defendant to Serve Settlement Offer Within Seven (7) Days, as originally promised by defense counsel;

4. Order Defendant to Serve Complete Responses to All Twenty-Five Interrogatories Within Seven (7) Days, as required by Fed. R. Civ. P. 33;

5. Award Monetary Sanctions against Defendant and defense counsel jointly and severally, including:

   a. Compensation for time and expense incurred in preparing settlement demand based on false promise of good-faith negotiations;

   b. Compensation for time and expense incurred in meet-and-confer efforts regarding unanswered interrogatories;

   c. Costs and attorney's fees (pro se reasonable value) incurred in bringing this matter to the Court's attention;

6. Refer Defense Counsel for Disciplinary Action to the appropriate attorney grievance committee for making false representations to opposing counsel and the Court;

7.  Order Defendant to Participate in Mediation, notwithstanding counsel's stated refusal, as Defendant's bad faith conduct has forfeited any discretion to decline ADR;

8.  Schedule an Early Settlement Conference before Your Honor to address Defendant's refusal to engage in good-faith settlement negotiations despite comprehensive demand with detailed financial analysis;

9.  Issue a Case Management Order establishing firm deadlines for all outstanding discovery responses and imposing automatic sanctions for future violations; and

10. Grant such other and further relief as this Court deems just and proper.

CONCLUSION

Defense counsel's conduct represents exactly the type of gamesmanship and deception that undermines the integrity of the judicial process. Mr. Hutchinson obtained a three-week extension by falsely representing that he could meet the settlement deadline, then immediately announced Defendant would not make an offer. He has completely ignored twenty-five interrogatories seeking basic information about Defendant's alleged constitutional violations. And now he refuses to participate in Court-ordered mediation while claiming to be "amenable" to settlement—but only if Plaintiff unilaterally capitulates.

This Court should not countenance such conduct. Defendant's bad faith has already prejudiced Plaintiff's ability to prosecute his claims and wasted substantial time and resources. Without meaningful sanctions, Defendant will continue to abuse the discovery process and settlement procedures to delay and obstruct this litigation.

I am a pro se litigant proceeding in good faith. I prepared a comprehensive settlement demand with detailed financial analysis. I sent a meet-and-confer letter attempting to resolve discovery disputes without court intervention. I agreed to an extension based on defense counsel's explicit representation that the settlement deadline could be met. I have done everything required of me to facilitate settlement and comply with discovery obligations.

Defendant, by contrast, has stonewalled discovery, made false representations, and refused to engage in meaningful settlement discussions despite a comprehensive demand that has been pending since September 30, 2025.

The Court should impose sanctions sufficient to deter this conduct and compensate Plaintiff for the prejudice suffered. Anything less would reward Defendant's bad faith and signal to litigants that deception and obstruction are permissible litigation tactics.

I respectfully request an opportunity for oral argument on this matter if the Court deems it appropriate.

Thank you for Your Honor's consideration.

Respectfully submitted,

*Clayton Howard*

Clayton Howard
Plaintiff Pro Se
24 Orchard Street
Carteret, NJ 07008
(929) 781-7791
itsclaytonhoward@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2025, I filed the foregoing via the Court's CM/ECF system, which will send notification of such filing to all registered counsel of record, including:

Jonathan Hutchinson, Senior Counsel

Corporation Counsel of the City of New York

Email: jhutchin@law.nyc.gov

*Clayton Howard*

Clayton Howard

Plaintiff Pro Se