
Clayton Howard
24 Orchard Street
Carteret, NJ 07008
(929) 781-7791
itsclaytonhoward@gmail.com

November 21, 2025

**VIA ECF**

Honorable Lara K. Eshkenazi
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  **Re:**   Clayton Howard v. City of New York, et al.
         Case No. 24-CV-8316 (KAM) (LKE)
         Request for Case Management Conference

Your Honor:

Plaintiff respectfully requests that the Court schedule a case management conference to establish firm discovery deadlines, clarify settlement procedures, and ensure the orderly progression of this civil rights action. This request follows the Court's November 19, 2025 denial of Plaintiff's letter [ECF No. 42] and seeks the Court's guidance in establishing procedural structure that will benefit both parties and facilitate efficient litigation.

### I. BACKGROUND AND PROCEDURAL POSTURE

A. Current Status of the Case

This civil rights action was filed on November 1, 2024, alleging false arrest, malicious prosecution, and violations of the Full Faith and Credit Clause arising from Plaintiff's arrests on February 15, 2022 and September 15, 2023. The following matters are currently pending:

1. Plaintiff's Second Motion to Amend Complaint (filed October 9, 2025)
   - Defendant's response extended to November 24, 2025

2. Discovery in progress:
   - Plaintiff's First Set of Interrogatories (25 interrogatories served October 9, 2025)
   - Original response deadline: November 8, 2025
   - Extended by Plaintiff to: January 9, 2026

3. Settlement discussions:
   - Plaintiff's settlement demand served September 30, 2025
   - Defendant declined to make counteroffer or participate in mediation on November 14, 2025
   - Defendant expressed willingness to attend settlement conference with the Court

B. Plaintiff's Good-Faith Efforts to Accommodate New Counsel

On November 3, 2025, defense counsel Jonathan Hutchinson requested a three-week extension for responding to Plaintiff's Second Motion to Amend, explaining that "this case is going to be transferred to another attorney in our office and she needs time to familiarize herself with the facts and the filings before responding."

Recognizing the legitimate need for new counsel to review the case file and become familiar with the proceedings, Plaintiff immediately agreed to the requested extension without objection. Plaintiff understood that attorney transitions require time and that new counsel should have a reasonable opportunity to assess the case before responding to pending motions.

Additionally, in the spirit of cooperation and to further assist new counsel's transition, Plaintiff took the initiative to extend the deadline for Defendant's responses to Plaintiff's First Set of Interrogatories. Although those responses were due November 8, 2025, Plaintiff voluntarily extended the deadline to January 9, 2026—giving new counsel a full two months to review the case, consult with her client and witnesses, and prepare complete responses. Plaintiff provided this extension without requiring any reciprocal concession and without filing a motion to compel when the original November 8th deadline passed.

Plaintiff believed this accommodation would facilitate professional cooperation between counsel and allow new defense counsel to take ownership of the case with adequate time for preparation. Plaintiff has fully complied with all discovery deadlines, served comprehensive settlement demands with detailed supporting documentation, and attempted to meet and confer on disputed issues before seeking court intervention.

C. Current Procedural Posture

Despite Plaintiff's good-faith accommodations, several procedural issues now require the Court's guidance:

1. Discovery Timeline: With the interrogatory deadline now extended to January 9, 2026, and no other firm discovery deadlines established, the case lacks structure for progressing efficiently through discovery.
2. Settlement Procedures: On November 14, 2025, defense counsel filed a letter stating that Defendant "does not consent to Court ordered mediation" and is "not in a position to respond to plaintiff's demand at this time," while expressing willingness to attend "a settlement conference with Your Honor" if Plaintiff would "reevaluate [his] settlement position." This response created uncertainty about whether mediation is required, what settlement procedures apply, and what the Court expects from the parties.
3. Case Management Structure: The case currently operates without a comprehensive case management order establishing deadlines for discovery completion, dispositive motions, and trial preparation.
4. Need for Court Guidance: On November 15, 2025, Plaintiff filed a letter [ECF No. 42] requesting the Court's assistance with these procedural issues. The Court denied that request on November 19, 2025. Plaintiff fully accepts that ruling and does not seek to re-litigate those issues. However, the underlying need for case management structure remains, and Plaintiff now seeks the Court's guidance through the proper vehicle—a case management conference.

D. Court's Assistance Needed for Pro Se Litigant

As a pro se litigant proceeding without the benefit of legal counsel, Plaintiff respectfully requests the Court's assistance in establishing structure and procedures for this case. While

Plaintiff has diligently studied the Federal Rules of Civil Procedure and Local Rules, and has made every effort to comply with procedural requirements, the lack of formal case management creates challenges:

5. <u>Uncertainty About Procedures</u>**:** Without clear court guidance on settlement procedures (mediation vs. settlement conference, required vs. voluntary participation), Plaintiff struggles to understand what steps are expected and how to proceed appropriately.
6. <u>Difficulty Planning Without Firm Deadlines</u>**:** The absence of court-established discovery cutoff dates, motion deadlines, and trial timeline makes it difficult for Plaintiff to plan his litigation strategy and allocate time efficiently to this matter while managing other life responsibilities.
7. <u>Risk of Procedural Missteps</u>**:** Without explicit case management structure, Plaintiff risks making procedural errors or bringing matters to the Court's attention prematurely (as evidenced by the Court's denial of Plaintiff's November 15th letter).
8. <u>Need for Equal Footing</u>**:** Defendant is represented by experienced attorneys from the New York City Law Department who are intimately familiar with this Court's procedures and expectations. Plaintiff, proceeding pro se, lacks this institutional knowledge and would benefit from explicit court orders establishing procedures that both parties must follow.

Federal courts have recognized their obligation to provide reasonable assistance to pro se litigants. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (noting district court's duty to ensure pro se litigants receive meaningful access to courts).

Plaintiff is not seeking special treatment or advantage—merely clear procedures and deadlines that will allow him to litigate this case competently and efficiently. A case management conference would provide this structure and ensure that both parties operate under the same clear expectations.

E. Benefits of Case Management Conference for New Defense Counsel

Importantly, a case management conference at this juncture would also serve the interests of Defendant's new counsel. The conference would provide new counsel with the opportunity to:

9. <u>Establish Fresh Timeline</u>**:** Rather than being bound by deadlines or commitments made by prior counsel who may not have anticipated the attorney transition, new counsel can work with the Court to establish realistic deadlines that account for her need to familiarize herself with the case.
10. <u>Set Discovery Schedule</u>**:** New counsel can propose a discovery schedule that allows her adequate time to consult with witnesses, review files, and prepare thorough discovery responses while ensuring the case progresses efficiently.
11. <u>Clarify Settlement Posture</u>**:** After reviewing the case, new counsel can articulate Defendant's settlement position clearly and work with the Court to establish appropriate ADR procedures (mediation, settlement conference, or both).
12. <u>Address Case Management Needs</u>**:** New counsel may have different case management preferences than prior counsel, and the conference provides an

opportunity to establish procedures that work for her practice and approach to the case.
            13. <u>Build Professional Working Relationship</u>**:** The conference would allow Plaintiff and new defense counsel to begin their professional relationship under the Court's guidance, with clear expectations established from the outset.

Rather than inheriting unclear or disputed commitments from prior counsel, new defense counsel would have the opportunity to participate in establishing case management procedures that she finds workable and appropriate. This serves the interests of both parties and the efficient administration of justice.

## II. ISSUES REQUIRING RESOLUTION AT CASE MANAGEMENT CONFERENCE

A. Discovery Schedule and Deadlines

The case currently lacks a comprehensive discovery schedule with firm deadlines. Plaintiff respectfully requests that the Court establish:

    14. Discovery Schedule Accounting for Plaintiff's Accommodation of New Counsel Plaintiff served Defendant with 25 interrogatories on October 9, 2025, with responses originally due November 8, 2025. When Plaintiff learned that new counsel would be taking over the case and needed time to familiarize herself with the facts and filings, Plaintiff took the initiative to voluntarily extend the interrogatory response deadline to January 9, 2026—providing new counsel with a full two-month period to review the case and prepare thorough responses.

Plaintiff provided this extension in good faith, without requiring court intervention or reciprocal concessions, and without filing a motion to compel when the original deadline passed. Plaintiff believed this accommodation would facilitate professional cooperation and allow new counsel adequate time to assume responsibility for the case.

These interrogatories seek fundamental information essential to Plaintiff's claims, including:
- NYPD policies and procedures regarding enforcement of out-of-state protective orders (Interrogatories 1-5)
- Training received by the specific officers who arrested Plaintiff (Interrogatories 6-9)
- Prior complaints and disciplinary history of those officers (Interrogatories 10-12)
- The factual and investigatory basis for Plaintiff's arrests on February 15, 2022 and September 15, 2023 (Interrogatories 13-18)
- NYPD's response to Plaintiff's complaints about Francyna Evins (Interrogatories 19-21)
- Identification of witnesses and documents (Interrogatories 22-24)
- Insurance coverage information (Interrogatory 25)

This information is directly relevant to establishing municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and cannot be obtained from other sources.

<u>Requested Relief</u>**:** The Court confirm the January 9, 2026 deadline for Defendant's responses to Plaintiff's First Set of Interrogatories as part of a comprehensive discovery schedule, and establish subsequent deadlines for additional discovery including document production, depositions, and expert disclosures if applicable.

15. Discovery Cutoff Dates

The case needs structured deadlines for:
- Completion of fact discovery
- Expert witness disclosures (if applicable)
- Completion of expert discovery
- Deadline for filing dispositive motions

<u>Requested Relief</u>**:** The Court establish a comprehensive discovery schedule with specific cutoff dates for each phase of discovery, building from the January 9, 2026 interrogatory response deadline.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court schedule a case management conference to establish the procedural framework necessary for efficient and fair litigation of this civil rights action.

This request is made in the spirit of seeking the Court's guidance and assistance rather than complaining about opposing counsel's conduct. Plaintiff has demonstrated his commitment to procedural compliance by:

- Agreeing to extensions requested by defense counsel without objection
- Voluntarily extending discovery deadlines to accommodate new counsel's transition (interrogatory responses now due January 9, 2026)
- Timely serving all pleadings, motions, and discovery
- Attempting to meet and confer before seeking court intervention
- Accepting the Court's November 19th ruling and seeking guidance through proper channels

As a pro se litigant, Plaintiff would greatly benefit from the Court's assistance in establishing:

- A clear discovery schedule building on the January 9th interrogatory deadline
- Explicit settlement procedures (mediation vs. settlement conference, timing, expectations)
- A comprehensive case timeline with firm deadlines for motions and trial preparation
- Procedures for bringing disputes to the Court's attention appropriately

Importantly, a case management conference would also serve the interests of Defendant's new counsel by providing her the opportunity to:

- Establish a fresh timeline not bound by prior counsel's commitments
- Propose realistic deadlines accounting for her need to review the case
- Clarify settlement posture after assessing the matter
- Build a professional working relationship with Plaintiff under the Court's guidance

Such a conference serves judicial economy by:

- Reducing future motion practice on procedural issues
- Establishing clear expectations for both parties
- Facilitating efficient progression toward either settlement or trial
- Fulfilling the Court's role in assisting pro se litigants while maintaining neutrality

Plaintiff is available for a conference at any time convenient to the Court and is willing to meet and confer with defense counsel beforehand to narrow issues if the Court prefers.

Plaintiff respectfully submits that a case management conference at this juncture—with new counsel taking over the case and discovery about to begin in earnest following the January 9th deadline—would establish the foundation for efficient, professional, and fair litigation going forward.

Thank you for Your Honor's consideration and guidance.

                                                      Respectfully submitted,

                                                      */s/ Clayton Howard*
                                                      Clayton Howard
                                                      Plaintiff Pro Se
                                                      24 Orchard Street
                                                      Carteret, NJ 07008
                                                      (929) 781-7791
                                                      itsclaytonhoward@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I filed the foregoing via the Court's CM/ECF system, which will send notification of such filing to all registered counsel of record, including:

Anumeha Tanya, Senior Counsel
Corporation Counsel of the City of New York
Email: atanya@law.nyc.gov

*/s/ Clayton Howard*
Clayton Howard
Plaintiff Pro Se