

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-3545
atanya@law.nyc.gov

December 5, 2025

**VIA ECF**
Honorable Lara K. Eshkenazi
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Clayton Howard v. City of New York, *et al.*,
             24-CV-8316 (KAM) (LKE)

Your Honor:

      I am a Senior Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("defendant") in the above-referenced matter. Defendant writes in opposition to plaintiff's October 23, 2025 second request for leave to amend his complaint. For the reasons set forth herein, leave to amend should be denied.

**I. Relevant Procedural History and Applicable Legal Standards.**

      On December 3, 2024, plaintiff brought this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, violations of his Fourth and Fourteenth Amendment rights and state law claims for intentional infliction of emotional distress and violation of a municipal civil rights statute arising from two separate arrests on May 16, 2023 and November 17, 2023. *See* ECF No. 1. Plaintiff names the City of New York, New York City Police Department, and John and Jane Does 1-10 as defendants. *Id.* On May 23, 2025, the Court terminated defendant New York City Police Department, on plaintiff's motion. *See* ECF No. 12. On May 23, 2025, defendant answered the complaint. *See* ECF No. 10. During the September 3, 2025 initial conference, plaintiff represented that he intended to proceed *pro se*. *See* ECF Docket Entry dated September 3, 2025.

      The Case Management Plan set a deadline of October 3, 2025 to add new parties and/or amend the pleadings. *See* ECF No. 15 at (C)(1) and (2). On September 25, 2025, plaintiff filed a

motion for leave to file first amended complaint, with a proposed amended complaint attached as Exhibit 2. *See* ECF No. 17. On September 30, 2025, plaintiff subsequently filed a letter "in support of his first amended complaint," with an "Updated First Amended Complaint" attached. *See* ECF No. 19, 19-1. On October 10, 2025, defendant filed its opposition to plaintiff's motion for leave to file his first amended complaint. *See* E.C.F. No. 20. Even though the Court has not yet ruled on plaintiff's first motion to amend, on October 23, 2025, plaintiff filed yet another motion for leave to amend. *See* E.C.F. No. 25.[1]

**II.     Leave to Amend Should Be Denied Since it is Futile.**

Where a party has previously amended his pleading, he "may amend . . . only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court."*Foman v. Davis*, 371 U.S. 178, 182 (1962). Although Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely given when justice so requires," motions to amend pursuant to Fed. R. Civ. P. 15(a)(2), "[n]onetheless, a motion to amend should be denied" if the amendment would be futile, cause undue delay, or cause undue prejudice. *Dluhos v. Floating and Abandoned Vessel Known as "New York",* 162 F.3d 63, 69 (2d Cir. 1998) (emphasis provided) (denying a pro se plaintiff's motion to amend the complaint on futility grounds even though the Court held that "a pro se litigant in particular 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'") (citations omitted).

"It is well settled in this Circuit that the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Jones v. Parmley,* 714 F. App'x 42, 46 (2d Cir. 2017) (summary order) (*quoting Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). To establish § 1983 liability against a particular defendant, a plaintiff must plead that the individual defendant was personally involved in the alleged deprivation of rights. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). "[C]omplaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Johnson v. City of New York*, 2017 U.S. Dist. LEXIS 81359, at *26 (S.D.N.Y.). "[P]laintiff cannot simply lump defendants together for pleading purposes." *Josie v. City of New York*, 2023 U.S. Dist. LEXIS 95687, *11–12 (E.D.N.Y. Jun. 1, 2023).

Police have probable cause to arrest if they receive "'information from some person, normally the putative victim or eyewitness' . . . unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)); *McLaurin v. New Rochelle Police Officers*, 379 F. Supp. 2d 475, 477-78 (S.D.N.Y. 2005). Additionally, because probable cause depends on the knowledge of the arresting officers, the existence of probable cause cannot be determined without knowing which specific officers are being accused of false arrest. *See, e.g., Jaegly v. Couch*, 439

---

[1] In connection with this second request, Plaintiff filed a Notice of Motion, a Proposed Order, an Affidavit and a Memorandum of Law with his purported Second Motion for Leave to File An Amended Complaint. Plaintiff did not file a proposed second amended complaint. In addition, plaintiff's Affidavit references Exhibits A and B, but these also have not been filed on the docket.

F.3d 149, 153 (2d Cir. 2006) ("the probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004))).

At the outset, although plaintiff seeks to add additional police officer defendants, he does not even allege, as he must, how these individuals were personally involved in a violation of his constitutional rights. Furthermore, although the affidavit filed in connection with his motion alleges that three (3) individual police officers allegedly harmed him, *see* Pl. Aff. ¶ 13, plaintiff does not attribute any specific conduct to any of these individuals. Plaintiff uses only generalized statements alleging that the defendant officers "participated in processing Ms. Smith's false reports without investigation, refusing to accept his counter-complaints and contributing to his unlawful arrests." *Id*. These overbroad and non-specific allegations do not sufficiently allege personal involvement on the part of any individual defendant as required to maintain a Section 1983 claim.

Leave to amend should also be denied as futile because there probable cause to arrest plaintiff. In his affidavit, plaintiff claims that the newly named defendants "participated in processing Ms. Smith's false reports." *See* Pl. Aff. ¶ 13. However, these claims are subject to dismissal since by plaintiff's own admission – Ms. Smith had filed these domestic incident reports with the NYPD and the purported actions of these officers were based on allegations by a complaining witness that plaintiff had committed a crime. Even assuming *arguendo*, that Detectives Christer Robley, Green and Baca were officers tasked with processing the complaining witnesses' purported false reports, that, in and of itself, does not rise to the level of a constitutional violation.

Plaintiff also repeatedly alleges that law enforcement agencies declined to make arrests or enforce restraining orders and his proposed amendments pertain to those types of "failure to investigate" claims. *See* Pl. Aff. ¶12 . However, there is no cognizable constitutional claim for the failure of law enforcement to take an action requested by the plaintiff. *See, e.g., Rivera v. Unknown at NYCPD,* No. 23-CV-9530 (LTS), 2024 U.S. Dist. LEXIS 124439, at *6-7 (S.D.N.Y. July 8, 2024) ("[T]here is no right to a government investigation or to override the discretion of police and prosecutors in making decision as to whether to arrest or prosecute suspects."). As such, an amendment which adds any such claim is futile.

**III. The Court Should Deny Plaintiff's Proposed Amendments Given the Undue Delay and Prejudice.**

"The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." *Cresswell v. Sullivan and Cromwell*, 922 F.2d 60, 72 (2d. Cir. 1990). Courts have recognized that prejudice may well be the most important consideration when deciding a motion to amend." *Zhang v. Wen Mei, Inc*., 2016 U.S. Dist. LEXIS 176784, at *29-30 (E.D.N.Y. Dec. 21, 2016) (quoting *Lin v. Toyo Food, Inc*., No. 12-CV-7392, 2016 U.S. Dist. LEXIS 114766, at *2 (S.D.N.Y. Aug. 26, 2016).

Plaintiff provides no explanation let alone a satisfactory one for his delay in seeking to add these additional defendants to this action. In addition, defendant would be prejudice by this belated amendment as it is well past the deadline set forth in this Court's scheduling order for amended pleadings. *See* ECF ¶ 15.

**IV.     Conclusion**

Accordingly, plaintiff's second motion to amend the complaint should be denied as the claims are futile and defendant will be prejudiced by the belated amendment.

I thank the Court for its time and consideration.

Respectfully submitted,

/s/ *Anumeha Tanya*

Anumeha Tanya
*Senior Counsel*

cc:    **VIA ECF and Email**
Clayton Howard
Plaintiff *Pro Se*