UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

CLAYTON HOWARD,

    *Plaintiff*,

v.

CITY OF NEW YORK, et al.,

    *Defendants*,

------------------------------------------------------x

Case No. 24-8316 (LKE)

SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

*** Filed ***
03:33 PM, 03 Feb, 2026
U.S.D.C., Eastern District of New York

TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT

II.    PROCEDURAL POSTURE

III.    NEWLY DISCOVERED EVIDENCE

    A. Continuing False Reports by Smith and Evins

    B. Detective Quirk's Fraudulent Conduct

    C. Interstate Wire Fraud and Cyberstalking

    D. Refusal to Enforce Valid Protective Orders

    E. RICO Enterprise Evidence

    F. Defendants' Failure to Respond to Discovery

IV.    LEGAL STANDARD

V.    ARGUMENT

    A. Good Cause Under Rule 16

    B. Liberal Amendment Under Rule 15

    C. RICO Claims Are Adequately Pleaded

    D. Monell Claims Are Strengthened

    E. Due Process Violations by Detective Quirk

    F. VAWA Violations Established

    G. No Undue Prejudice to Defendants

VI.    CONCLUSION

## I. PRELIMINARY STATEMENT

Plaintiff Clayton Howard respectfully submits this Supplemental Memorandum in further support of his pending Motion for Leave to Amend and Supplement Complaint (Dkt. 25, filed October 23, 2025), scheduled for hearing on February 14, 2026. Since filing that motion, Plaintiff has discovered substantial additional evidence through independent investigation establishing: (1) a RICO enterprise engaged in racketeering activity; (2) systematic VAWA violations through gender-based discriminatory enforcement; (3) fraudulent conduct by Detective Joseph Quirk and Francyna Evins; (4) ongoing interstate wire fraud and cyberstalking by Dimonic Smith and Francyna Evins; and (5) continuing failures to enforce valid protective orders against female perpetrators.

Critically, Plaintiff obtained this evidence entirely through his own efforts—independent investigation, third-party investigators, forensic analysis, and court filings—because Defendants City of New York have failed and refused to respond to Plaintiff's properly served interrogatories and document requests for over three months.

Rather than burden this Court with successive motions, Plaintiff requests leave to substitute the revised proposed Second Amended and Supplemental Complaint. The revised complaint includes particularized allegations regarding each defendant's conduct, adds RICO claims, incorporates VAWA violations, includes state fraud claims, and addresses continuing constitutional violations.

## II. PROCEDURAL POSTURE

This action was filed December 4, 2024. The scheduling order entered August 29, 2025, set October 3, 2025, as the amendment deadline. Plaintiff timely filed a motion to amend on October 2, 2025. That motion remains pending.

Between October 23, 2025, and February 3, 2026, Plaintiff obtained critical evidence through independent efforts: (1) December 10, 2025: Forensic documentation of Smith's 17+ fraudulent Facebook accounts; (2) January 8, 2026: Five additional false police reports by Smith and Evins; (3) January 29, 2026: Materials revealing coordination constituting a RICO enterprise; (4)

Ongoing investigation revealing Detective Quirk's jurisdictional fraud and Detective DePalma's defiance of prosecutorial direction, (5) Evins misrepresentation of 3rd party NYS transcripts to defame the Plaintiff as a "diagnosis schizophrenic" which have used to discredit the Plaintiff with investigators within NYC and New Jersey, and (6) Evins fabrication of photographic evidence which was submitted to ACS and DCP&P to avoid accountability for allegations of child abuse of the Plaintiffs daughter.

Defendants City of New York have failed to respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, both served November 1, 2025. Despite three months passing and Plaintiff's meet-and-confer efforts, Defendants have provided no responses, no objections, and no explanation.

### III. NEWLY DISCOVERED EVIDENCE AND ONGOING VIOLATIONS

A. Continuing False Reports by Smith and Evins

Since September 11, 2025, Smith and Evins filed five additional demonstrably false reports: (1) September 11: Smith fabricated allegations to obtain a protective order —Plaintiff's location data proves he was in New Jersey; (2) November 18: Smith alleged harassment—phone records show no contact; (3) November 14: Evins presents fabricated photographic evidence submitted to ACS of NYC seeking to avoid accountability for child abuse of Plaintiff daughter- multiple witness and contradict the photo's authenticity; (4) Smith 5: Evins alleged stalking—surveillance footage proves Plaintiff was never present; (5) January 14: Smith alleged threatening texts—forensic analysis proves no messages were sent.

All conduct despite extensive evidence that supports Evins and Smiths false reports and fabrications continue without investigation despite Plaintiff's October 18, 2025 letter documenting Smith's admissions. Plaintiff has made multiple attempts to defense counsel which has gone ignored. This demonstrates ongoing RICO activity, deliberate indifference, and continued constitutional deprivations.

B. Detective Quirk's Fraudulent Conduct

Through independent investigation and F.O.I.L Request, Plaintiff discovered Detective Quirk used complaints from the 123rd Precinct (outside his jurisdiction) to fabricate charges in the 120th Precinct. Quirk processed stale complaints (over 14 months old) without investigation or corroboration.

Most egregiously, Plaintiff's review of City of New York's initial discovery revealed ADA Gabrielle Giovannuzzo's on November 16, 2023 explicitly directed Detective DePalma *not to arrest* Plaintiff due to insufficient probable cause. Despite this directive, DePalma arrested Plaintiff on November 17, 2023. This establishes: (1) fabrication of probable cause; (2) arrest violating Fourth Amendment; (3) due process violations; (4) retaliatory animus.

The arrest occurred 12 days after Plaintiff obtained a restraining order against Smith on May 6, 2023, establishing retaliatory motive. Hartman v. Moore, 547 U.S. 250, 256 (2006).

C. Interstate Wire Fraud and Cyberstalking

Forensic analysis by Plaintiff revealed Smith created 17+ fraudulent Facebook accounts since March 2023 to cyberstalk Plaintiff, including: impersonation accounts using Plaintiff's friends and family identity; accounts posting defamatory content; accounts contacting business clients with false allegations; accounts monitoring Plaintiff's communications.

This violates: (1) 18 U.S.C. § 1343 (wire fraud via interstate communications); (2) 18 U.S.C. § 2261A (interstate stalking); (3) 18 U.S.C. § 1030 (computer fraud). Each account creation constitutes a RICO predicate act. IP records, metadata, and linguistic forensics confirm Smith as the operator.

Plaintiff reported this to defense counsel on multiple occasions since October 11, 2025, with forensic evidence. Counsel has refused to investigate, making multiple false representations that matter would be investigated, only to fail to reply and ignore Plaintiff's continued inquiries. Plaintiff holds valid restraining orders against both Evins and Smith, and the conduct constituting federal crimes.

D. Systematic Refusal to Enforce Valid Protective Orders

Plaintiff holds Final Restraining Orders against Smith (May 6, 2023) and Evins (May 11, 2022, December 1, 2022), both enforceable nationwide under 18 U.S.C. § 2265. Through meticulous documentation, Plaintiff has reported 23 violations since May 2023. The NYPD investigated zero.

Responding officers repeatedly: refused to file reports; decline to prosecute despite probable cause; suggested Plaintiff "ignore them"; falsely stated they cannot enforce New Jersey orders; failed to arrest despite mandatory provisions and admission of guilt by defendants.

Through direct observation and witness interviews, Plaintiff documented at least 12 instances where female protective order holders received immediate enforcement at the same precincts

refusing Plaintiff's requests. This establishes gender-based discrimination violating VAWA (34 U.S.C. § 12291(b)(13)) and Equal Protection.

E. RICO Enterprise Evidence

Analysis reveals an association-in-fact enterprise: Smith and Evins (initiating false reports), Detectives Quirk, Depalma, Levy, Robley, Green, and Baca (processing without investigation, fabricating probable cause, deleting counter-complaints), Assistant District Attorneys Giovinazzio and Albanese committing Brady violations and denying equal protection. Common purpose: deprive Plaintiff of constitutional rights through false arrests and discriminatory enforcement.

Pattern of racketeering: 13+ predicate acts over three years including mail fraud (11 false reports mailed), wire fraud (17 fraudulent accounts, transmission of fabricated evidence to state agencies, defamatory communications), obstruction of justice (deletion of counter-complaints, fabrication of probable cause), interstate stalking (systematic cyberstalking).

Continuity established through closed period (October 2022-January 2026) and threat of future activity (Smith filed most recent false report in January 2026, Evins continues to promote 3rd party court transcripts fabricating mental health allegations against Plaintiff). Injury to business or property: $628,500 in documented economic damages.

F. Defendants' Failure to Respond to Discovery

On November 1, 2025, Plaintiff served 25 interrogatories and 25 document requests seeking: NYPD policies on protective order enforcement; training materials; statistical data by gender; internal communications; personnel files; all Smith/Evins complaints; counter-complaint documentation.

Responses were due December 1, 2025. As of February 3, 2026, Defendants have provided: no responses, no objections, no communication, no explanation. Plaintiff made good-faith efforts via letters December 5, December 20, and January 15. Defense counsel has agreed to provide by 3rd week of February but considering continue delays and stall tactics Plaintiff believes production is unlikely.

This forced Plaintiff to: retain digital forensics assistance ($8,500); attempt third-party subpoenas ($1,200); conduct witness interviews ($1850); higher process servers ($600)—total $12,150 plus 150+ hours. Had Defendants responded, much evidence would have been produced through routine discovery, potentially before the amendment deadline.

Defendants cannot claim prejudice when they refused to produce evidence Plaintiff obtained independently. *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.5 (2d Cir. 1987).

## IV. LEGAL STANDARD

Good cause under Rule 16(b)(4) depends on "the moving party's diligence in attempting to meet the order's requirements." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Good cause exists where evidence was unavailable before the deadline, movant acted diligently, and amendment serves judicial efficiency.

Rule 15(a)(2) instructs "leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment should be denied only for undue delay, bad faith, repeated failure to cure, undue prejudice, or futility. "Cases should be tried on their merits rather than the technicalities of pleadings." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Rule 15(d) permits supplemental pleadings for events occurring after the original pleading. Courts freely grant such leave where ongoing violations continue. *Planned Parenthood v. Atty. Gen.*, 297 F.3d 253, 260 (2d Cir. 2002).

## V. ARGUMENT

A. Good Cause Exists Under Rule 16

1. Evidence Unavailable Before Deadline

Quirk Evidence: Obtained through F.O.I.L. Request August-September 2025, received to close to the October 3 deadline. The ADA's directives from internal communications were uniquely within Defendants' control, which was provided in mid September 2025 within initial discovery. "Discovery of facts supporting new claims can constitute good cause." *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010).

Cyberstalking Evidence: Full scope revealed December 2025 through expert forensics at Plaintiff's expense. Evins fabricated photo evidence was not provided to the Plaintiff until November 2025. While harassment was known, the systematic 17-account, and wire fraud enterprise establishing RICO pattern required technical analysis. *Perfect Pearl Co. v. Majestic Pearl*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012).

Discriminatory Enforcement: Documented through Plaintiff's meticulous record-keeping accumulated over months following the deadline. This statistical evidence is critical to Monell custom-or-policy liability and VAWA violations.

2. Ongoing Violations Justify Supplementation

Five false reports and petitions filed September 2025-January 2026 constitute continuing violations under Rule 15(d). Each report is an additional RICO predicate act demonstrating pattern continuity. *H.J. Inc. v. Northwestern Bell*, 492 U.S. 229, 242 (1989). The NYPD's and City of New York processing of these reports after receiving multiple notices regarding both Evins and Smith transforms negligence into deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 61-62 (2011).

3. Exceptional Diligence Despite Discovery Obstruction

Plaintiff's timeline: served discovery interrogatives before end of October; when Defendants failed to respond, conducted independent investigation November-January; retained expert at $8,500 cost; attempted third-party subpoenas (Uber and Lyft); reviewed ADA internal communication; finalized analysis by late January; filed this motion February 3. From final evidence to motion: less than one month, while operating a business pro se.

Courts have found good cause on substantially longer delays. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (five-month delay did not defeat good cause). Plaintiff's prompt action upon obtaining evidence through extraordinary independent efforts exceeds the diligence standard.

Critically, Plaintiff invested $12,150 and 150+ hours to uncover evidence Defendants possess and should have produced. Defendants cannot simultaneously refuse discovery and claim prejudice when Plaintiff obtains evidence independently. This factor strongly supports good cause.

B. Rule 15's Liberal Standard Is Satisfied

1. No Undue Delay

Every day of delay is explained by timing of independent discovery. Evidence obtained November-January, expert analysis, and ongoing documentation. Delay "is not 'undue' when the basis is newly discovered evidence." *Monahan*, 214 F.3d at 283. Case filed December 2024, discovery ongoing, no party depositions, trial late 2026—case remains in early stages.

2. No Bad Faith

Plaintiff: filed first amendment one day before deadline; immediately served discovery interrogatives before November 1; conducted independent investigation when Defendants stonewalled; made three meet-and-confer attempts; retained experts at personal expense; filed within weeks of obtaining final evidence. "A desire to make the pleading complete is the antithesis of bad faith." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). If anyone acted in bad faith, it is Defendants who ignored discovery for three months.

### 3. Claims Are Not Futile

RICO: Enterprise (Smith/Evins/NYPD detectives, NYPD Officers, Assistant District Attorney's), pattern (13+ predicate acts over 3 years), predicate acts (mail/wire fraud, obstruction, stalking), injury ($628,500 documented damages). All elements pleaded with Rule 9(b) particularity.

VAWA: Gender-based discrimination in protective order enforcement by federal grant recipient. Documentary evidence shows disparate treatment.

Monell: Pattern of violations, notice through multiple inquiry letters, continued processing demonstrates deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

Due Process (Quirk): Fabrication using jurisdictionally improper complaints, (DePalma) arrest defying prosecutorial directive, temporal proximity to Plaintiff obtaining FRO establishes retaliation. *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997).

State Fraud: False reports with knowledge (admitted), intent (to cause arrest), reliance (NYPD's acceptance), damages (documented). All elements satisfied.

### 4. No Undue Prejudice

Same core facts: false reports by Smith/Evins, NYPD processing without investigation, May 16, 18, and November 17, 2023 detention(s), refusal to enforce Plaintiff's orders, gender-based discrimination. Amendments add: Quirk's role (specific evidence), DePalma's role (specific evidence), Evins and Smith's role (specific evidence), RICO theory (applied to existing facts), statistical proof (gathered by Plaintiff), continuing violations (unavailable earlier), state fraud (parallel to federal claims).

Discovery ongoing, no depositions, trial nine months away. Evidence already in Defendants' possession but not produced. "The adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial." *United States v. Continental Ill. Nat'l Bank*, 889 F.2d 1248, 1255 (2d Cir. 1989).

Defendants cannot claim prejudice from their own obstruction. Had they responded to discovery, they would have produced this evidence months ago, potentially before the deadline. Their stonewalling cannot be weaponized to prevent amendment.

5. Judicial Efficiency Favors Comprehensive Amendment

Denying amendment requires: separate RICO lawsuit, separate VAWA lawsuit, separate § 1983 suit against Quirk, DePalma, Giovinazzio, separate conspiracy suit against Smith/Evins, separate fraud claims. Result: multiple cases, duplicative discovery, inconsistent verdicts, wasted resources, increased costs for pro se Plaintiff.

"Judicial economy weighs heavily in favor of permitting amendments resulting in disposition of the entire controversy in a single action." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002).

C. RICO Claims Are Adequately Pleaded

Enterprise: Association-in-fact of Smith, Evins, Detectives Quirk, Levy, DePalma, Robley, Green, Baca. Common purpose: deprive Plaintiff of rights through false arrests and discriminatory enforcement. Structure: Smith/Evins initiate false reports; NYPD processes without investigation, fabricates probable cause, arrests Plaintiff, Assistant District Attorney's without exculpatory discovery (Brady Violations), Executive's refuse to Prosecute (protection of state actors from accountability). Operating continuously October 2022-January 2026. *Boyle v. United States*, 556 U.S. 938, 948 (2009).

Pattern: 13+ predicate acts demonstrating relationship and continuity. Mail fraud: 11 false reports mailed. Wire fraud: 17 fraudulent Facebook accounts, defamatory communications, cyberstalking. Obstruction: deletion of counter-complaints, fabrication of probable cause. Interstate stalking: systematic harassment using interstate facilities.

Relationship: Common victim, perpetrators, purpose, methodology, result. *United States v. Indelicato*, 865 F.2d 1370, 1382 (2d Cir. 1989). Continuity: Three-year closed period plus ongoing threat (most recent report January 24, 2026). *H.J. Inc.*, 492 U.S. at 242.

Rule 9(b) Particularity: Who (specific individuals), What (specific false statements with proof), When (specific dates), Where (specific locations), How (detailed methodology). *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986).

Injury: Lost contracts and opportunites $387,450, legal fees $43,200, lost wages $42,800, reputational damage $155,000—total $628,500 documented. Proximate causation: but for false reports, no arrest or damages. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495-96 (1985).

D. Monell Claims Are Strengthened

Pattern Evidence: Plaintiff documented 23 reports of violations with zero enforcement. Simultaneously observed 12+ instances of immediate enforcement for female complainants at same precincts. This establishes systematic discriminatory enforcement—not isolated misconduct.

Notice and Deliberate Indifference: beginning in October 2025, multiple letters were provided which detailed notice including Smith's recorded admissions. Despite notice, NYPD processed five subsequent false reports without investigation, and Defense counsel for City of New York has taken no action. "Where a plaintiff presents evidence the municipality knew of a pattern and failed to act, deliberate indifference may be inferred." *Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995).

Failure to Train: NYPD failed to train on recognizing false reporting patterns, screening repeat complainants, enforcing orders regardless of gender, applying federal Full Faith and Credit requirements. This failure is "so likely to result in constitutional violations" that inaction constitutes deliberate indifference. *City of Canton*, 489 U.S. at 390.

E. Due Process Violations by Detective Quirk, DePalma, Levy, and Giovinazzio

Fabrication: Using complaints from 123rd Precinct (outside jurisdiction) to manufacture charges in 120th Precinct constitutes fabrication. *Ricciuti*, 124 F.3d at 130. Complaints were over 14 months stale, bypassing 30-day protocols requiring investigation.

Defiance of Prosecutor: ADA Giovannuzzo's November 16 communication explicitly directed DePalma not to arrest due to insufficient probable cause. Depalma arrested Plaintiff November 17 anyway. An officer who arrests defying prosecutorial direction circumvents essential oversight and violates due process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). No qualified immunity shields arresting someone the prosecutor said not to arrest. *Lennon v. Miller*, 66 F.3d 416, 426 (2d Cir. 1995).

Retaliation: Icard issued for Plaintiff's arrest six (6) days after Plaintiff obtained FRO against Evins. Temporal proximity supports retaliatory inference. *Gorman-Bakos v. Cornell Coop. Extension*, 252 F.3d 545, 554 (2d Cir. 2001). Protected activity (obtaining FRO), adverse action

(arrest), causal connection (timing), constitutional harm (chilling Petition Clause rights). *Hartman*, 547 U.S. at 259.

Brady Violations: Assistant District Attorney Gabrielle Giovinazzio withheld New Jersey Transcripts verifying Evins allegations occurred and were prosecuted within the State of New Jersey prior to the Plaintiff's May 16, 2023 arrest. Despite exculpatory evidence Plaintiff was arrested using stale complaints and charges with stalking and harassment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

F. VAWA Violations Established

VAWA protects all domestic violence victims regardless of gender. 34 U.S.C. § 12291(b)(13) prohibits discrimination by entities receiving federal funds. NYPD receives substantial VAWA grants (documented in public federal databases accessed by Plaintiff).

Plaintiff is DV victim holding valid Final Restraining Orders. NYPD refuses enforcement for Plaintiff (23 reports, zero action) while enforcing identical orders for female victims (immediate action observed in 12+ instances). This gender-based disparate treatment violates VAWA's nondiscrimination mandate and 42 U.S.C. § 3789d(c)(1).

Mckenzie Upshaw and Courtney Chase, victim advocates within the Richmond County District Attorney's Offices conspired with Officers and Prosecutors to provide the Plaintiff with false information and deny him mandatory assistance as the victim with a trial order against Evins. Services denied Plaintiff but provided to female victims: protective order enforcement, investigation of violations, arrest of violators, victim advocacy access, complaint screening. No legitimate governmental interest justifies this disparity. *United States v. Virginia*, 518 U.S. 515, 531 (1996) (gender classifications require exceedingly persuasive justification).

G. No Undue Prejudice to Defendants

Same core facts already at issue. Discovery ongoing—Defendants have produced nothing despite three-month obligation. Evidence already in their possession (requested but not produced). Nine months until trial. Defenses (qualified immunity, probable cause, no personal involvement) apply equally to new claims.

Most significantly: Defendants cannot refuse to produce evidence for three months, then claim prejudice when Plaintiff obtains it independently. Had they complied with discovery obligations, this evidence would have been produced before the amendment deadline. Their obstruction cannot now prevent amendment. *Richardson Greenshields*, 825 F.2d at 653 n.5.

Adding individual defendants (Quirk, DePalma, Levy, Caruso, Noto, Oconell, Cahill, Giovinazzio, Albanese, Mullroy, Rios, Baez, Robley, Baca, Green, Upshaw, Chase, Smith, and Evins) benefits City defendants by allowing comparative fault allocation and complete resolution. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

## VI. CONCLUSION

Good cause exists under Rule 16(b)(4): evidence obtained through Plaintiff's post-deadline independent efforts ($12,150 invested, 150+ hours); continuing violations by Smith/Evins; Plaintiff's exceptional diligence despite Defendants' discovery obstruction; denying amendment rewards concealment.

Rule 15(a)(2)'s liberal standard is satisfied: delay explained by evidence timing; Plaintiff acts in exemplary good faith; claims legally viable (RICO, VAWA, Monell, due process, fraud); no undue prejudice (same facts, discovery ongoing, evidence in Defendants' possession); judicial efficiency favors comprehensive amendment.

The revised complaint adds: Quirk's fraudulent conduct (F.I.O.L request); ongoing false reports (five since September); cyberstalking enterprise (forensic expert); discriminatory enforcement (meticulous documentation); RICO pattern (13+ predicate acts, $628,500 damages).

Denying this motion would: require multiple separate lawsuits; waste resources through duplicative proceedings; risk inconsistent verdicts; allow key conspirators to escape; reward Defendants' discovery obstruction. "Cases should be tried on their merits rather than technicalities of pleadings." *Ching*, 298 F.3d at 180.

WHEREFORE, Plaintiff respectfully requests:

1. Find good cause under Rule 16(b)(4) to modify the scheduling order;
2. Grant leave to file revised Second Amended and Supplemental Complaint under Rules 15(a)(2) and 15(d);
3. Permit substitution of revised proposed complaint for pending version;
4. Add Dimonic Smith and Francyna Evins as defendants for § 1985 conspiracy and RICO violations;
5. Add Gabrielle Giovinazzio, Darren Albanese, Courtney Chase, and Mckenzie Upshaw as employees of the Richmond County District Attorney's Office for § 1985 and RICO violations;

6. Add Detective(s) Joseph Quirk, Matthew DePalma, Michael Levy, Quiana Rios, Johnathan Baez, Christoper Robley, Green, Baca, and Sgt. Michael Mullroy as defendant(s) for due process violations, fabrication, § 1985, and RICO violations;
7. and retaliation;
8. Deem revised complaint the operative complaint;
9. Extend discovery deadlines as necessary;
10. Order Defendants to respond to outstanding discovery within fourteen (14) days;
11. Grant such other relief as the Court deems just and proper.

Dated: February 3, 2026

Brooklyn, New York

          Respectfully submitted,

*Clayton Howard*

Clayton Howard

Plaintiff, Pro Se

24 Orchard Street

Carteret, New Jersey 07008

(929) 781-7791

itsclaytonhoward@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I served the foregoing upon all parties via ECF and upon:

Anuemha Tanya

Senior Counsel

Corporation Counsel of the City of New York

100 Church Street,

New York, NY 10007

Email: <u>atanya@law.nyc.gov</u>

*Clayton Howard*
_____

Clayton Howard

Plaintiff