

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-3545
atanya@law.nyc.gov

April 16, 2026

<u>**VIA ECF**</u>
Honorable Lara K. Eshkenazi
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     <u>Clayton Howard v. City of New York, *et al*.,</u>
        <u>24-CV-8316 (KAM) (LKE)</u>

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("defendant") in the above-referenced matter. Defendant writes in response to plaintiff's proposed amended complaint. For the reasons set forth herein, plaintiff should not be granted leave to file his proposed amended complaint ("PAC") as the allegations therein are futile and will not survive a motion to dismiss.

## I.     Relevant Procedural History

On or about February 22, 2026, plaintiff served defendant with a copy of his proposed amended complaint. On March 15, 2026, plaintiff filed a nearly 250-page motion to amend the complaint, along with exhibits. *See* E.C.F. No. 54. On April 2, 2026, Your Honor directed defendant to file its response to plaintiff's motion to amend his complaint by April 16, 2026. *See* E.C.F. Order dated April 2, 2026. In that same order, plaintiff was also directed to comply with Rule 5.2 providing privacy protections in public filings for identification of a minor. *Id.*

## II.    Plaintiff's Proposed Amended Complaint Violates F.R.C.P. 8

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires each allegation be

"simple, concise, and direct." Fed. R. Civ. P. 8(d). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *see Nungesser v. Columbia University*, No. 1:15-cv-3216-GHW, 2017 U.S. Dist. LEXIS 42509, (S.D.N.Y. March 23, 2017), *quoting Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d. Cir. 1988). Dismissal is usually reserved for "cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Cuomo*, 861 F.2d at 42. But there are clearly circumstances under which leave to amend need not be granted. *See, e.g., Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curiam) (final dismissal appropriate where complaint was "a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint failed to cure prolixity and incomprehensibility), *see Salahuddin*, 861 F.2d at 40, 42 (noting that a district court has "power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible").

Here, plaintiff previously filed multiple motions to amend his complaint which similarly contained hundreds of pages of allegations and exhibits and were largely incomprehensible. *See* E.C.F. Nos. 19, 40, 41. 42, 43, 47, 50, 51. Indeed, in keeping with his penchant for filing voluminous documents, this proposed amended complaint is also 67 pages long, contains 384 paragraphs with 9 additional exhibits. This document, like the others before it, are largely incomprehensible and extremely confusing, in direct contravention of Rule 8. As such, leave to amend should be denied. *See George Wash. Am. v. N.Y. Passport Ctr.*, 91 Civ. 2731 (MJL), 1991 U.S. Dist. LEXIS 17109 (S.D.N.Y. Nov. 25, 1991) (finding that a complaint of 106 pages and 175 exhibits failed to provide a statement of claims to which defendants could reasonably be expected to respond).

III. **Plaintiff Should Be Denied Leave to Amend His Complaint Because The Amendment Would Be Futile**.

Rule 15(a) of the Federal Rules of Civil Procedure ("Rule") provides that permission to amend a pleading "shall be freely given when justice so requires." A district court therefore has broad discretion in determining whether to grant a motion to amend a complaint. *Zenith Radio Corp. v. Hazeltine Research, Inc.* 401 U.S. 321 (1971). Although leave to amend is to be freely granted, the Supreme Court and the Second Circuit have long emphasized that, under the liberal amendment principles of Rule 15(a), "motions to amend should generally be denied in instances of futility." *See, e.g., Burch v. Pioneer Credit Recovery, Inc*., 551 F.3d 122, 126 (2d Cir. 2008) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also McNeil v. Yale Chapter of Alpha Delta Phi Int'l, Inc*., No. 21-639-CV, 2021 WL 5286647, (2d Cir. Nov. 15, 2021); *Albany Ins. Co. v. Esses,* 831 F.2d 41, 45 (2d Cir. 1987). Futility is a determination, as a matter of law, that proposed amendments would either fail to cure prior deficiencies or fail to state a claim under Rule 12(b)(6). *See Panther Partners, Inc. v. Ikanos Communications, Inc*. 681 F.3d 114, 119 (2d Cir. 2012) (citations omitted). Plaintiff's PAC seeks to add claims for obstruction of justice and conspiracy. Both of these claims fail as a matter of law and any amendment is futile.

A. **Plaintiff's New Claims for Obstruction of Justice under Section 1983 and Conspiracy Fails To State A Claim.**

The PAC alleges that NYPD and Richmond County District Attorney ("RCDA") defendants had a "duty to investigate, preserve evidence, enforce orders, but their intentional or deliberately indifferent obstruction through destruction, suppression, or refusal, led to the obstruction which caused injury" to the plaintiff. *See* PAC. ¶¶ 357-359. However, there is no private cause of action under the statute criminalizing the obstruction of justice. *Farzan v. Bridgewater Associates*, LP, 699 F. App'x 57, 58 (2d Cir. 2017) (summary order) ("obstruction of justice is a criminal charge, not a private cause of action"). That means that a private individual like the plaintiff may not invoke these provisions to obtain damages; they "may be enforced only by the Department of Justice." *Langella v. United States*, 01-CV-11583, 2002 U.S. Dist. LEXIS 10039, 2002 WL 1218524 (S.D.N.Y. June 5, 2002), off'd, 67 F. App'x 659 (2d Cir. 2003) (summary order). As there is no cognizable cause of action under Section 1983 for "obstruction of justice," plaintiff should not be permitted to amend his complaint to add this claim.

Further, it is well-settled that a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injure[e] [ ] another,' and 'an overt act that results in damage.' *Nat'l Cong. for Puerto Rican Rights by Perez v. City of N.Y.*, 75 F. Supp. 2d 154 (S.D.N.Y. 1999) (*quoting Rotermund v. United States Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir. 1973)) (internal quotations omitted) (emphasis added). In his PAC, plaintiff claims that all newly named NYPD officers, RCDA employees, and two private citizens conspired against him to violate his constitutional rights under Section 1983. Plaintiff appears to allege, *inter alia*, that the defendants engaged in a conspiracy against him by "shielding Francyna Evins from accountability, refusing to enforce plaintiff's Final Restraining Order ("FRO"), discriminating against the plaintiff as male victim of domestic violence, executing false arrests based on fabricated complaints, conducting systematic surveillance through 20 plus fraudulent Facebook accounts." *See* PAC ¶¶115-118. Plaintiff's allegations in support of his purported conspiracy claim, however, are vague and conclusory in nature. As such, plaintiff should not be granted leave to amend to add this claim.

**B. Plaintiff's Proposed Addition of Employees from the RCDA As Defendants Is Futile**.

Plaintiff seeks to add two employees, Mckenzie Upshaw and Courtney Chase, of the RCDA who are "Supervisors of Victim Advocates" and who worked closely with the ADA Gabrielle Giovinazzo, and ADA Darren Albanese in the RCDA office. *See* PAC ¶¶ 7-8, 80. Plaintiff appears to allege that these individuals suppressed exculpatory evidence and pursued baseless charges against him. From the PAC itself, it appears that RCDA employees plaintiff now seeks to add were acting in the course of their duties as prosecutors' agents, and therefore, they are entitled to absolute immunity from suit. Indeed, it is well-established "absolute immunity extends not only to prosecutors...but also to individual employees who assist [them] and who act under [their] direction in performing functions closely tied to the judicial process." *Warney v. Monroe County*, 587 F.3d 113, 121, 124 (2d Cir. 2009)), (*quoting Hill v. City of New York*, 45 F.3d at 660) (internal alterations omitted). Therefore, plaintiff's motion to amend to add them as defendants is futile.

**C. Plaintiff's New Claim For His Alleged Unlawful Arrest Is Futile.**

3

Plaintiff seeks to add another claim for false arrest for a new date of incident, May 18, 2023. *See* PAC ¶¶ 58-60. Like the purported false arrest claims in his earlier complaint, any false arrest claim for this new incident date also fails because plaintiff's arrests were supported by probable cause. Indeed, it is clear from plaintiff's original complaints at ¶¶ 26, 3 and the PAC at ¶¶ 40,41,53,58,61 that plaintiff was arrested following complaints made against him to the NYPD by alleged crime victims, Ms. Evins and Ms. Smith. It is well-settled that when there is a complaining witness, "probable cause exists . . . unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern,* 268 F.3d 65, 70 (2d Cir. 2001). In making probable cause determinations, officers "are entitled to rely on the victims' allegations that a crime has been committed." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). As such, any claim for false arrest fails and any amendment which includes this claim(s), is futile.

Plaintiff also continues to reallege that law enforcement agencies declined to make arrests or enforce restraining orders and otherwise, generally, failed to investigate his claims. *See e.g.*, PAC ¶¶ 48, 49, 59, 63, 71. However, there is no cognizable constitutional claim for the failure of law enforcement to take an action requested by the plaintiff. *See, e.g., Rivera v. Unknown at NYCPD,* No. 23-CV-9530 (LTS), 2024 U.S. Dist. LEXIS 124439, (S.D.N.Y. July 8, 2024) ("[T]here is no right to a government investigation or to override the discretion of police and prosecutors in making decision as to whether to arrest or prosecute suspects."). As such, an amendment which adds any such claim is futile and should not be granted.

## IV.    Conclusion

Accordingly, the Court should deny plaintiff's leave to amend his complaint. Defendant thanks the Court for its time and consideration.

Respectfully submitted,

/s/ *Anumeha Tanya*

Anumeha Tanya
*Senior Counsel*

cc:    **VIA ECF and Email**
Clayton Howard
Plaintiff *Pro Se*

4