United States District Court
Eastern District of New York

----------------------------------X

Clayton Howard,

        Plaintiff,                  **Memorandum & Order**

                                 24-cv-8316 (KAM)(LKE)

     - against -

City of New York, New York City
Police Department, John and Jane
Does 1-10,

        Defendants.

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

Before the Court is *pro se* Plaintiff Clayton Howard's ("Plaintiff" or "Howard") third motion for leave to file an amended complaint, (ECF No. 54-4, the "PAC"), pursuant to Fed. R. Civ. P. ("Rule") 15(a)(2) and 15(d), to add conspiracy and obstruction of justice claims and add additional defendants. (ECF No. 54, the "Third Motion" or "Third Mot.".) Mr. Howard seeks to name as Defendants: (i) certain police detectives; (ii) two Richmond County District Attorney's Office ("RCDA") employees who served as victim advocates, Courtney Chase and McKenzie Upshaw (the "RCDA Victim Rights Employees"); and (iii) two individuals Francyna Evins ("Evins") and Dimonic Smith ("Smith", together with Evins, the "Individual Defendants"). The City of New York (the "Defendant" or "City") opposes Mr. Howard's Third Motion for leave

to amend based on prolixity and futility. (*See generally* ECF No. 55, "Opp.") For the reasons set forth below, Mr. Howard's Third Motion for leave to amend is GRANTED in part (i) to add a false arrest claim based on Mr. Howard's May 18, 2023 arrest; and (ii) to name three New York Police Detectives—Joseph Quirk, Christopher Robley, and Mathew DePalma—as defendants in their individual capacities, who allegedly falsely arrested Mr. Howard on May 16, 2023, May 18, 2023, and November 17, 2023, but in all other respects is respectfully DENIED.

<u>**BACKGROUND**</u>

Mr. Howard's claims generally arise from a contentious relationship with Ms. Evins. On December 1, 2022, Mr. Howard allegedly obtained a Final Restraining Order against Ms. Evins in Essex County Superior Court in New Jersey. (PAC ¶¶ 30, 46; ECF No. 54-5 at 1-5, the "FRO".) Mr. Howard makes various allegations that this FRO was not enforced by the 120th Precinct. (*See e.g.,* PAC 46, 48-51.)

Mr. Howard's claims are premised on three arrests. On May 16, 2023, based on allegations from Ms. Evins, Detective Joseph Quirk arrested Mr. Howard even though Mr. Howard alleges he "provided documents demonstrating that the charges were" "previously dismissed in New Jersey courts." (PAC ¶ 53, 54.) Mr. Howard alleges that he was "detained" but "released without further action." (PAC ¶ 57.)

On May 18, 2023, based on allegations from Ms. Smith, Detective Christopher Robley arrested Mr. Howard even though Mr. Howard alleges that he "provided documents demonstrating that" Ms. Smith's "allegations were dismissed." (PAC ¶¶ 58, 59.) Mr. Howard alleges that he was "detained" but "released without further action." (PAC ¶ 60.)

On November 17, 2023, based on a "fabricated complaint by Ms. Evins, alleging threats of violence," Detective Matthew DePalma arrested Mr. Howard even though there was allegedly "clear exculpatory evidence . . . showing Plaintiff was elsewhere at the time of the alleged incident," and ADA Gabrielle Giovinazzi allegedly directed Detective DePalma "not to detain Mr. Howard due to insufficient probable cause." (PAC ¶¶ 61-63.) Mr. Howard alleges that he was "detained . . . for seven hours." (PAC ¶ 63.)

On December 3, 2024, Mr. Howard filed a complaint in the instant action against the City of New York, the New York Police Department (the "NYPD"), and unnamed NYPD officers John and Jane Does 1-10 (together with the City, "Defendants"), alleging false arrest, malicious prosecution, equal protection, failure to intervene, due process, a Monell claim, Intentional Infliction of Emotional Distress, and various state claims against Defendants. (ECF No. 1, the "Compl.".) Mr. Howard's initial complaint only alleged claims in relation to his two arrests on May 16, 2023, and November 18, 2023, based on allegations from Ms. Evins. (See

3

*generally* Compl.)

On May 23, 2025, the City of New York answered the complaint. (ECF No. 10.) The same day, Mr. Howard filed a stipulation of dismissal as to the New York Police Department, who was subsequently terminated as a defendant. (ECF Nos. 11, 12.)

On July 8, 2025, Mr. Howard informed Magistrate Judge Eshkenazi that he had dismissed his attorney. Mr. Howard has since proceeded *pro se*. On September 3, 2025, Magistrate Judge Eshkenazi adopted a proposed case management plan setting the deadline to move to amend to October 3, 2025, and various other discovery deadlines. On September 25, 2025, Mr. Howard moved for leave to amend his complaint. (ECF No. 17, "First Motion".) On October 10, 2025, the City opposed. (ECF No. 20.) Before any decision was issued on the First Motion, on October 23, 2025, Mr. Howard filed a second motion for leave to amend his complaint. (ECF No. 25, "Second Motion".) On December 5, 2025, the City opposed Mr. Howard's Second Motion. On February 12, 2026, Magistrate Judge Eshkenazi held a hearing on the First Motion and Second Motion, denied as moot the First Motion, denied the Second Motion without prejudice for the reasons stated on the record, and set a briefing schedule for any additional motion for leave to amend.

On March 15, 2026, Mr. Howard filed this instant Third Motion for leave to file the PAC. On April 16, 2026, the City opposed Mr. Howard's Third Motion. On April 18, 2026, Mr. Howard filed

4

his reply.  (ECF No. 56, "Rep.".)

## LEGAL STANDARD

"'[I]t is within the sound discretion of the district court to grant or deny leave to amend.'" *Wilson v. Merrill Lynch & Co.,* 671 F.3d 120, 139 (2d Cir. 2011) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007)). Rule 15(a) governs the amendment of pleadings and instructs courts to "freely give leave [to amend] when justice so requires." Rule 15(a)(2). The court, however, may properly deny leave to amend if there is a showing of undue delay, bad faith, prejudice or futility. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Min Jin v. Metropolitan Life Ins. Co.,* 310 F.3d 84, 101 (2d Cir. 2002). "It is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003); *Wilson,* 671 F.3d at 140 ("[W]here amendment would be futile, denial of leave to amend is proper.") (citation modified).

An amendment to the complaint is futile if the "proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002), *abrogated on other grounds by Knick v. Twp. of Scott,* 588 U.S. 180 (2019) (citation omitted).  The proposed amended complaint must "contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'"  *Mendez v.*

*U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether the claim in a proposed amended complaint will be futile, "the court must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Gallegos v. Brandeis Sch.*, 189 F.R.D. 256, 258 (E.D.N.Y.1999). "If this assessment results in the conclusion that the proposed amendment must fail as a matter of law, the amendment would be futile, and leave to amend is properly denied." *Id.* (citing *Foman*, 371 U.S. at 182 and *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)).

The Court liberally construes *pro se* complaints, but "even *pro se* litigants may be denied leave to amend when an amendment would be futile." *Foy v. N.Y. State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 155 (E.D.N.Y. 2024), *appeal dismissed*, No. 24-2242, 2025 WL 2470039 (2d Cir. Mar. 12, 2025) (citing *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016)). "Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citation modified).

**DISCUSSION**

I. **Prolixity**

As an initial matter, the City argues that leave to amend

should be denied because the PAC violates Rule 8(a)(2) because it is so burdensome, confusing, ambiguous, and unintelligible that it would warrant dismissal. (Opp. at 1-2.) Mr. Howard responds that the PAC "is organized chronologically by incident" and "identifies nine conspirators by name and specific conduct." (Rep. at 2.)

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "The purpose of this requirement is to provide fair notice of the claims and to enable the adverse party to answer the complaint and prepare for trial." *Strunk v. U.S. House of Representatives*, 68 Fed. App'x. 233, 235 (2d Cir. 2003). "The Court has the power to dismiss complaints that fail to comply with the directives of Rule 8(a)(2)." *Gatling-Brooks v. Liberty Mut. Ins. Co.*, No. 1:22-CV-08979 (ALC), 2024 WL 5186527, at *2 (S.D.N.Y. Dec. 20, 2024) (citing *Schiller v. Duthie*, 2017 WL 3726993, at *12 (S.D.N.Y. Aug, 28, 2017) and *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Although "only complaints that are so confused, ambiguous, vague, or otherwise unintelligible are dismissed for running afoul of Rule 8(a)(2)," those that are "unnecessarily long-winded place an undue burden on the court as well as any parties seeking to respond, and thus may also be dismissed." *Id.* (citation modified); *see also Nungesser v. Columbia University*, No. 1:15-CV-3216-GHW, 2017 WL 1102661, at *1 (S.D.N.Y. Mar. 23, 2017) ("Unnecessary

7

prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (quoting *Salahuddin*, 861 F.2d at 42 (citation modified)).

Mr. Howard filed approximately 250 pages in support of the instant Third Motion, including a 68-page, 384-paragraph (with numerous sub-paragraphs) proposed second amended complaint and eight exhibits including irrelevant discovery correspondence. (*See generally* Third. Mot.) Although the Court agrees that Mr. Howard's filings in support of his Third Motion are, at times, "unnecessarily long-winded," "unintelligible," *Gatling-Brooks*, 2024 WL 5186527, at *2 and contain "extraneous matter," *Nungesser*, 2017 WL 1102661, at *1, the Court will consider below whether leave should be granted to Mr. Howard to add the additional claims asserted and additional defendants in Mr. Howard's PAC.

## II. Mr. Howard May Amend His Complaint to Add an Additional May 18, 2023 False Arrest Claim

To state a § 1983 false arrest claim, a plaintiff must allege that the defendants deprived him of his Fourth Amendment rights by intentionally confining him without his consent and without justification. *Harris v. Harris*, No. 19-CV-11658 (CM), 2020 WL 1140745, at *3 (S.D.N.Y. Mar. 9, 2020) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). "Probable cause is a complete defense to a constitutional claim of false arrest," *Betts v.*

*Shearman*, 751 F.3d 78, 82 (2d Cir. 2014) (citation modified), and "'is not a high bar.' " *D.C. v. Wesby*, 583 U.S. 48, 57, (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from . . . the putative victim . . . unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (citation modified).

"[T]he law in the Second Circuit is clear that once a government official has a reasonable basis to believe that there is probable cause to arrest, the official 'is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.'" *Barkai v. Neuendorf*, No. 21-CV-4060 (KMK), 2024 WL 710315, at *12 (S.D.N.Y. Feb. 21, 2024) (quoting *Garcia v. Does*, 779 F.3d 84, 93 (2d Cir. 2015)); *see also Panetta*, 460 F.3d at 398 ("Once an officer has probable cause, he or she is 'neither required nor allowed' to continue investigating, sifting and weighing information.").

The PAC adds false arrest allegations regarding an additional May 18, 2023 arrest by Detective Christopher Robley. (*See* PAC ¶¶ 58-60.) Mr. Howard alleges that Detective Robley arrested Mr. Howard based on allegations filed by Ms. Smith. (PAC ¶ 58.) Mr. Howard alleges that he "provided documents demonstrating that the allegations were dismissed in March 2023 for lack of service of

Dimonic Smith's Temporary Protective Order at the time the incident report was made." (PAC ¶ 59.) The City argues that this false arrest claim is futile because Mr. Howard's arrest was "supported by probable cause" because Mr. Howard "was arrested following complaints made against him to the NYPD by [an] alleged crime victim." (Opp. at 4.) Mr. Howard argues that Detective Robley lacked probable cause because "circumstances raise doubt as to the [Ms. Smith's] veracity." (Rep. at 3-4 (quoting *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001).)

Mr. Howard's allegations are vague and border on conclusory because the PAC fails to allege what Mr. Howard was arrested for and how any of the "documents" he allegedly "provided" raise doubt as to Ms. Smith or Ms. Smith's allegations. (*See* PAC ¶¶ 58-60.) It may be that following motion practice or discovery, Mr. Howard's false arrest claim based on his May 18, 2023 arrest may not pass muster. However, construing Mr. Howard's allegations in the light most favorable to Mr. Howard, we assume, for now, that that the documents Mr. Howard allegedly provided to Detective Robley establish without any doubt that Detective Robley lacked probable cause to arrest Mr. Howard. Accordingly, Mr. Howard is given leave to amend his complaint to add a false arrest claim based on his May 18, 2023 arrest.[1]

---

[1] The statute of limitations for claims under 42 U.S.C. § 1983 is

### III. Mr. Howard May Amend His Complaint to Name Detectives Joseph Quirk, Christopher Robley and Matthew DePalma as Defendants in their Individual Capacities

The PAC seeks to add Detectives Joseph Quirk, Matthew DePalma, and Michael Levy as Defendants in their individual capacities. (PAC ¶¶ 4-6.) The PAC also lists various other officers including Christopher Robley. (*See e.g.*, PAC ¶¶ 58-60.) Mr. Howard is granted leave to amend his complaint to name Joseph Quirk, Christopher Robley, and Matthew DePalma (together, the "Arresting Officers") as Defendants because these are the three arresting officers who allegedly committed the May 16, 2023, May 18, 2023, and November 17, 2023 arrests. *See Strachn v. City of New York*, 19-CV-7046 (RRM)(JO), 2020 WL 2542128, at *3 (E.D.N.Y. May 19, 2020) (granting *pro se* plaintiff leave to amend to attempt to state a claim against the individual officers); *Nzomo v. Wheeler*, 10-cv-8530 (RA), 2014 WL 92711, at *1 (S.D.N.Y. Jan. 9, 2014)

---

three years. *See e.g.*, *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 601 (E.D.N.Y. 2017). Mr. Howard filed his complaint in this action on December 3, 2024, so any claims arising before December 3, 2021 are time-barred. The PAC also adds details regarding a prior arrest in February 2020. (PAC ¶¶ 17-18.) To the extent that Mr. Howard seeks to add additional § 1983 allegations related an incident on February 28, 2020 involving a "Gwendolyn Carr's" vehicle, the Court denies leave to amend to do so because those claims are untimely. (*See* PAC ¶¶ 17, 19.) Mr. Howard's February 2020 claim involves unrelated factual circumstances from those in his initial complaint. Mr. Howard has failed to allege any "'rare and exceptional circumstances,' where . . . 'extraordinary circumstances'" prevented" Mr. Howard from timely bringing such a claim to justify equitable tolling. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005).

(granting leave to amend *pro se* complaint "to name as Defendants the individual officers whose actions formed the basis" of the allegations).

Mr. Howard is not granted leave to amend to assert claims against Officer Michael Levy because Mr. Howard only alleges conspiracy and Section 1983 obstruction of justice claims against Officer Levy. As set forth below, the Court denies Mr. Howard leave to amend his complaint to add claims against Officer Levy based on futility below. *See infra.* Section IV, VII.[2]

## IV. Mr. Howard's Obstruction of Justice Claim is Futile (Count 7 likely meant Count 9)

Mr. Howard's PAC seeks to add an obstruction of justice claim under § 1983. (PAC ¶¶ 355-379.) "But obstruction of justice is a criminal charge, not a [civil] private cause of action." *Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017) (summary order); *Clissuras v. Teachers' Ret. Sys. of N.Y.*, No. 02 CIV. 8130 (SAS), 2003 WL 1701992, at *1 (S.D.N.Y. Mar. 28, 2003), *aff'd sub nom. Clissuras v. City Univ. of N.Y.*, 359 F.3d 79 (2d Cir. 2004), *supplemented sub nom. Clissuras v. City of Univ. of New York*, 90 F. App'x 566 (2d Cir. 2004) ("[N]o private right of

---

[2] For the same reasons, to the extent Mr. Howard also moves for leave to amend his complaint to add claims against Officer Joseph Noto and Sergeant Imperitice, the Court also denies leave to amend as to these two officers. (*See e.g.*, PAC ¶¶ 214, 358.)

action exists for obstruction of justice."). Mr. Howard's § 1983 obstruction claim is thus futile and leave to amend to add this claim is respectfully denied.

## V. Mr. Howard's Proposed Claims Against the RCDA Victims Rights Employees are Futile

The PAC adds Courtney Chase and Mckenzie Upsaw, two Richmond County District Attorney employees with the job title "Supervisor of Victim Advocates," as defendants.[3] (PAC ¶¶ 7-8.) The City opposes the proposed addition of the RCDA Victim Rights Employees as defendants because they are covered under absolute immunity and amendment to add them is futile. (Opp. at 3.)

Based on a liberal construction of Mr. Howard's PAC, Mr. Howard seeks leave to amend to bring malicious prosecution, false arrest, Equal Protection selective enforcement and prosecution,

---

[3] Although Mr. Howard does not name as Defendants the Richmond County District Attorney's Office or any other RCDA individuals, other than the RCDA Victim Rights Employees, as party defendants, Mr. Howard alleges that the RCDA "pursued baseless criminal charges against Plaintiff based on Ms. Evins' false complaints." (PAC ¶ 165.) Mr. Howard also alleges that ADA Gabrielle Giovinazzio was a co-conspirator but does not list her as a Defendant party. (*See* PAC ¶ 3-11, 117.) Any claims against the Richmond County District Attorney's Office or any prosecutor such as Ms. Giovinazzio, for conduct alleged in Mr. Howard's PAC, is futile because "the Supreme Court and the Second Circuit have repeatedly recognized [that] prosecutors performing duties related to their prosecutorial function are protected by absolute immunity." *Del Col v. Rice*, 11-CV-5138 (MKB), 2012 WL 6589839, at *4 (E.D.N.Y. Dec. 18, 2012), *adhered to on reconsideration*, No. 11-CV-5138 MKB, 2013 WL 4052867 (E.D.N.Y. Aug. 12, 2013).

and conspiracy claims against the RCDA Victim Rights Employees, which this Court respectfully denies as futile. (*See* PAC ¶¶ 167, 171, 186, 192, 195, 205.) The Court addresses Mr. Howard's conspiracy allegations against the RCDA Victim Rights Employees separately in Section VII.

### 1. Malicious Prosecution

Although Mr. Howard argues that RCDA Victim Rights Employees are not covered by absolute immunity because they serve in "victim services administration, not prosecutorial advocacy," (Rep. at 3), courts "take a 'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). "This immunity thus 'extends to those performing functions closely associated with that process,' including non-lawyer employees at a district attorney's office." *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (holding that non-attorney employee in district attorney's office was entitled to absolute prosecutorial immunity to same extent as the prosecutor the employee was assisting) (quoting *Hill v. City of New York*, 45 F.3d 653, 660 (2d Cir. 1995)). This includes functions such as "evaluating and organizing evidence for presentation at trial or to a grand jury" or "determining which offenses are to be charged." *Hill*, 45 F.3d at 661.

As to his malicious prosecution claim, Mr. Howard alleges facts that establish that the RCDA Victim Rights Employees' are entitled to immunity to the extent they were allegedly involved in the RCDA's prosecution of Mr. Howard. Specifically, Mr. Howard alleges that "RDCA employees suppressed exculpatory evidence," and "ignored Ms. Evins ongoing history of harassment *to secure Plaintiff's prosecution*." (PAC ¶ 167 (emphasis added).) Because Chase and Upshaw's "actions in this matter were tied directly to . . . assisting [the prosecutor and the District Attorney's Office]" in any criminal prosecution of Mr. Howard, the RCDA Victim Rights Employees are "entitled to absolute prosecutorial immunity." *McKeever v. Singas*, No. 17-CV-4996 (JS)(SIL), 2022 WL 5430426, at *12 (E.D.N.Y. June 16, 2022), *report and recommendation adopted as modified*, No. 17-CV-4996(JS)(SIL), 2022 WL 4095558 (E.D.N.Y. Sept. 7, 2022) (holding that non-attorney paralegal was entitled to absolute immunity). As such, absolute immunity applies to the RCDA Victim Rights Employees and Mr. Howard's malicious prosecution claims as to them are futile, and his request to amend the complaint to add them as defendants is respectfully denied.[4]

---

[4] Mr. Howard's conclusory allegation that Chase and Upshaw "suppressed exculpatory evidence, including CCTV footage[,]. . . witness statements, [and] trial transcripts" does not change the analysis. *See Hill,* 45 F.3d 661 ("[W]ithhold[ing] exculpatory evidence from[] a grand jury" is "part of [the] function" of "an advocate" and protected by absolute immunity.). Mr. Howard also fails to allege what criminal proceedings were initiated against

### 2. False Arrest

"For a false arrest claim to survive a motion to dismiss, [] 'each individual must have been personally involved in the arrest in order to be held liable.'" *Hollenquest v. City of New York*, No. 21-CV-08801-LTS, 2025 WL 1827644, at *4 (S.D.N.Y. July 2, 2025) (quoting *Turner v. Procopio*, No. 13-CV-693, 2020 WL 2220244, at *9 (W.D.N.Y. Mar. 27, 2020)) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Mr. Howard fails to allege any connection between the Arresting Officers and the RCDA Victim Rights Employees. Thus, Mr. Howard's false arrest claims against the RCDA Victim Rights Employees are futile and may not be added to an amended complaint because Mr. Howard fails to allege that the RCDA Victim Rights Employees "w[ere] personally involved in plaintiff's arrest," or "any facts that would give[] rise to an inference of direct involvement." *Rodriguez v. City of New York*, 649 F. Supp. 2d 301, 305 (S.D.N.Y. 2009).

### 3. Discriminatory Enforcement and Selective Prosecution

To prevail on a selective enforcement or selective

---

him in relation to the May 16, 2023, May 18, 2023, and November 17, 2023 arrests and how any evidence was exculpatory as to those charges. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[N]aked assertions devoid of further factual enhancement" to that end will not suffice."); *see also* (PAC ¶¶ 53-64) (alleging that after such arrests Mr. Howard was "detained, humiliated and *released without further action*" and that he "suffered financial loss") (emphasis added).

prosecution Equal Protection claim on the basis of gender under 42 U.S.C. § 1983, a plaintiff must allege that (i) he "ha[s] been treated differently from another similarly situated comparator," and that (ii) "the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations," such as gender. *Hu v. City of New York*, 927 F.3d 81, 95 (2d Cir. 2019) (citation modified); *see also Hillary v. Murray*, No. 22-773-CV, 2023 WL 4169427, at *1 (2d Cir. June 26, 2023) (applying same elements to selective prosecution claim). "To satisfy th[e similarity] standard, 'the plaintiff's and comparator's circumstances must bear a reasonably close resemblance.'" *Id.* at 96 (quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014)). "'A plaintiff cannot merely rest on a demonstration of different treatment from persons similarly situated'" but "'[i]nstead, he must prove that the disparate treatment was *caused by* the impermissible motivation.'" *Hillary v. Murray*, No. 22-773-CV, 2023 WL 4169427, at *1 (2d Cir. 2023) (quoting *Bizzarro v. Miranda*, 394 F.3d 82, 87 (2d Cir. 2005)).

In support of Mr. Howard's Equal Protection claims, Mr. Howard alleges that the "RCDA prioritized [Ms. Evins, Mr. Howard's former domestic partner's] claims," and "publicly honor[ed] Ms. Evins as a domestic violence 'victim,' despite having certified documentation confirming her documented history of harassment and false reporting against Plaintiff." (PAC ¶¶ 186, 191.) Mr.

Howard alleges that "Supervisor of victim advocates, Courtney Chase directed subordinates not to assist [Mr. Howard] and fabricated information alleging that the FRO against Evins was 'unenforceable' within Richmond County New York." (PAC ¶ 192.)

Mr. Howard's Equal Protection claims are futile and may not be added to an amended complaint because he fails to allege that Ms. Evins is a suitable comparator who is similarly situated to Mr. Howard. Here, Mr. Howard fails to allege any facts regarding Mr. Howard's or Ms. Evins' conduct showing that they both engaged in similar conduct and actions. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) ("[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases.").

Mr. Howard's Equal Protection claims are also futile because he has failed to allege that any "disparate treatment was *caused by* the impermissible motivation," *Hillary*, 2023 WL 4169427, at *1, other than the conclusory factual statement that he is a "male victim of domestic violence" and Ms. Evins' is female. (PAC ¶¶ 90, 129.) Mr. Howard has not alleged any facts showing that Defendants' alleged actions were taken because he was a man.

Moreover, Mr. Howard's Equal Protection allegations are premised on the conclusory allegation that the NYPD only acted on Ms. Evins' claims and not Mr. Howard's, but "[m]ere failure to prosecute other offenders is not a basis for a finding of denial

18

of equal protection." *LeClair v. Saunders*, 627 F.2d 606, 608 (2d Cir. 1980); *see also Hillary*, 2023 WL 4169427, at *2 (Plaintiff "cannot rely on different treatment alone.")[5]  Moreover, Mr. Howard's PAC fails to allege how the RCDA Victim Rights Employees themselves had any responsibility for enforcing the FRO or deciding who to prosecute under VAWA.

Accordingly, Mr. Howard's request for leave to amend to add Equal Protection claims against the RCDA Victim Rights Employees is respectfully denied.

### 4.    Due Process Claims

Mr. Howard seeks to add due process suppression of exculpatory evidence claims against the RCDA Victim Rights Employees.  (PAC ¶¶ 195-199).  Mr. Howard seeks to add allegations that Ms. Chase directed subordinates not to assist Mr. Howard and fabricated information alleging that the FRO against [Ms.] Evins was 'unenforceable' within Richmond County New York."  (PAC ¶ 192.) Mr. Howard's due process claims against the RCDA Victim Rights

---

[5] To the extent that Mr. Howard also alleges a Violence against Women Act ("VAWA") claim against any Defendants in the PAC, that is barred because VAWA provides no private right of action. *Adeshina v. Combs*, No. 25-CV-1666 (MKV), 2026 WL 787827, at *7 (S.D.N.Y. Mar. 19, 2026) (citing *United States v. Morrison*, 529 U.S. 598, 620(2000) (citation modified); *see also Evans v. Bronxworks, Inc.*, No. 24 CIVIL 7507 (LJL), 2025 WL 3483580, at *1 (S.D.N.Y. Dec. 4, 2025) (denying leave to amend because "[p]laintiff has no recourse against Defendant under VAWA, . . . because that statute does not allow a private right of action")

Employees are also futile because "*Brady* is rooted in the constitutional right to a fair trial, and [any] charges against [Mr. Howard] were dropped before any trial began," so Mr. Howard "thus fails to allege any violation of his rights under *Brady*." *Schnitter v. City of Rochester*, 556 F. App'x 5, 7 n.2 (2d Cir. 2014).

**VI. Mr. Howard's Proposed Non-Conspiracy Section 1983 Claims Against Ms. Evins and Ms. Smith are Futile Because There is No State Action**

The Court construes Mr. Howard's *pro se* complaint liberally to allege non-conspiracy § 1983 claims against the Individual Defendants, Ms. Evins and Ms. Smith, and finds that any non-conspiracy Section 1983 claims alleged in the PAC against the Individual Defendants are futile because Ms. Evins and Ms. Smith are not "state actor[s]" but "private individuals who cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law." *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order); *see also Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) ("Section 1983 addresses only those injuries caused by state actors or those acting under color of state law.") (citation modified). "A private individual becomes a state actor for the purposes of § 1983 only when (1) the state compelled the conduct, (2) the private party acted jointly with a state, or (3) the private party fulfilled a role that is traditionally a public state function." *Karupaiyan v.*

20

*New York*, No. 23-1257-CV, 2024 WL 2174272, at *2 (2d Cir. May 15, 2024), *cert. denied,* 145 S. Ct. 271 (2024) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.,* 546 F.3d 255, 257 (2d Cir. 2008)). Only the second theory of joint action might possibly apply here.

To support a theory of joint action, Mr. Howard alleges that Ms. Evins provided false information to the prosecutors and the NYPD and filed false complaints against Mr. Howard. (*See e.g.,* PAC ¶ 119.) Mr. Howard alleges that Ms. Smith "created 20+ fraudulent Facebook accounts," "monitored [Mr. Howard's] activities and gathered intelligence provided to Ms. Evins and conspirators for [a] harassment campaign," and fabricated a May 18, 2023 complaint, (PAC ¶ 119; *see also* ¶¶ 220, 317), which resulted in Mr. Howard's arrest after which he was "released without further action." (*Id.* ¶ 58-60.).

First, Mr. Howard's allegation that Ms. Smith created fraudulent Facebook accounts involves private conduct that does not render Ms. Smith an actor under "color of state law." Second, "the mere fact that a private person falsely reported criminal conduct to government officials is insufficient to establish liability as a state actor under § 1983." *Gordon v. City of New York*, No. 10-CV-5148 CBA LB, 2012 WL 1068023, at *12 (E.D.N.Y. Mar. 29, 2012) (citation modified). This is because "'merely filing a complaint with the police, reporting a crime, requesting

criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.'" *Silver v. Kuehbeck*, No. 05 CIV. 35 (RPP), 2005 WL 2990642, at *9 (S.D.N.Y. Nov. 7, 2005), *aff'd*, 217 F. App'x 18 (2d Cir. 2007); (quoting *Vazquez v. Combs*, 04-cv-4189 (GEL), 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004)).

Thus, to the extent the PAC alleges § 1983 non-conspiracy claims, such as malicious prosecution and false arrest, against the Individual Defendants, such claims are futile. *See Henry v. White*, No. 23-cv-04321, 2024 WL 554799, at *2 (E.D.N.Y. Feb. 12, 2024) ("Because [the] [p]laintiff cannot bring any § 1983 claim against [the] [d]efendant as a private individual, the [c]ourt finds that granting leave to amend here would be futile and declines to do so."); *Anialo v. Spota*, 340 F. Supp. 3d 224, 252 (E.D.N.Y. 2018) ("It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability."). Accordingly, the Plaintiff's request to amend his complaint to add non-conspiracy § 1983 claims against Ms. Evins and Ms. Smith is respectfully denied.

## VII. Mr. Howard's Conspiracy Claims Are Futile

Mr. Howard's PAC adds a conspiracy claim alleging that the NYPD Officers, the RCDA Defendants, and the Individual Defendants conspired against Mr. Howard to coordinate false arrests, refuse

to enforce the FRO, discriminate against Mr. Howard, shield Ms. Evins from accountability, suppress evidence, and obstruct justice. (PAC ¶¶ 115, 210-227.) The Court finds that any proposed additional conspiracy claim asserted in Mr. Howard's PAC under Section 1983 or 1988 is futile.

### 1. Section 1983 Conspiracy

"Although a successful § 1983 claim requires evidence of state action, liability may be imposed upon private individuals pursuant to a conspiracy theory." *Mitchell v. Cnty. of Nassau*, 786 F. Supp. 2d 545, 564 (E.D.N.Y. 2011) (citing *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324-25 (2d Cir.2002)). "To state a claim against a private [individual] on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Gordon v. City of New York*, No. 10-CV-5148 CBA LB, 2012 WL 1068023, at *13 (E.D.N.Y. Mar. 29, 2012) (quoting *Ciambriello*, 292 F.3d at 325). This requires allegations of "a close nexus between the State and the challenged [private] action" such "that seemingly private behavior may be fairly treated as that of the State itself." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citation modified).

A Section 1983 conspiracy claim requires: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an

unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). "[A] § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation." *Mitchell*, 786 F. Supp. 2d at 564 (citing *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir.2001) and *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir.1995)). "[A] plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (citation modified); *see also Brill v. Ulster Cnty.*, 799 F. Supp. 3d 73, 82 (N.D.N.Y. 2025) ("[D]etailed allegations of the conspiracy's 'time and place' must be provided for a complaint to cross the plausibility threshold." (quoting *Ciambriello*, 292 F.3d at 325)).

The Second Circuit "has repeatedly held that complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (collecting cases); *see also Ciambriello*, 292 F.3d at 325 (same). "Diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.*

First, any conspiracy claim premised on Mr. Howard's proposed additional Section 1983 obstruction of justice, malicious

24

prosecution, false arrest, selective enforcement, and due process claims against the RCDA Defendants or the Individual Defendants is futile because the underlying claims, as alleged, are themselves futile, (*supra* Sections IV-VI), and fail to state an "underlying constitutional violation." *Mitchell*, 786 F. Supp. 2d at 564. Any conspiracy claim thus can only be premised on Mr. Howard's claims arising from his May 16, 2023 and November 17, 2023 arrests in his initial complaint, and Mr. Howard's additional false arrest claim in his PAC based on his May 18, 2023 arrest. Thus, Mr. Howard's Section 1983 conspiracy claim can only be premised on "an agreement between" the Arresting Officers and the Individual Defendants, or the Arresting Officers and the RCDA Victim Rights Employees to inflict the "unconstitutional injur[ies]" alleged in the initial complaint or the false arrest claims arising from the additional May 18, 2023 arrest. *Pangburn*, 200 F.3d at 72.

Second, Mr. Howard's alleged § 1983 conspiracy claim is futile because Mr. Howard provides only vague, conclusory allegations that the Individual Defendants, the RCDA Victim Rights Employees, and the Arresting Officers "entered into an agreement" regarding Mr. Howard's arrests. *Webb*, 340 F.3d at 110. The PAC fails to allege any "detailed allegations of the conspiracy's 'time and place'" regarding where the RCDA Victim Rights Employees or the Individual Defendants ever met or spoke with any of the Arresting Officers "to cross the plausibility threshold." *Brill*, 799 F.

25

Supp. 3d at 82 (quoting *Ciambriello*, 292 F.3d at 325)). The PAC contains no factual allegations detailing any connection between the Arresting Officers and the RCDA Victim Rights Employees, much less any factual allegations supporting any evidence of agreement.

The only facts alleged from which an inference can be drawn of any connection between the Individual Defendants and the Arresting Officers is that Ms. Evins made false complaints that led to Mr. Howard's May 16, 2023 and November 17, 2023 arrests, and Ms. Smith made a false complaint that led to Mr. Howard's May 18, 2023 arrest. (PAC ¶¶ 53-61.) But the mere fact that Ms. Evins and Ms. Smith made the allegations and complaints that led to Mr. Howard's arrests is not evidence of any conspiracy and agreement to arrest Mr. Howard. Moreover, as mentioned in Section VI, "the mere fact that a [] person falsely reported criminal conduct to government officials is insufficient to establish liability as a state actor under § 1983." *Gordon*, 2012 WL 1068023, at *12.

Mr. Howard's allegations regarding Ms. Evins' alleged links to the RCDA are also not evidence of any agreement with the Arresting Officers. Mr. Howard alleges that Ms. Evins has "personal connections to Michael McMahon (Staten Island District attorney) through an NYPD [] Lieutenant Victor Allen Brown who is the pastor of her church and also an associate of [Mr. Howard]," and that Ms. Evins provided restricted RCDA documents in an unrelated February 16, 2023 Essex Couty Family Court hearing. (PAC

26

¶¶ 82, 84-85.) The mere allegation that Ms. Evins is acquainted with a NYPD officer, who is not a named defendant, who in turn allegedly knows the Staten Island District Attorney, fails to adequately allege that any agreement was reached between Ms. Evins and any of the Arresting Officers regarding the arrests at issue. That Ms. Evins had allegedly "restricted RCDA documents" in an unrelated Family Court proceeding also fails to allege any agreement between Ms. Evins and the Arresting Officers.

Lastly, Mr. Howard's conclusory allegations that the Arresting Officers', the RCDA Victim Rights Employees', and the Individual Defendants' "coordination in false arrests" and refusal to enforce the FRO, were "all actions [that] benefited Ms. Evins/harmed Plaintiff," (PAC ¶¶ 214-217, 221), are merely allegations of "parallel conduct" which, "without more[]is insufficient to state a claim for conspiracy." *Caruso v. Bon Secours Charity Health Sys. Inc.*, No. 14 CV 4447, 2015 WL 5472577, at *6 (S.D.N.Y. June 25, 2015) (discussing how *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 556-57 (2007) held that allegations of parallel conduct are insufficient to state a claim for conspiracy). Thus, Mr. Howard cannot amend his complaint to add a Section 1983 conspiracy claim because this claim is futile.

### 2. Section 1985 Conspiracy

Mr. Howard's PAC also fails to state a claim for Section 1985 conspiracy, so any Section 1985 conspiracy claim is thus futile

and cannot be added to an amended complaint. The elements of a Section 1985(3) conspiracy claim are: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (citing *United Bhd. of Carpenters, Loc. 610 v. Scott*, 463 U.S. 825, 828-829 (1983)). A plaintiff "'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Doe v. Fenchel*, 837 F. App'x 67, 68 (2d Cir. 2021) (quoting *Webb*, 430 F.3d at 110). A "plaintiff must also allege that the conspiracy was 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Id.* (quoting *Dolan v. Connolly*, 795 F.3d 290, 296 (2d Cir. 2015)).

Construed liberally, the PAC alleges that the Arresting Officers and the City of New York conspired with the Individual Defendants and the RCDA Victim Rights Employees to violate Mr. Howard's rights under the Equal Protection Clause. But for the same reasons Mr. Howard's allegations fail to allege any evidence of agreement to the conspiracy under Section 1983, Mr. Howard's

allegations fail to do so under Section 1985.  Moreover, Mr. Howard also "fails to plead any facts showing that the alleged conspiracy was motivated by . . . invidious discriminatory animus." *Mira v. Argus Media*, No. 15-CV-9990 (RJS), 2017 WL 11604293, at *4 (S.D.N.Y. May 16, 2017) (citation modified).[6]

## CONCLUSION

For the reasons set forth above, Mr. Howard's motion for leave to amend his complaint is **GRANTED IN PART AND DENIED IN PART.**

Mr. Howard's motion for leave to amend is granted as to: (i) the addition of a false arrest claim based on Mr. Howard's alleged May 18, 2023 arrest and (ii) the naming of three New York Police Detectives—Joseph Quirk, Christopher Robley, and Mathew DePalma— as defendants in their individual capacities, who allegedly falsely arrested Mr. Howard on May 16, 2023, May 18, 2023, and November 17, 2023.

Mr. Howard's motion for leave to amend is DENIED as to (i) alleging an obstruction of justice claim under Section 1983; (ii)

---

[6] To the extent Mr. Howard even alleges a 42 U.S.C. 1986 claim, he "has failed to state a cognizable conspiracy claim under Section 1985(3)," and "it necessarily follows that h[is] Section 1986 claim must also be dismissed." *Bond v. Bd. of Educ. of City of N.Y.*, No. 97 CV 1337, 1999 WL 151702, at *3 (E.D.N.Y. Mar. 17, 1999); *see also Shaw v. Scattergood*, No. 25-CV-6678 (LLS), 2026 WL 1746246, at *6 (S.D.N.Y. June 17, 2026) ("Section 1986 claim must be predicated upon a valid Section 1985 claim.")

naming the RCDA Victim Rights Employees Courtney Chase and McKenzie Upshaw as Defendants; (ii) naming the Individual Defendants Francyna Evins and Dimonic Smith as Defendants; (iii) adding a conspiracy claim; (iv) and naming Michael Levy as a defendant in his individual capacity.

By **August 14, 2026,** Mr. Howard shall file his amended complaint, including a copy of a redline showing the differences between Mr. Howard's amended complaint and his initial complaint, and serve the City of New York with his amended complaint. For the avoidance of any doubt, Mr. Howard must remove any new allegations made in his proposed amended complaint filed at ECF No. 54-4 that relate to the claims the Court has denied leave to amend to as futile, including paragraphs 5, 7-10, 17-28, 33(c)-39, 52, 87, 114-147, 210-243, 355-379, before Mr. Howard files his amended complaint. Mr. Howard is cautioned that any amended complaint will replace the previous existing complaint and would need to be a single document that does not rely upon any other materials that have previously been filed with the Court.

Because Mr. Howard's proposed amended complaint adds Joseph Quirk, Christopher Robley, and Matthew DePalma as Defendants in their individual capacities, Mr. Howard must also serve such defendants with a summons and a copy of the amended complaint pursuant to Fed. R. Civ. P. 4.

By **August 28, 2026,** the City of New York shall file a letter

30

stating (i) how the City plans to proceed; and (ii) whether the City of New York will represent Joseph Quirk, Christopher Robley, and Matthew DePalma in their individual capacities and if so, whether Joseph Quirk, Christopher Robley, and Matthew DePalma would consent to waive service of the summonses and complaint pursuant to Fed. R. Civ. P. 4(d).

**So ordered.**

Dated:     August 5, 2026
             Brooklyn, New York

**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York