**CLAYTON HOWARD**
24 Orchard Street · Carteret, New Jersey 07008 · (929) 781-7791 · itsclaytonhoward@gmail.com

*** Filed ***
05:35 AM, 28 Aug, 2026
U.S.D.C., Eastern District of New York

---

August 28, 2026

**VIA ECF**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE)**
Plaintiff's letter-motion under Local Civil Rule 37.2 for (A) an order compelling the City's overdue interrogatory responses and the December 5, 2022 body-worn camera recording of P.O. Cara Cahill, and (B) an order designating this case for mediation under Local Civil Rule 83.8 or setting a settlement conference under Fed. R. Civ. P. 16

Dear Judge Eshkenazi:

I am the plaintiff, appearing *pro se*. I write under Local Civil Rule 37.2 to request a pre-motion discovery conference and the relief described below. Fact discovery closes **October 15, 2026** (ECF Order, July 7, 2026), and on August 27, 2026 the City advised Judge Matsumoto that it “anticipates moving to dismiss” (ECF No. 63). Both developments make the two requests below time-sensitive.

**A. The City has not answered a single interrogatory in eleven months.**

1. I served my First Set of Interrogatories on **October 9, 2025** and supplemental interrogatories on **October 27, 2025**. The City has never served answers or objections to any of them. On August 13, 2026, to remove the City's only stated objection — that the sets exceeded Rule 33(a)(1) — I withdrew and reissued them: twenty-five interrogatories in place of roughly eighty-three, plus a separate Rule 34 request. Thirty days ran on September 12, 2026. Nothing has been served.
2. Between November 3, 2025 and July 5, 2026 the City requested **nine extensions**. I consented to every one. Seven production dates were promised — January 9, February 27, April 3, April 30, May 4, May 29 and July 7, 2026. None was met.
3. One item stands apart. On December 5, 2022, P.O. Cara Cahill of the 120th Precinct documented a Domestic Incident Report by Francyna Evins, Complaint No. 9633 (Incident No. 963-5315). An I-card issued two days later, Warrant/OCA No.

I2022063718, and I was detained on it on May 16, 2023. Officer Cahill's body-worn camera recording is the only contemporaneous record of that complaint. I have demanded it in writing **seven times** since November 17, 2025. The City has answered once, on March 3, 2026, promising to "complete any outstanding discovery as the one that you are referring to." It has never produced the recording, never objected to producing it, and has never said whether it exists.

4. The relief sought in Part A is set out in the accompanying Notice of Motion and Proposed Order: production within fourteen days; in the alternative, a sworn account of the recording's deletion, the retention rule applied, and the litigation-hold date; responses to the reissued discovery; waiver of untimely objections under Rule 33(b)(4); and reasonable expenses under Rule 37(a)(5)(A).

**B. The City has never responded to a settlement demand served almost a year ago.**

5. I served my settlement demand on **September 30, 2025**, as the scheduling order required, and re-served it on present counsel on December 3, 2025. **The City has never responded to it — no counter, no offer, no number, no position on the merits.** The City's response was first due November 13, 2025; when that passed I filed a notice of non-compliance. The parties then agreed on a new date, which counsel confirmed in writing on January 15, 2026: "Yes, we agreed on February 23 (settlement response) and February 27 for DRIs." February 23, 2026 also passed with nothing. No settlement date has been set since.

6. The City tied its settlement response to a single condition, and stated in writing on **February 24, 2026** that it had told this Court so: "I also informed the Court that City will not be able to respond to your (plaintiff's) settlement demand until we review your proposed amended complaint. Further discovery and any settlement offer will depend upon the Court's final endorsement of your proposed amended complaint." **That condition has been satisfied.** The Court ruled on the motion to amend on August 5, 2026 (ECF No. 60) and the Amended Complaint was filed August 10, 2026. In the four weeks since, the City has said nothing whatsoever about settlement.

7. The last two City statements on the subject are these. On **June 19, 2026**: "I will review our position regarding the settlement and reach out **when I have received authority**." On **July 5, 2026**: "I will keep you apprised of any developments on our end as to the

settlement review." No further word has followed. I replied on June 25, 2026 that I am "amenable to settling this matter if we can agree," and that remains my position.

8. Rule 16(a)(5) makes "facilitating settlement" an enumerated purpose of a pretrial conference. Rule 16(c)(1) provides that "[i]f appropriate, the court may require that a party or its representative be present or reasonably available by other means to consider possible settlement." Rule 16(c)(2)(I) authorizes the court to take up "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule." This District supplies that local rule: Local Civil Rule 83.8 governs court-annexed mediation, and under Rule 83.8(b)(1) "Judges and Magistrate Judges may designate civil cases for inclusion in the mediation program." Rule 83.8(c)(2) further provides that the Court may require the attendance of a party representative "in the case of a business or governmental entity . . . **with authority to settle the matter and to bind the party**."
9. That last provision answers the only thing the City has actually told me: that it is waiting on authority. I therefore respectfully request an order designating this case for mediation under Local Civil Rule 83.8(b)(1), or in the alternative setting a settlement conference before Your Honor, and in either case directing that a representative of the City with authority to settle and to bind the City attend. I do not ask the Court to compel the City to settle. I ask only that it be required to appear and give an answer to a demand it has held for nearly a year.

**C. The anticipated motion to dismiss does not excuse the outstanding discovery.**

10. I raise this only because the City's August 27 letter foreshadows it. The Federal Rules provide no automatic stay of discovery on the filing — much less the anticipation — of a dispositive motion. A party seeking a stay must move for a protective order and show good cause under Rule 26(c)(1). As courts in this District have put it, "[t]he mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). The factors are "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* The City has filed no such motion and made no such showing. The third factor

weighs heavily here: the discovery at issue has been outstanding for eleven months and fact discovery closes in five weeks.

11. I do not contest the City's representation point. Corporation Counsel decides whether to represent the individual defendants, and *Dunton* and *Mercurio* are correctly cited for that. But the representation question concerns the newly served individual defendants. It has nothing to do with the City's own eleven-month failure to answer interrogatories served on the City, or with a settlement demand served on the City almost a year ago.

**Conferral.** I sent a written meet-and-confer letter on August 6, 2026. Counsel proposed a telephone conference for August 10, 2026 at 4:00 p.m. and wrote “I will call at 4 pm.” The parties conferred by telephone on or about August 14, 2026, and counsel stated she would respond within approximately two weeks; that statement was oral and is not memorialized in writing. No response followed, and I have received no communication of any kind from the City since August 14, 2026. This satisfies Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 37.2. I note that my August 6 letter invoked Local Civil Rule 37.3, which was withdrawn effective July 1, 2024; I proceed here under Rule 37.2.

I have not refused the City a single accommodation in this case, and I would still prefer to resolve both issues without the Court's involvement. I am available at the Court's convenience.

Respectfully submitted,

/s/ Clayton Howard
**CLAYTON HOWARD**
Plaintiff Pro Se

Encl.: Notice of Motion; Memorandum of Law; Declaration of Clayton Howard; Exhibits A–I; Proposed Order

cc: Anumeha Tanya, Esq., New York City Law Department (via ECF)