THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-3545
atanya@law.nyc.gov

September 8, 2026

**VIA ECF**
Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Clayton Howard v. City of New York, et al.,* 24-CV-8316 (KAM) (LKE)

Your Honor:

I am a Senior Counsel in the Office of the Steven Banks, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("Defendant") in the above-referenced matter. Defendant writes in accordance with Your Honor's order dated August 31, 2026, *see* E.C.F. Order dated August 31, 2026, and in response to Plaintiff's letter dated August 28, 2026. *See* E.C.F. No. 64.

1. **Plaintiff's discovery requests violated Fed. R. Civ. P. 33**.

In his letter motion, Plaintiff claims that "the City has not answered a single interrogatory in eleven months" and that "the City has never served answers or objections to any of them." Plaintiff, however, conveniently omits the fact that his initial discovery requests exceeded the limits set by Fed. R. Civ. P. 33(a) since it contained eighty-three (83) discreet interrogatories, in addition to fifty seven (57) requests for documents. Thereafter, upon advising Plaintiff of the issue with his interrogatories, on or about August 13, 2026, less than one month ago, Plaintiff served the City with a revised set of twenty-five (25) interrogatories and requests for production. *See* E.C.F. No. 64.

As for Plaintiff's claim that Defendant sought multiple extensions of time to respond to the first set of interrogatories and document requests, Defendant only did so while awaiting the court's ruling on Plaintiff's third motion for leave to amend his complaint. Plaintiff's previous discovery

requests were directed towards non-parties such as Plaintiff's former girlfriends, Assistant District Attorneys, victim advocates, and advocacy organization like Safe Horizons from Richmond County District Attorney's Office ("RCDA") and various non-party NYPD officers. Indeed, Plaintiff was apparently seeking discovery directly from these non-parties separate from any purported *Monell* claim that he may bring against the City of New York. Defendant believed that the Court's ruling on potential amendments sought by the Plaintiff would provide greater clarity for it to respond and/or object to these discovery requests appropriately.

On August 5, 2026, Judge Matsumoto ruled on Plaintiff's motion to amend and allowed Plaintiff to amend to add three of the four proposed NYPD officers, but denied leave to amend to add two individual defendants (his former girlfriends) and the victim advocates from the RCDA's office. *See* E.C.F. Order No. 60. The Court also denied Plaintiff's request to add obstruction of justice and conspiracy claims under Section 1983. *Id*. Defendant will now be able to respond to Plaintiff's discovery requests with more clarity.

2. **Defendant anticipates filing a dispositive motion since it does not appear at this juncture that the parties can resolve this case via settlement**.

Upon review of Plaintiff's amended complaint, *see* E.C.F. No.61, it appears that Defendant's anticipated motion to dismiss will likely dispose of this matter. Also, the parties remain extremely far apart in terms of reaching a potential settlement. Defendant does not believe a potential resolution via settlement is possible at this time.

3. **Defendant intends to seek a stay of any additional discovery pending the resolution of its anticipated motion to dismiss.**

Defendant has not yet filed its request for a pre-motion conference in accordance with Judge Matsumoto's Individual Rules of Practice as none of the newly named defendants have been served with process in this action. On August 27, 2026, defendant advised the Court that service had not yet been effected on the newly named defendants. *See* E.C.F. No. 63. Thereafter, on August 28, 2026, Judge Matsumoto ordered the City to advise the Plaintiff and the Court within five business days after service of process is effectuated on the newly added individual defendants whether this office will represent the individual defendants, and how the City intends to proceed including whether the City intends to move to dismiss, answer, engage in discovery, and/or engage in settlement discussions. *See* E.C.F. Order dated August 28, 2026.

Defendant will comply with the court's order as soon as it learns that service on any newly named defendants has been accomplished. Therefore, it is premature for Plaintiff to argue that "the City has filed no such motion and made no such showing" for a stay of discovery. *See* E.C.F. No. 64.

4. **Plaintiff's August 24th preservation request**.

Plaintiff wrote to the undersigned on August 24, 2026 requesting that a litigation hold/preservation request be made for certain records allegedly related to Plaintiff's May 16, 2023 arrest. The undersigned promptly reviewed the requests and communicated same to the NYPD on August 26, 2026.[1]

Defendant thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ *Anumeha Tanya*
Anumeha Tanya
*Senior Counsel*

cc: **VIA ECF**
Clayton Howard
Plaintiff *Pro Se*

[1] In his most recent letter dated September 7, 2026, Plaintiff makes additional preservation requests related to a June 8, 2026 arrest. These requests and Plaintiff's June 8, 2026 arrest are outside the scope of Court's August 5, 2026 order pertaining to an amendment. *See* E.C.F. Order No. 60. As such, they are not part of this lawsuit.