*** Filed *** 01:35 AM, 09 Sep, 2026 U.S.D.C., Eastern District of New York


# CLAYTON HOWARD

24 Orchard Street · Carteret, New Jersey 07008 · (929) 781-7791 · itsclaytonhoward@gmail.com


September 10, 2026

**VIA ECF**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE)**
Plaintiff's reply to the City's response (ECF No. 65) to the [64] letter-motion

Dear Judge Eshkenazi:

I am the plaintiff, appearing *pro se*. I write in reply to ECF No. 65, addressing only what the City's letter says and what it does not.

**A correction of my own, first.**

1. ECF No. 64 ¶ 1 stated that thirty days "ran on September 12, 2026" as to the reissued discovery. That date had not yet arrived when I wrote, and the sentence should not have been in the past tense. The reissued twenty-five interrogatories and Rule 34 requests were served August 13, 2026; the thirtieth day is Saturday, September 12, 2026, so under Rule 6(a)(1)(C) responses are due Monday, September 14, 2026. My statement that nothing had been served was accurate; my characterization of the deadline was not, and I withdraw it.

**A. The Cahill recording belonged in the initial production, and the City has been on notice to preserve it since August 2024.**

2. On December 5, 2022, P.O. Cara Cahill of the 120th Precinct documented a Domestic Incident Report by Francyna Evins, Complaint No. 9633 (Incident No. 963-5315). An I-card issued two days later, Warrant/OCA No. I2022063718, and I was detained on that I-card on May 16, 2023. The charges arising from that detention were dismissed on **October 31, 2023**. Officer Cahill's body-worn camera recording is the only contemporaneous record of the complaint that produced the I-card and the detention. It was responsive to the discovery served October 9, 2025 when that discovery was served, and it is not a request the City needed a court conference to answer.
3. ECF No. 65 does not say the recording exists, does not say it has been destroyed, states no objection to producing it, offers no date, and does not mention it at all — in a response the Court directed the City to file.
4. The duty to preserve it did not begin with my letters. In **August 2024**, my then-counsel Tyrone A. Blackburn, Esq. and **Tyrone Blackburn Law** — the firm that filed the notice of claim against the City arising from this detention — served a preservation notice covering the records of the May 16, 2023 detention. He also filed a preservation notice with the original complaint **[Exhibit B.]** The City has been on written notice to preserve this material for approximately two years.

5. Against that, the City's fourth section states that my August 24, 2026 preservation request was "promptly reviewed" and "communicated ... to the NYPD on August 26, 2026." If that is the first hold that reached the Department, it issued roughly two years after the August 2024 notice, nearly three years and nine months after the recording was made, and nine months after I began demanding the recording in writing on November 17, 2025. Body-worn camera footage not flagged as evidentiary is not retained indefinitely. I make no application for sanctions in this letter and I do not ask the Court to find that anything was destroyed. I ask to be told.

6. I therefore renew the alternative relief sought in ECF No. 64 ¶ 4, which is now the operative request: an order directing the City to state under oath (a) whether the December 5, 2022 recording presently exists; (b) if not, when and by what process it was destroyed; (c) the retention schedule applied; (d) the date any litigation hold covering it first issued; and (e) whether the August 2024 preservation notice was received and what was done upon its receipt. If the recording exists, I ask that it be produced within fourteen days.

**B. Rule 33, and a date certain for the reissued discovery.**

7. I concede the City's first point: my original set exceeded the twenty-five-interrogatory limit of Rule 33(a)(1). That is why I withdrew it and served twenty-five in its place on August 13, 2026. The objection the City describes is the reason the current set exists, and it does not apply to it.

8. Two things the City's letter does not address. Rule 33(a)(1) limits interrogatories; it places no numerical limit on requests under Rule 34, so the fifty-seven document requests were never subject to the only ground the City has ever articulated, and no other ground was stated as to them. And no written objection was served to anything, on any ground, at any time. Rule 33(b)(4) requires grounds to be stated with specificity and treats untimely grounds as waived. The City's letter explains a decision not to respond; it does not identify an objection ever made of record.

9. The City writes that it "will now be able to respond to Plaintiff's discovery requests with more clarity." It names no date. Responses are due September 14, 2026. I respectfully ask the Court to fix that date, or such other date as it sets, as firm.

**C. The complainants are not "non-parties" in any sense that bears on discoverability.**

10. The City characterizes my requests as "directed towards non-parties such as Plaintiff's former girlfriends." The two individuals so described are the complainants. Each filed the report on which an arrest at issue here was predicated — including the December 5, 2022 report discussed above. Discovery directed at the origin of those reports is not collateral; it goes to whether probable cause existed, to what the officers knew and were told, and to the reasonableness of their reliance. A complainant's complaint history is ordinary § 1983 discovery in a false-arrest case, and it is the evidence by which a pattern is shown or disproved.

11. Judge Matsumoto's August 5, 2026 order denied leave to add these individuals as defendants for want of state action (ECF No. 60). I do not seek reconsideration. That ruling decides whether they may be sued, not whether what they did is discoverable. The same applies to the Assistant District Attorneys, victim advocates and non-party officers the City lists: Rule 26(b)(1) measures discovery by relevance to a claim or defense, not by party

status. If the City has a proportionality, privilege or burden objection to a particular request, the Rules require it to be stated. None has been.

**D. Settlement: the City has answered, and the record of how that answer was reached.**

12. The City states that the parties are "extremely far apart" and that resolution is not possible at this time. That is the first position on settlement the City has stated in eleven months, and Part B of ECF No. 64 asked for nothing more than an answer. I take it as given and do not press for mediation now. I ask only that the record be accurate. The correspondence is **Exhibit A**, in chronological order with an index and a table of citations; Exhibit I to ECF No. 64 is incorporated by reference.
13. My demand was served September 30, 2025 and re-served on present counsel December 3, 2025. **Ex. A, A-1, A-12.** No counter, no offer and no position on the merits has ever been conveyed. The City's response and counter were due November 13, 2025; none was served, and I filed a notice of non-compliance the following morning. **Id., A-8.** On November 17, 2025 I responded in writing to the City's refusal of mediation. **Id., A-9, A-10.**
14. On December 1, 2025 counsel and I spoke. Counsel memorialized that call in writing the next day, and her own account states what the settlement review was being traded for:

> *"We agreed that I will be reviewing your settlement demand and will provide City's response as soon as I can get authority. ... You agreed to work with me on the timelines for any future responses especially defendant's DRI responses so I can work on a settlement response from the City."*
>
> — A. Tanya to C. Howard, December 2, 2025 (Ex. A, A-11).

15. What followed. On January 15, 2026 counsel confirmed in writing, "Yes, we agreed on February 23 (settlement response) and February 27 for DRIs." **Ex. A, A-16.** February 23 passed. On February 24, 2026 the City wrote that it could not respond until it reviewed my proposed amended complaint, and that "[f]urther discovery and any settlement offer will depend upon the Court's final endorsement of your proposed amended complaint." **Id., A-21, A-22.** That condition was satisfied on August 5 and August 10, 2026. On June 19, 2026 counsel wrote that she would "reach out when I have received authority"; on June 25 I confirmed that I remained "amenable to settling this matter if we can agree." **Id., A-28, A-29.** The last communication from either party on the subject is counsel's of July 5, 2026. **Id., A-30.** Nothing followed. A pending settlement review was thus given as a reason for extensions and for postponing discovery over a period of months, and the City now says settlement was not possible. I ask only that both statements be before the Court, and that Part B of ECF No. 64 be held in abeyance until the newly added defendants are served and the City files the statement the August 28, 2026 order requires.

**E. No stay is pending, and the sequencing needs the Court's attention.**

16. The City's third section confirms that it has not moved for a stay and has not yet sought a pre-motion conference. There is no motion, no showing of good cause under Rule 26(c)(1), and nothing before the Court to stay discovery. Read together, ECF No. 65 makes discovery contingent on the anticipated motion to dismiss, the motion contingent on service, and service something the City will not waive. Fact discovery closes October 15, 2026, with the joint status report due the same day. I am not asking the Court to disturb

that sequence, and I am pursuing service diligently: Detective Robley has been served, and I have moved separately under Fed. R. Civ. P. 4(e)(1) and C.P.L.R. § 308(5) as to Detective DePalma. I ask only that the conference be held before the schedule expires.

**F. Footnote 1: the City has had written notice of this conduct since October 2025.**

17. The City's footnote states that my September 7, 2026 preservation requests concerning a June 8, 2026 arrest are "not part of this lawsuit." I do not seek to add that arrest to this action and I agree it falls outside the August 5, 2026 order. I write only because the footnote implies the subject is new to the City. It is not:

    - **October 19, 2025** — to Mr. Hutchinson, then City counsel: letters and moving papers concerning Francyna Evins and Dimonic Smith, stating that Ms. Smith had begun filing again in Bronx Family Court, that "every new false arrest increases liability for the City of New York," and that "[i]f I am detained, I will seek additional damages." Ex. A, A-2.
    - **October 23, 2025** — "recent information has revealed that Dimonic is again filing false reports and abusing the family courts." Id., A-3.
    - **October 30, 2025** — no acknowledgment within ten days; renewed request for confirmation of receipt and "any reply in response to its contents and the relief it requests." Id., A-4.
    - **December 19 and 21, 2025** — to Ms. Tanya: request to confer, then "Request for immediate action in regard to Dimonic Smith," sent with six attachments before filing. Id., A-14, A-15.
    - **January 17, 2026** — "Demand to Investigate Evins and Smith": "You agreed to reply between the 2nd week of January which has now come and gone." Id., A-17.
    - **February 3, 2026** — supplemental memorandum and exhibits, referencing "the failure of the City to acknowledge the continued ... conduct of potential defendant Evins and Smith." Id., A-20.
    - **June 10, 2026** — from custody: "I have been in police custody for 48 [hours] because of the ... report I informed you months ago was filed by Dimonic Smith which [you] took no action on." Id., A-25.

18. No written response to any of those demands appears in the record. The only replies to the June 10, 2026 message address scheduling. **Ex. A, A-26.** Over the same period counsel answered other correspondence promptly, often the same day.

19. I am not asking this Court to find that the City owed me a duty to investigate a private complainant; ECF No. 60 has settled that these individuals are not state actors, and I do not re-litigate it. I raise the chronology for two limited purposes: the scope of the City's preservation obligation is measured by relevance and by notice, not by the pleadings as amended; and the City's knowledge of this conduct, beginning eight months before the June 8, 2026 arrest, bears on the deliberate-indifference element of the municipal claim already pleaded in this action. I seek no relief on either point in this letter.

**Exhibits.**

20. Two exhibits accompany this letter.

    (a) Exhibit A — Correspondence with counsel for the City of New York, September 30, 2025 through August 24, 2026. Thirty-two items in

chronological order, preceded by a note on the compilation, an index and a table of citations, and paginated for reference. E-mail addresses, telephone numbers and file-share links are redacted; the note states each category removed.

(b) Exhibit B — Preservation notice served in August 2024 by Tyrone A. Blackburn, Esq. and [firm], the firm that filed the notice of claim arising from the May 16, 2023 detention.

21. Eight items in Exhibit A also appear in Exhibit I to ECF No. 64: A-1, A-16, A-21, A-22, A-27, A-28, A-29 and A-30. The text is the same. Where Exhibit I reproduced only the operative paragraph of a message, Exhibit A reproduces that message in full.

**Relief requested.**

22. I have not refused the City an accommodation in this case and would still prefer to resolve these issues without a motion. I respectfully request:

(a) the pre-motion discovery conference sought in ECF No. 64;

(b) an order fixing September 14, 2026, or such other date as the Court sets, as the date for the City's responses and objections to the discovery served August 13, 2026;

(c) the sworn account described in ¶ 6 above as to the December 5, 2022 Cahill recording, and its production within fourteen days if it exists; and

(d) that Part B of ECF No. 64 be held in abeyance as described in ¶ 15 above.

Respectfully submitted,

Clayton Howard

/s/ Clayton Howard
**CLAYTON HOWARD**
Plaintiff Pro Se

Encl.: Exhibit A — Correspondence with counsel for the City of New York, Sept. 30, 2025 – Aug. 24, 2026 (32 items, indexed);
Exhibit B — Preservation notice, [August __, 2024]

cc: Anumeha Tanya, Esq., New York City Law Department (via ECF)