# CLAYTON HOWARD

24 Orchard Street, Carteret, New Jersey 07008
(929) 781-7791 | itsclaytonhoward@gmail.com


*** Filed ***
11:16 PM, 13 Sep, 2026
U.S.D.C., Eastern District of New York

September 13, 2026

**BY ECF AND EMAIL**

Honorable Lara K. Eshkenazi
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Clayton Howard v. City of New York, et al.*, **24-CV-8316 (KAM) (LKE)**
Plaintiff's opposition to Defendant's request for a two-week extension (ECF No. 67)

Your Honor:

I am the plaintiff and I appear pro se. I respectfully oppose the City's request to move its September 14, 2026 deadline to September 28, 2026, and I ask the Court to deny it and to direct the City to serve complete responses by a date certain, including the recording described in Part D below.

Two different requests were made today. At 11:11 a.m. on September 11, 2026, counsel emailed me and asked me to consent to "an extension till September 22nd." I declined. The City then asked the Court for two weeks, to September 28. I address the request the City filed. The City also states it served ECF No. 67 upon me via email at the time of filing. I file this opposition on Sunday, September 13, 2026, at 11:05 P.M., I swear I have not been provide ECF No. 67 by the City. I specifically asked counsel for the aforementioned document Friday, September 11, 2026, and the document was not sent. I obtained the document through a friend with Pacer access due to issue with my own account that I will clear with support Monday.

**A. The City has asked for more time at least eight times before today**

Prior to this 10th request the City has made 9 previously, I consented every time. I do not question counsel's personal circumstances. I set the dates out because the City now tells the Court that two more weeks will make no difference.

1. November 3, 2025 — Mr. Hutchinson requested three additional weeks. I consented.
2. November 17, 2025, 2:29 p.m. — Ms. Tanya wrote that she had been "recently assigned" to a case with an "extensive procedural history" and asked: "Will you agree to January 9, 2026 for our DRI responses?" I consented, on the express condition that the December 5, 2022 body-worn camera recording of P.O. Cara Cahill be produced before December 1, 2025. It never was.
3. January 7, 2026, 3:43 p.m. — "I will not be able to provide the defendant's DRI responses by 1/9." No new date was given.
4. January 15, 2026, 5:18 p.m. — "Yes, we agreed on February 23 (settlement response) and February 27 for DRIs." Neither date was met.
5. March 3, 2026, 3:26 p.m. — request for my consent to a 120-day extension of discovery, March 4 to July 6, 2026. I consented on March 4 for the firm April 3, 2026 response date set in the parties' joint letter. That date was not met.
6. April 14, 2026, 10:38 p.m. — "you agreed to extend the date by which City will provide the discovery responses by April 30. However, I just realized that I have two motions that are coming

due . . . Will you please be amenable to extending it by two more days to May 4." I consented. Not met.

7. May 7, 2026, 11:22 p.m. — "I am seeking a further extension of time due to my right shoulder injury . . . I will do my best to complete the defendant's response and serve it on you by the 29th of May." I consented. Not met.
8. July 5, 2026, 4:24 p.m. — "I will file a letter with the court requesting an extension of fact discovery so we can continue to work on this matter." I did not object.

Six response dates were promised and passed: January 9, February 23 and 27, April 3, April 30, May 4, and May 29, 2026.

### B. In eleven months the City has not answered or objected to a single interrogatory

I served interrogatories on October 9, 2025 and supplemental sets on October 27, 2025. At the City's request I withdrew them and served a Rule 33-compliant set of twenty-five interrogatories with document requests on August 13, 2026. The City has never served answers or objections to any interrogatory, from either counsel. Its only substantive written discovery response in this case remains its October 21, 2025 response and objections to my September 10, 2025 document requests. Under Rules 33(b)(2) and 34(b)(2)(A) responses were due thirty days after service in each instance.

ECF No. 67 says the requests seek "extensive Monell-related discovery." The Monell allegations have been in this case from the start, and the City has had the substance of these requests since October 9, 2025. The only objection it has ever articulated — numerosity under Rule 33(a) (ECF No. 65) — was cured on August 13, 2026, when I withdrew eighty-three interrogatories and served twenty-five.

### C. The settlement account in ECF No. 65 does not match the record

ECF No. 65 told the Court that "the parties remain extremely far apart" and that resolution is "not possible at this time." No offer, counteroffer, figure, or position on my demand has ever been conveyed to me. I served my demand on September 30, 2025 and served it again on present counsel on December 3, 2025. The City's response was due November 13, 2025 under the scheduling order. It was never served, and I filed a notice of non-compliance on November 14, 2025.

Counsel's own December 2, 2025 email, memorializing our December 1 call, states: "We agreed that I will be reviewing your settlement demand and will provide City's response as soon as I can get authority," and "*You agreed to work with me on the timelines for any future responses especially defendant's DRI responses so I can work on a settlement response from the City.*" On January 15, 2026 counsel confirmed "we agreed on February 23 (settlement response)." On July 5, 2026 counsel wrote, "I will keep you apprised of any developments on our end as to the settlement review." Nothing followed any of these statements.

I make no application about settlement here. I ask only that the record be accurate on the point that matters to this motion: the extensions I consented to were sought, in counsel's own words, so that the City could prepare a settlement response that was never served.

### D. The recording the City will not address

On December 5, 2022, P.O. Cara Cahill of the 120th Precinct documented a domestic incident report by Francyna Evins, Complaint No. 9633 (Incident No. 963-5315). Two days later I-card Warrant/OCA No. I2022063718 issued, and I was detained on it on May 16, 2023 — the arrest ECF No. 65 itself identifies. Officer Cahill's body-worn camera recording is the only contemporaneous record of what Ms. Evins reported.

I demanded that recording in writing on November 17 and 18, 2025, on March 3, 2026, and again on August 6, 10, 13, and 24, 2026. The City has given one written response in ten months, on March 3, 2026 at 5:38 p.m.: it needed "an extension so we can complete any outstanding discovery as the one that you

are referring to." ECF No. 65, filed in response to this Court's August 31, 2026 order, does not mention the recording at all.

ECF No. 65 § 4 reports that my August 24, 2026 preservation request was communicated to the NYPD on August 26, 2026. The City's duty did not begin there. Counsel then representing me filed notices of claim with the Comptroller in or about November and December 2023 arising from these detentions, and the City conducted General Municipal Law § 50-h examinations on February 22 and February 27, 2024, one of them captioned "Clayton Howard v. City of New York." I have requested the claim files from the Comptroller and from prior counsel and will supplement the record when I receive them. Under the NYPD's own procedure, body-worn camera video is deleted automatically at the end of a default retention period. Whether this recording still existed when the City was first on notice is a question the City has never answered, and every extension postpones the answer.

**E. Prejudice**

Fact discovery closes on October 15, 2026, with a joint status report due the same day. A September 28 response date leaves seventeen days. I have noticed the City's Rule 30(b)(6) deposition for October 6, 2026 on the existence, retention, and deletion of the recording; without the written responses I cannot prepare that examination, identify deficiencies, or return to this Court in time if the responses are incomplete.

**F. Final Note regarding Service by Defense Counsel**

Defense counsels application states Plaintiff was served via email on Sept 11, 2026, which is not true. Plaintiff requested the filing from Defense due to his pacer account being locked within one hour of the Defenses filing. Plaintiff waited until Sunday 13, 2026 before requesting the filing from a friend with pacer privileges. I offer this account so it is placed before the court for its truth and nothing more. Defense never served me with the application on September 11, 2026. I requested it same date as filed, but when counsel did not response by Sunday September 13, 2026 I asked a friend to provide the filing so that I could respond before the court granted defense counsel request. I a aware my response to the application may waive a service defect, however I wish the record to reflect additional statements made by defense counsel that are demonstrably false.

**F. Relief requested**

1. Deny the request at ECF No. 67.
2. Direct the City to serve complete responses and objections to the August 13, 2026 interrogatories and document requests on September 14, 2026, or on a date certain no later than September 18, 2026.
3. Direct that no further extension be granted absent a showing of good cause supported by a sworn statement.
4. Direct the City to produce all preservation notices filed in connection to this action and/or associated Notice of Claim filing which precedes the filing of this action.
5. Direct the City to state in writing whether the December 5, 2022 Cahill recording exists and, if it does not, when and how it was deleted, the retention rule applied, and the date any litigation hold first issued — the relief I requested at ECF No. 64 ¶ 4.
6. Order the City to provide the Plaintiff with all Notice of Claims filed on his behalf to include and Notice to Preserve so that the original date the City was put on notice can be reflected on the record.
7. Reserve my application for expenses under Rule 37(a)(5).

I thank the Court for its consideration.

Respectfully submitted,

/s/ Clayton Howard
Clayton Howard
Plaintiff, pro se
(929) 781-7791
itsclaytonhoward@gmail.com

**cc:** Anumeha Tanya, Esq., Senior Counsel, New York City Law Department (by email, atanya@law.nyc.gov)