FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 14 2026 ★
BROOKLYN OFFICE

**CLAYTON HOWARD**

24 Orchard Street · Carteret, New Jersey 07008 · (929) 781-7791 · itsclaytonhoward@gmail.com

September 9, 2026

**VIA ECF**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE)**
Plaintiff's letter-motion under Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(5) for an order directing the manner of service on Detective Matthew J. DePalma

Dear Judge Eshkenazi:

I am the plaintiff, appearing *pro se*. I write pursuant to the Order of the Hon. Kiyo A. Matsumoto dated August 28, 2026, in which Your Honor was "respectfully requested to oversee service of the summons and amended complaint on the newly added individual defendants." I ask the Court to direct the manner of service on Detective Matthew J. DePalma, Shield No. 552, of the 120th Precinct Detective Squad. Service under C.P.L.R. §§ 308(1), (2) and (4) has proved impracticable at the address the City itself designated.

**A. Service status of the three individual defendants.**

1. **Detective Christopher Robley** — served August 19, 2026 at the 75th Precinct Detective Squad, 1000 Sutter Avenue, Brooklyn, by delivery to Sergeant Arsenio Berrios, Shield No. 1128; confirmatory mailing completed August 26, 2026; proof of service complete that same day. However I would be contacted by the clerk and informed the court did not accept electronic copies of affidavits of service, requiring the original ink filing to be mailed in or delivered personally. I was forced to wait until my return into the United States on Sept 7, 2026.
2. **Detective Joseph Quirk** – Process server 1st attempt September 9, 2026 at 1 Police Plaza, Room 110-A, with updates as of this filing
3. **Detective Matthew DePalma** — three attempts on August 18 and 19, 2026 at 78 Richmond Terrace, Staten Island. No papers were accepted. This motion concerns Detective DePalma only.

**B. The City designated the place at which Detective DePalma was to be served.**

4. On August 11, 2026 at 5:02 p.m. I asked counsel for the City, Anumeha Tanya, Esq., whether I could "simply go to" a location she had named "with the complaints and state i need to have the complaint and summons served on the officers," and where inside the

REC'D IN PRO SE OFFICE
SEP 14 '26 PM4:28

building to go. Counsel did not correct that premise. She replied at 5:24 p.m. that "[t]he other officers may have other commands where they may be served," and that she would "check and let you know by tomorrow."

5. On August 12, 2026 at 1:30 p.m. counsel answered as to all three detectives: "Det Quirk can be served at 1 PP, Room 110-A. Det. Christopher Robley's command is 075 Det. Squad, 1000 Sutter Avenue, Brooklyn, NY 11208. Det. Matthew Depalma, command is 120 Det. Squad, 78 Richmond Terrace, Staten Island, NY 10301." The exchange is **Exhibit A.** I attempted service on Detective DePalma at that address and at no other. I do not contend that counsel waived service under Rule 4(d) or agreed to accept process; she did neither, and I claim nothing of the kind. I say only that the place where service was attempted, and refused, is the place the City supplied in answer to a question about how to serve — and that the same answer, followed at the 75th Precinct, produced service on Detective Robley without incident.

**C. The attempts at the location the City designated.**

6. **August 18, 2026, approximately 4:00 p.m.** My process server, Jermarl Ferrell, appeared at 78 Richmond Terrace. He was told he would have to produce identification to be run for warrants as a condition of proceeding. He declined; no provision of New York law and no Federal Rule conditions service of process on the server submitting to a warrant check. Detective DePalma was not produced and no one accepted the papers.

7. **August 19, 2026, approximately 2:00 p.m.** Mr. Ferrell returned. The desk officer telephoned the Detective Squad in his presence, reported that Detective DePalma was present but busy, and directed Mr. Ferrell to return after 7:00 p.m.

8. **August 19, 2026, approximately 7:00 p.m.** Mr. Ferrell returned at the hour the Department itself designated. The desk officer stated that Detective DePalma was in the building and that Detective DePalma and his Sergeant refused to accept the summons and complaint.

9. **I state plainly what the affidavit does and does not establish.** Mr. Ferrell never came into Detective DePalma's physical presence on any of the three occasions. Everything he reports about Detective DePalma's presence in the building and his refusal is what a desk officer told him, and he says so expressly at ¶¶ 19–20 of his affidavit **(Exhibit B)**. I therefore do not offer Exhibit B as proof of completed service under *Bossuk v. Steinberg*, 58 N.Y.2d 916 (1983), and do not ask the Court to find that service was effected. I offer it as a record of diligence and of impracticability.

**D. Sections 308(1), (2) and (4) are impracticable here.**

10. **§§ 308(1) and (4).** Detective DePalma has never been produced to the process server and his residence address is not known to me, so there is no place at which personal delivery can be attempted. Affixing process to the door of an operating police station house is

neither practical nor reasonably calculated to bring the papers to his attention, and § 308(4) is in any event available only after the diligence that ¶¶ 6–8 describe.

11. **§ 308(2).** The identical method succeeded on Detective Robley at the 75th Precinct nine days earlier, at an address supplied in the same message. It failed here not because the method is unavailable but because no one at the command the City designated would accept the papers. Where the designated command declines to receive process, § 308(2) supplies no route.

12. **The standard.** Rule 4(e)(1) permits service by any method allowed by the law of the state in which the district court sits. Section 308(5) authorizes service "in such manner as the court, upon motion without notice, directs, if service is impracticable" under paragraphs one, two and four. Impracticability is a lesser showing than the due diligence § 308(4) requires and does not demand impossibility. *See Dobkin v. Chapman*, 21 N.Y.2d 490 (1968). I file on notice and serve Corporation Counsel by ECF notwithstanding the statute's ex parte provision.

13. **Waiver is not the question presented.** The City's August 27, 2026 letter states that Corporation Counsel "is not authorized to waive service of process" on the individual defendants' behalf (ECF No. 63), citing *Dunton* and *Mercurio*. I do not dispute that, and Exhibit A asserts nothing to the contrary. Whether counsel may waive service is a different question from whether this Court may direct a method of service under § 308(5), and nothing in the City's letter addresses the second.

### E. Relief requested.

14. I respectfully request an order directing that service on Detective DePalma be made by one or more of the following methods, in whatever combination the Court finds reasonably calculated to give him notice:
    (a) delivery of the summons and Amended Complaint to the Corporation Counsel of the City of New York as the Court-designated agent for Detective DePalma;
    (b) delivery to the Commanding Officer or the Integrity Control Officer of the 120th Precinct, 78 Richmond Terrace, Staten Island, New York 10301, together with a first-class mailing to Detective DePalma at that address in an envelope marked "personal and confidential" and not indicating that it is from an attorney or concerns an action;
    (c) delivery to the Legal Bureau of the New York City Police Department; and
    (d) in the alternative, an order directing the City either to accept service on Detective DePalma's behalf or to designate a location at which service will in fact be received.

15. To the extent any part of the Rule 4(m) period would otherwise lapse while this application is pending, I request that it be extended for good cause and, alternatively, in the Court's discretion.

16. **Conferral.** Defense counsel has refused to complete service of the summons and complaint.

The August 28, 2026 order makes service the event that starts every obligation the City owes in this case — on representation, on any motion to dismiss, on discovery, and on settlement. I followed the City's own direction as to where Detective DePalma could be served, and the papers were refused there three times. I cannot complete service without the Court's assistance, and I am available at the Court's convenience.

Respectfully submitted,

/s/ Clayton Howard
**CLAYTON HOWARD**
Plaintiff Pro Se

Encl.: Exhibit A — E-mail exchange with Anumeha Tanya, Esq., August 10–12, 2026 (complete, four pages); Exhibit B — Affidavit of Attempted Service and Due Diligence of Jermarl Ferrell, sworn August 20, 2026; Proposed Order

cc: Anumeha Tanya, Esq., New York City Law Department (via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------x

CLAYTON HOWARD,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

Defendants.

-------------------------------------------x

Case No. 1:24-cv-08316 (KAM)(LKE)

Hon. Kiyo A. Matsumoto, U.S.D.J.
Hon. Lara K. Eshkenazi, U.S.M.J.

# EXHIBIT A

---

## AFFIDAVIT OF ATTEMPTED SERVICE AND DUE DILIGENCE OF JERMARL FERRELL

---

**Affiant:** Jermarl Ferrell, 8 Birch Road, Staten Island, New York 10303 (non-party).

**Sworn to: August 20, 2026**

**Subject:** Attempted personal service of the Summons and Amended Verified Complaint upon Detective Matthew J. DePalma, Shield No. 552, 120th Precinct Detective Squad, 78 Richmond Terrace, Staten Island, New York 10301.

**Dates of attempt:** August 18, 2026 (approx. 4:00 p.m.); August 19, 2026 (approx. 2:00 p.m.); and August 19, 2026 (approx. 7:00 p.m.).

**Description:**

The affidavit annexed behind this cover sheet sets forth, upon the affiant's personal knowledge, each attempt made to effect personal service upon Detective DePalma at his actual place of business; the demand that the affiant produce identification to be run for warrants as a condition of proceeding; the direction that the affiant return after 7:00 p.m.; and the report that Detective DePalma and his Sergeant declined to accept the process. The affidavit expressly distinguishes between what the affiant personally observed and what he was told by members of the Department, and is submitted as a record of diligence in support of the accompanying application under Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(5), and not as proof of completed service.

**Pages annexed:** 1 through 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------X

CLAYTON HOWARD, 24-8316 (LKE)

*Plaintiff*,

v.

CITY OF NEW YORK,

MATTHEW DEPALMA,

JOSEPH QUIRK.

CHRISTOPHER ROBLEY, and

JOHN AND JANE DOES 1 - 10,

*Defendants*,

-----------------------------------------X

**AFFIDAVIT OF ATTEMPTED SERVICE AND DUE DILIGENCE AS TO MATTHEW DEPALMA**

STATE OF NEW YORK)

) ss.:

COUNTY OF RICHMOND)

**I, JERMARL FERRELL**, being duly sworn, deposes and says:

## I. THE AFFIANT

1. I am over the age of eighteen (18) years, I am not a party to the above-captioned action, and I reside at 8 Birch Road, Staten Island, New York 10303. I make this affidavit upon my own personal knowledge, except where I expressly state that a fact was reported to me by another person.

2. I undertook, at the request of Plaintiff Clayton Howard, to deliver the papers described in paragraph 3 below to Defendant Detective Matthew DePalma. I am not a licensed process server and I do not serve process as a business or occupation.

3. On each of the occasions described below I had in my possession true copies of the Summons in a Civil Action issued by the Clerk of this Court and directed to Defendant Detective Matthew DePalma, and the Amended Verified Complaint filed in this action on August 8, 2026 (ECF No.61) (together, the "Process").

## II. THE PERSON TO BE SERVED AND HIS ACTUAL PLACE OF BUSINESS

4. The person to be served is Defendant Detective Matthew DePalma, a sworn member of the New York City Police Department ("NYPD").

5. Detective DePalma is assigned to the 120th Precinct Detective Squad of the NYPD. That command is housed within the 120th Precinct station house located at 78 Richmond Terrace, Staten Island, New York 10301 (the "120th Precinct"). The 120th Precinct is Detective DePalma's actual place of business.

## III. FIRST ATTEMPT — TUESDAY, AUGUST 18, 2026, 4:00 P.M.

6. On Tuesday, August 18, 2026, at approximately 4:00 p.m., I appeared in person at the 120th Precinct, 78 Richmond Terrace, Staten Island, New York, and requested Detective Matthew DePalma for the purpose of delivering the Process to him personally. I stated the nature of my business.

7. A member of the Department then on duty demanded that I produce personal identification so that my identifying information could be run for outstanding warrants as a condition of proceeding. I declined to submit to a warrant check. I was not told of, and was not

shown, any written Department policy requiring a member of the public to submit to a warrant check in order to deliver legal papers to a member of the Department at that member's command.

8. I provided a visual verification of my ID to the officer as support that I did possess New York State Identification. I was then told I must remove it from my wallet and give it to the officer, which I refused having served a process on another city employee in the past, and being knowledge of federal rule of Evidence regarding service of process upon a party. I was directed that Depalma would not come down, and told to come back later.

9. Detective DePalma was not produced to me on that occasion, no member of the Department would accept the Process on his behalf, and I was unable to deliver the Process.

## IV. SECOND ATTEMPT — WEDNESDAY, AUGUST 19, 2026, 2:00 P.M.

10. On Wednesday, August 19, 2026, at approximately 2:00 p.m., I again appeared in person at the 120th Precinct and again requested Detective DePalma for the purpose of delivering the Process to him personally.

11. The member of the Department at the front desk placed a telephone call to the Detective Squad in my presence. Following that call, the desk officer informed me that Detective DePalma was present in the building but was busy, and directed me to return after 7:00 p.m.

12. I relied on that direction. Detective DePalma was not produced to me, no member of the Department would accept the Process on his behalf, and I was unable to deliver the Process on that occasion.

13. I did attempt to obtain the name or shield number of the desk officer. But when I asked he refused and when I tried to view his name and shield he turned and walked away.

## V. THIRD ATTEMPT — WEDNESDAY, AUGUST 19, 2026, 7:00 P.M.

14. On Wednesday, August 19, 2026, at approximately 7:00 p.m., I returned to the 120th Precinct as I had been directed to do earlier that same day, and for the third time requested Detective DePalma for the purpose of delivering the Process to him personally.

15. The member of the Department at the desk informed me that Detective DePalma was present in the building. That member of the Department further informed me that Detective DePalma and Detective DePalma's Sergeant refused to accept the Summons and Amended Verified Complaint.

16. I asked to leave the papers at the desk, and the officer declined to take them. With this final refusal I left the precinct and contacted the plaintiff who informed me that after three (3) attempts he could seek alternate service. He then advised me to produce my affidavit for filing detailing all three attempts.

17. This officer's name was Taylor, and I believe the badge number read: 272-792. The officer was male, short, Caucasian, bald head and about 5ft 7inches to 5 ft 9 inches tall.

18. Detective DePalma was not produced to me, no member of the Department would accept the Process on his behalf, and I was unable to deliver the Process on that occasion.

## VI. LIMITS OF MY PERSONAL KNOWLEDGE

19. I state plainly, so that there is no misunderstanding of what I can and cannot swear to: at no time on August 18, 2026 or August 19, 2026 did I come into the physical presence or the sight or hearing of Detective Matthew DePalma. I never saw him. I cannot state of my own knowledge that Detective DePalma was in fact present in the building on either date, that he was personally informed of my presence or of the nature of the papers I carried, or that he personally refused to accept them.

20. What I can and do swear to is this: on each of the three occasions described above, members of the New York City Police Department on duty at Detective DePalma's command told me that he was there; declined to produce him; declined to accept the Process on his behalf; and, on the third occasion, told me affirmatively that he and his supervising Sergeant refused to accept it.

## VII. SUMMARY OF DILIGENCE

21. I made three separate attempts to effect personal delivery of the Process upon Detective DePalma, on two different days, at three different times of day — 4:00 p.m., 2:00 p.m., and 7:00 p.m. — including one attempt at a time expressly designated by the Department itself.

22. Each attempt was made at Detective DePalma's actual place of business during hours when that facility is continuously staffed and open. The 120th Precinct is a New York City Police Department station house that is staffed twenty-four hours a day.

23. On each occasion delivery was prevented not by Detective DePalma's absence but by the refusal of members of the Department to produce him or to accept the Process on his behalf. Accordingly:

(a) Personal delivery under Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 308(1) could not be effected, because Detective DePalma was never produced to me; and

(b) Delivery to a person of suitable age and discretion at the actual place of business under N.Y. C.P.L.R. § 308(2) could not be effected, because no person at the 120th Precinct would accept the Process on Detective DePalma's behalf on any of the three occasions.

24. I make this affidavit in support of Plaintiff's application to this Court for an order directing an alternative method of service upon Detective Matthew DePalma. I do not contend, and this affidavit should not be read to contend, that service upon Detective DePalma has been completed.

Dated: Staten Island, New York

August 20, 2026

**JERMARL FERRELL**
8 Birch Road
Staten Island, New York 10303
(929)258-5204
godsgift1jah@gmail.com

**DECLARATION UNDER PENALTY OF PERJURY**
**(In Lieu of Notarization)**

I, JERMARL FERRELL, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

I understand that this unsworn declaration has the same force and effect as a sworn affidavit executed before a notary public.

Executed on August 21, 2026, at Staten Island, New York.

JERMARL FERRELL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------x

CLAYTON HOWARD,

Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

Defendants.

--------------------------------------------x

Case No. 1:24-cv-08316 (KAM)(LKE)

Hon. Kiyo A. Matsumoto, U.S.D.J.
Hon. Lara K. Eshkenazi, U.S.M.J.

# EXHIBIT B

---

## ELECTRONIC MAIL CORRESPONDENCE BETWEEN PLAINTIFF AND ANUMEHA TANYA, ESQ., SENIOR COUNSEL, NEW YORK CITY LAW DEPARTMENT

---

**Correspondents:** Clayton Howard, Plaintiff pro se, and Anumeha Tanya, Esq., Senior Counsel, Special Federal Litigation Division, New York City Law Department, 100 Church Street, New York, New York 10007.

**Thread:** "Joseph Quirk" — service email messages.

**Date range:** **August 10**, 2026 through August 12, 2026

**Pages annexed:** 1 through 4

**Description:**

The pages annexed behind this cover sheet are the correspondence between Plaintiff and counsel for the City of New York concerning the addresses at which the individual Detective-Defendants could be served, the method by which the City would accept or decline service on their behalf, and Plaintiff's requests that the City provide a service address. An index of messages precedes the printout.

**Authentication:**

The pages that follow are a true and complete printout of the above-identified electronic mail thread as it appears in Plaintiff's electronic mail account, printed on September 10, 2026, with all quoted text expanded. Nothing has been omitted, redacted, or altered except as expressly noted on the index page. Plaintiff is a party to each message reproduced.

Gmail **Clayton Howard** [redacted]

---

## Joseph Quirk

7 messages

---

**Clayton Howard** [redacted] Mon, Aug 10, 2026 at 4:42 PM
To: "Tanya, Anumeha" [redacted]

Ma Tanya

Joseph Quirk has been transferred from
The 120 precinct. Can you adbise how I might find what precinct he is in now?

Clayton Howard

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

---

**Tanya, Anumeha** [redacted] Mon, Aug 10, 2026 at 5:43 PM
To: Clayton Howard [redacted]

Mr. Howard,

I am awaiting information on this request. I will provide it as soon as I have it.

Thanks,

*Anumeha Tanya*

*Senior Counsel*

Special Federal Litigation Division

New York City Law Department

[redacted]

**From:** Clayton Howard [redacted]
**Sent:** Monday, August 10, 2026 4:42 PM

**To:** Tanya, Anumeha [redacted]
**Subject:** [EXTERNAL] Joseph Quirk

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious,** report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

[Quoted text hidden]

---

**Clayton Howard** [redacted] Mon, Aug 10, 2026 at 7:05 PM
To: "Tanya, Anumeha" [redacted]

Mrs Tanya

Attached I have provided a BWC demand for PO Cara Cahill of the 120th Precinct regarding the December 5, 2022 complaint she documented for alleged victim Francyna Evins. As I have explained, this complaint is the foundation of the first arrest which I support with the exhibits provided. Please review

Clayton Howard
Plaintiff Pro se
[Quoted text hidden]

**3 attachments**

**BWC Preservation Demand Cahill 120Pct Howard.pdf**
179K

**Exhibits A - B DIR ATRO QUIRK AFF.pdf**
7357K

**Exhibit_C_Quirk_Affidavit.pdf**
697K

---

**Tanya, Anumeha** [redacted]> Tue, Aug 11, 2026 at 5:00 PM
To: Clayton Howard [redacted]

You can have the Detective served at 1 POLICE PLAZA, New York, NY10038.

*Anumeha Tanya*

*Senior Counsel*

Special Federal Litigation Division

New York City Law Department

100 Church Street

New York, NY 10007

[redacted]

**From:** Clayton Howard [redacted]
**Sent:** Monday, August 10, 2026 4:42 PM
**To:** Tanya, Anumeha [redacted]
**Subject:** [EXTERNAL] Joseph Quirk

**CAUTION! EXTERNAL SENDER.** Never click on links or open attachments if sender is unknown, and never provide user ID or password. If **suspicious**, report this email by hitting the **Phish Alert Button**. If the button is unavailable or you are on a mobile device, forward as an attachment to phish@oti.nyc.gov.

Ma Tanya

[Quoted text hidden]

---

**Clayton Howard** [redacted] Tue, Aug 11, 2026 at 5:02 PM
To: "Tanya, Anumeha" [redacted]

Mrs Tanya

Does that go for all detectives or just Quirk? And i can simply go to one police plaza with the complaints and state i need to have the complaint and summons served on the officers? If so what department or where do I do to inside one police ppaza as its huge

Clayton Howard
Plaintiff pro se

Sent from my mobile device, please excuse brevity and/or spelling mistakes.
[Quoted text hidden]

---

**Tanya, Anumeha** [redacted] Tue, Aug 11, 2026 at 5:24 PM
To: Clayton Howard <[redacted]

Det. Quirk's correct command allows him to be served at 1 PP. I will send you the exact location where you can have them served. The other officers may have other commands where they may be served.

I will check and let you know by tomorrow.

Thanks.

[Quoted text hidden]

---

**Tanya, Anumeha** [redacted] Wed, Aug 12, 2026 at 1:30 PM
To: "itsclaytonhoward@gmail.com" [redacted]

Good afternoon Mr. Howard,

Det Quirk can be served at 1 PP, Room 110-A.

Det. Christopher Robley's command is 075 Det. Squad, 1000 Sutter Avenue, Brooklyn, NY11208.

Det. Matthew Depalma, command is 120 Det. Squad, 78 Richmond Terrace, Staten Island, NY10301.

Thank you,

[Quoted text hidden]

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------x

CLAYTON HOWARD,

Plaintiff,

Case No. 1:24-cv-08316 (KAM)(LKE)

- against -

THE CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------x

# EXHIBIT 1

---

**UNITED STATES POSTAL SERVICE eRECEIPT**

**DATED AUGUST 24, 2026**

---

Annexed to the Affidavit of Mailing of Andre Paige Lewis.

Electronic receipt issued by the United States Postal Service, Lawrence, New York Post Office, 12 Bayview Avenue, Lawrence, New York 11559, on August 24, 2026 at 4:02 p.m., evidencing First-Class Mail (large envelope) postage of $4.32, a 10.5 x 16 mailer at $1.89, and Certified Mail service at $5.55, total $11.76, for an article weighing 9.50 ounces addressed to Brooklyn, New York 11208, bearing tracking number 9589 0710 5270 4209 6477 97.

- Rule 4(l)(3): failure to prove service does not affect the validity of service, and the court may permit proof to be amended. If something here is wrong, amend it — do not let it sit.

Gmail

Clayton Howard <itsclaytonhoward@gmail.com>

**USPS eReceipt**

1 message

DoNotReply@ereceipt.usps.gov <DoNotReply@ereceipt.usps.gov>
To: ITSCLAYTONHOWARD@gmail.com

UNITED STATES POSTAL SERVICE ®

LAWRENCE
12 BAYVIEW AVE
LAWRENCE, NY 11559-1045
www.usps.com

08/24/2026 04:02 PM

TRACKING NUMBERS
9589 0710 5270 4209 6477 97

TRACK STATUS OF ITEMS BY LINK
(Up to 25 items)
Click to track items

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Mailer 10.5 x 16 | 1 | $1.89 | $1.89 |
| First-Class Mail® Large Envelope | 1 | | $4.32 |

Brooklyn, NY 11208
Weight: 0 lb 9.50 oz
Estimated Delivery Date
Wed 08/26/2026
Certified Mail® $5.55
Tracking #:
9589 0710 5270 4209 6477 97

Total $9.87

Grand Total: $11.76

Debit Card Remit $11.76
Card Name: MasterCard
Account #: XXXXXXXXXXXX9911
Approval #: 2HDVY8
Transaction #: 330
Receipt #: 038185
Debit Card Purchase: $11.76
AID: A0000000042203 Contactless
AL: DEBIT

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused boxes MUST be completely removed/obliterated if they no longer match the contents.

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team that delivers! The Postal Service is actively hiring for full and part-time positions. To learn more visit us at www.usps.com/careers

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service
1-800-ASK-USPS

(1-800-275-8777)
Agents do not have any additional information other than what is provided on USPS.com.

Tell us about your experience.
Go to: https://postalexperience.com/pos?mt=9
or call 1-800-410-7420.

---

UFN: 354600-0559
Receipt #: 840-51170023-3-8544514-1
Clerk: 17

**Privacy Act Statement:** Your information will be used to provide you with an electronic receipt for your purchase transaction via email. Collection is authorized by 39 USC 401, 403, and 404. Providing the information is voluntary, but if not provided, we will be unable to process your request to receive an electronic receipt. We do not disclose your information to third parties without your consent, except to facilitate the transaction, to act on your behalf or request, or as legally required. This includes the following limited circumstances: to a congressional office on your behalf; to financial entities regarding financial transaction issues; to a U.S. Postal Service auditor; to entities, including law enforcement, as required by law or in legal proceedings; to contractors and other entities aiding us to fulfill the service (service providers); to process servers; to domestic government agencies if needed as part of their duties; and to a foreign government agency for violations and alleged violations of law. For more information on our privacy policies visit www.usps.com/privacypolicy.

This is an automated email. Please do not reply to this message. This message is for the designated recipient only and may contain privileged, proprietary, or otherwise private information. If you have received it in error, please delete. Any other use of this email by you is prohibited.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------ X

CLAYTON HOWARD,

*Plaintiff,*

- against -

THE CITY OF NEW YORK;
JOSEPH QUIRK;
CHRISTOPHER ROBLEY;
MATTHEW DEPALMA;
and JOHN AND JANE DOES 1-10,

*Defendants.*

------------------------------------ X

Case No. 24-cv-8316 (KAM)(LKE)

**AFFIDAVIT OF SERVICE UPON DEFENDANT DETECTIVE CHRISTOPHER ROBLEY**

STATE OF NEW YORK)
) ss.:
COUNTY OF QUEENS)

I, **ANDREA PAIGE LWEIS**, being duly sworn, deposes and says:

## I. THE AFFIANT

- I am over the age of eighteen (18) years, I am not a party to the above-captioned action, and I reside in the County of Queens, State of New York. I make this affidavit upon my own personal knowledge.

## II. THE PAPERS SERVED

- On each of the occasions described below I had in my possession true copies of the following papers in the above-captioned action (collectively, the "Process"):
    - Summons in a Civil Action, issued by the Clerk of this Court and

directed to Defendant Detective Christopher Robley; and

- Amended Verified Complaint, filed on August 8, 2026 2026 (ECF No. 61).

## III. THE PERSON TO BE SERVED AND HIS ACTUAL PLACE OF BUSINESS

- The person to be served is Defendant Detective Christopher Robley, a sworn member of the New York City Police Department ("NYPD").
- Detective Robley is assigned to the 75th Precinct Detective Squad of the NYPD. That command is housed within the 75th Precinct station house located at 1000 Sutter Avenue, Brooklyn, New York 11208 (the "75th Precinct"). The 75th Precinct is Detective Robley's actual place of business.

## IV. PRIOR ATTEMPTS AT PERSONAL DELIVERY

- **First attempt — Friday, August 14, 2026, at approximately 5:00 p.m.** I appeared in person at the 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York, and requested Detective Christopher Robley for the purpose of delivering the Process to him personally. Detective Robley was not produced to me and no member of the NYPD accepted the Process on that occasion. I was informed by the member of the Department at the front desk that Detective Robley was not present and he and his Sergeant were working between twp separate precincts. I was advise to return the next day.

- **Second attempt — Wednesday, August 19, 2026, at approximately 10 a.m.** I again appeared in person at the 75th Precinct and again requested Detective Robley for the purpose of delivering the Process to him personally. Detective Robley was not produced to me and no member of the NYPD accepted the Process on that occasion. I was instructed by a member of the Department to return after 2:00 p.m.

## V. DELIVERY OF THE PROCESS ON AUGUST 19, 2026

- **Third appearance and delivery — Wednesday, August 19, 2026, at approximately 7:00 p.m.** I returned in person to the 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208, and again requested Detective Christopher Robley. Detective Robley was again not produced to me.
- On that occasion I delivered true copies of the Process to a uniformed member of the NYPD who was then on duty at the 75th Precinct, who identified himself to me as **Sergeant Berrios**, and who displayed **shield number 1128**. Sergeant Berrios accepted the Process on behalf of Detective Robley and took physical custody of it.
- I describe Sergeant Berrios as follows: sex — male; apparent age — between 35 – 45 years; height 5 '5 approximately 5 feet 7 inches to 5 feet 9 inches; weight — approximately 170 pounds; hair — Black ; skin color — brown. He appeared to me to be of Hispanic descent. He was in NYPD uniform, displayed the rank insignia of a Sergeant, and displayed

shield number 1128.

- Sergeant Berrios is a person of suitable age and discretion. He is plainly an adult; he holds the supervisory rank of Sergeant in the NYPD; he was on duty at Detective Robley's actual place of business at the time of delivery; and he appeared to me to be fully able to understand the nature of the papers delivered to him and to transmit them to Detective Robley.
- Before accepting the Process, Sergeant Berrios stated to me that he was authorized to accept service of process on behalf of Detective Robley.
- At the time of delivery I stated to Sergeant Berrios the nature of the papers, namely that they were a summons and complaint in a civil action against Detective Christopher Robley.

## VI. MAILING

- On August 24, 2026, I enclosed an additional true copy of the Process in a postpaid, properly addressed envelope bearing the legend **"PERSONAL AND CONFIDENTIAL"** on its face, and deposited that envelope for first class mail in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to Detective Robley at his actual place of business as follows:

  Detective Christopher Robley
  New York City Police Department
  75th Precinct Detective Squad
  1000 Sutter Avenue
  Brooklyn, New York 11208

- The envelope described in paragraph 14 did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or that it concerned an action against the person to be served.
- The delivery described in paragraph 9 and the mailing described in paragraph 14 were effected within twenty (20) days of each other.

## VII. BASIS OF SERVICE

- To the extent Sergeant Berrios was an agent authorized by appointment or by law to receive service of process on behalf of Detective Robley, service was effected pursuant to **Rule 4(e)(2)(C)** of the Federal Rules of Civil Procedure by the delivery described in paragraph 9.
- In the alternative, and to the extent the Court determines that Rule 4(e)(2)(C) does not apply, service was effected pursuant to **Rule 4(e)(1)** of the Federal Rules of Civil Procedure and **N.Y. C.P.L.R. § 308(2)**, in that the Process was delivered to a person of suitable age and discretion at Detective Robley's actual place of business, and the Process was thereafter mailed by first class mail to Detective Robley at that same actual place of business in an envelope bearing the legend "personal and confidential," the delivery and the mailing having been effected within twenty (20) days of each other.
- This affidavit is submitted as proof of service pursuant to **Rule 4(l)(1)** of the Federal Rules of Civil Procedure and, as to the alternative basis

pleaded in paragraph 18, as the proof of service required to be filed with the Clerk of this Court under N.Y. C.P.L.R. § 308(2). Under C.P.L.R. § 308(2), service by that method is complete ten (10) days after this affidavit is filed.

- Detective Robley was served within ninety (90) days after the filing of the Amended Verified Complaint, as required by **Rule 4(m)** of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
August 24, 2026

ANDRE PAIGE LEWIS

**DECLARATION UNDER PENALTY OF PERJURY**
**(In Lieu of Notarization)**

I, ANDREA PAIGE LEWIS, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

I understand that this unsworn declaration has the same force and effect as a sworn affidavit executed before a notary public.

Executed on August 24, 2026, at Queens, New York.

ANDREA PAIGE LEWIS

Clayton HOWARD
24 Orchard st
Carteret. NJ 07008

PRIORITY MAIL
UNITED STATES POSTAL SERVICE®
www.usps.com
LABEL 107, JUNE 2000

Retail

UNITED STATES POSTAL SERVICE®

U.S. POSTAGE PAID
PM
HOLLIS, NY 11423
SEP 10, 2026

11201

$11.00

RDC 03

0 Lb 3.30 Oz

S2322P501196-4

USMS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 14 2026 ★

BROOKLYN OFFICE

Office of the Clerk
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brookyln, New York 11201

EXPECTED DELIVERY DAY: 09/12/26

USPS TRACKING® #

9505 5147 8542 6253 5679 68