*** Filed ***
04:26 PM, 21 Sep, 2026
U.S.D.C., Eastern District of New York

**CLAYTON HOWARD**
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791 • itsclaytonhoward@gmail.com

September 22, 2026

**BY PRO SE DOCUMENT SUBMISSION**

Hon. Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Howard v. City of New York*, No. 1:24-cv-08316 (KAM)(LKE) — notice under Section III.C.1.a; request that Section III.B be excused or this letter treated as the pre-motion request; corrections to the papers submitted September 21, 2026

Dear Judge Matsumoto:

I am the plaintiff and I appear pro se. On September 21, 2026 I submitted an order to show cause for a preliminary injunction and a temporary restraining order, my declaration and exhibits, a memorandum of law, a proposed preliminary injunction order, an index of exhibits, and a declaration of service. I write to give the notice the Court's rules require, to ask the Court's leave for the manner of submission, to explain why two exhibits are not on the docket, and to correct several errors in the papers before the Court acts on them.

1. Submission before briefing is complete.

Section III.C.1.a of the Court's Chambers Practices provides that no motion papers shall be filed via ECF until the motion has been fully briefed, "except that upon notice to the Court and all parties, a party may file a motion before briefing is completed if waiting to file a fully briefed motion would result in the loss of an appellate or other right." This letter is that notice, and a copy goes to counsel for the City with it.

The right at stake is liberty. The application asks the Court to require the Police Department to take three steps that N.Y. Crim. Proc. Law § 140.10 already requires — query the State registry of orders of protection, obtain a written supervisory review, and prepare a domestic incident report — before it arrests me again on a complaint by either of two named people. Waiting until the motion is fully briefed would mean waiting through the interval in which the arrest the motion seeks to prevent can occur. An arrest number entered on June 8, 2026 still stands "DP-PENDING," and I do not know whether the investigation card behind it is active today.

2. Pre-motion conference.

Section III.B requires a pre-motion conference before any motion other than habeas corpus petitions, default motions, social security cases and bankruptcy appeals. An application for injunctive relief is not among the exceptions, and I do not read the rule to excuse me from it. I respectfully ask the Court either to excuse the requirement for this application or to treat this letter as the pre-motion request, made on an expedited basis. The basis for the motion is set out in the memorandum of law submitted with it. In short, the order sought runs only against the City and the Department, restrains no complainant from reporting to the police or filing a petition, reaches no prosecutor and no state-court proceeding, appoints no monitor, and compels no conduct beyond what state law already commands.

3. How the papers were submitted, and when the City was served.

I am not permitted to file electronically; my motion for leave to do so was denied on August 6, 2026 (ECF No. 59). I submitted these papers through the Court's Pro Se Document Submission system on September 21, 2026 at approximately 3:00 p.m.

I served the City first. At 2:40 p.m. on September 21, 2026 — about twenty minutes before I submitted anything to the Court — I sent the papers by electronic mail to Anumeha Tanya, Esq., of the Special Federal Litigation Division, who has consented to service by electronic mail under Fed. R. Civ. P. 5(b)(2)(E), with copies directed to the Corporation Counsel at 100 Church Street. The exhibit volume was furnished by a link to a shared folder containing the index of exhibits and Exhibits A through X. The application is made on notice, I do not ask the Court to act without hearing the City, and I have had no ex parte communication with chambers.

4. Exhibits W and X are not on the docket, and the sealing motion has not been filed.

Two exhibits were deliberately withheld from the submission. Exhibit W is the Department's 65-page Entity Extended Report generated May 6, 2025. Exhibit X is the 30-page Entity Detailed Report generated September 9, 2026. Both are captioned "NYPD Internal Use Only. Not For Distribution." Both name dozens of people who are not parties to this case — complainants, victims, reporters, witnesses and arrestees in unrelated matters — with their roles, addresses, telephone numbers and the narratives of what happened to them. Both also display arrests that were dismissed and that should be sealed under N.Y. Crim. Proc. Law § 160.50. Redaction does not answer the problem, because the sensitive material is the substance of those two documents rather than a field inside them.

I therefore did not place Exhibits W and X on the docket, and I have not filed my motion for leave to file them under seal. On September 21, 2026 I served counsel for the City with advance copies of that motion and of the declaration in support, and asked the City to state by 5:00 p.m. on Wednesday, September 23, 2026 whether it consents to sealing, so that I could report its position to the Court accurately. I will file the motion, together with the two exhibits, after that time, and I will state the City's position or, if none is given, that its position was requested and not given. In the same message I invited the City to identify by the same time anything further it wishes redacted from the exhibits that were filed, and I undertook to make those redactions.

From the exhibits that were filed I removed Social Security numbers, dates of birth, my minor daughter's name, NYSID, driver's licence and FBI numbers, telephone numbers, apartment numbers and my booking photograph. Fed. R. Civ. P. 5.2. I am mindful of the Court's order of April 2, 2026 directing me to comply with that Rule.

5. Corrections to the papers submitted September 21, 2026.

Three corrective papers are submitted with this letter, and I apologise to the Court for the need for them.

a) A supplemental declaration making the full showing Local Civil Rule 6.1(d) requires. My declaration said only that I had not asked any other judge for this relief. That did not answer the question the rule asks. I previously moved for a preliminary injunction on October 20, 2025 (ECF Nos. 22 and 23), and the Court denied both motions by electronic order dated October 21, 2025. The supplemental declaration discloses that order, both of its holdings, and why the present application is different.
b) An amended declaration of service. The declaration submitted on September 21 misstated the time of service as 8:00 p.m., misquoted the subject line of the service e-mail, described the exhibits as attached when they were furnished by a shared-folder link, omitted two documents that were served, retained bracketed drafting text, skipped a paragraph number, and stated that I had filed through CM/ECF, which I am not permitted to do. The amended declaration states the service accurately and completely.
c) A notice of errata annexing a table of contents and a table of authorities for the memorandum of law, which exceeds ten pages and was submitted without them.

One further correction: the order to show cause and the declaration of service each recite a declaration "executed September 18, 2026." My declaration was executed on September 21, 2026. I ask that the recitals be read accordingly, and I will submit a corrected order to show cause at once if the Court prefers.

6. Proposed schedule.

The order to show cause leaves the return date and the briefing dates blank. I respectfully propose the following and will abide by whatever the Court prefers:

- the City to respond to the request for a temporary restraint by September 25, 2026;
- a conference or hearing on that request at the Court's convenience on or after September 28, 2026;
- the City to serve and file opposition to the preliminary injunction by October 5, 2026;
- plaintiff to serve and file a reply by October 13, 2026; and
- a hearing on the preliminary injunction during the week of October 19, 2026.

Because service is complete, the provision of the proposed order fixing a date for service may be entered as accomplished.

I thank the Court for its attention to this matter.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

cc: Anumeha Tanya, Esq., New York City Law Department (by electronic mail)