*** Filed ***
01:09 PM, 22 Sep, 2026
U.S.D.C., Eastern District of New York

**CLAYTON HOWARD**
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com

September 23, 2026

**BY PRO SE DOCUMENT SUBMISSION AND FIRST-CLASS MAIL**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE)**
Request to Docket the Affidavit of Service on Defendant Christopher Robley and to Fix the Date Service Is Complete

Dear Judge Eshkenazi:

I am the plaintiff, appearing pro se. By order dated August 28, 2026, Judge Matsumoto respectfully requested that Your Honor oversee service of the summons and amended complaint on the newly added individual defendants. I write about one of them. I ask the Court to direct that the affidavit of service on Detective Christopher Robley be entered on the docket as proof of service, and to fix the date on which service on him becomes complete.

1. What was served, and when.

The Clerk issued a summons naming Detective Robley individually on August 11, 2026 (ECF No. 62). On **August 19, 2026**, my process server, Andrea Paige Lewis, delivered the summons and amended verified complaint to Sergeant Berrios, a person of suitable age and discretion, at Detective Robley's actual place of business, the 75th Precinct, 1000 Sutter Avenue, Brooklyn, New York 11208. On **August 24, 2026**, the same papers were mailed to that same business address by first class mail, in an envelope marked "personal and confidential" that did not indicate on its face that the communication was from an attorney or concerned an action,

under tracking number 9589 0710 5270 4209 6477 97. Service was made under Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(2).

2. The proof is already with the Court, but it went in as an exhibit.

I mailed Ms. Lewis's original affidavit to the Court annexed as an exhibit to my letter concerning Detective DePalma's evasion of service and the City's response. Because it was submitted as an exhibit to that letter rather than as a separate document, I do not believe the Clerk has entered it on the docket as proof of service on Detective Robley. The document number is 70 on PACER. *If the affidavit has already been docketed as proof of service, this request is unnecessary and I withdraw it.*

3. I did not file the proof within twenty days, and I say so plainly.

Section 308(2) requires that proof of service be filed within twenty days of the later of delivery or mailing, and provides that service is complete ten days after that filing. Twenty days from the August 24 mailing ran to Monday, September 14, 2026. I did not submit the affidavit as a separate proof of service by that date. I raise it myself rather than leave it for the City to raise.

The omission does not undo the service. Rule 4(l)(3) provides that "[f]ailure to prove service does not affect the validity of service," and that "[t]he court may permit proof of service to be amended." New York law is the same: a failure to file proof of service "is a procedural irregularity, not a jurisdictional defect, that may be cured by motion or sua sponte by the court in its discretion."*Cherkassky v. Goykman*, 2025 NY Slip Op 01904 (2d Dep't Apr. 2, 2025) (citing *First Fed. Sav. & Loan Ass'n of Charleston v. Tezzi*, 164 A.D.3d 758, 760; *Khan v. Hernandez*, 122 A.D.3d 802, 803; *Wilmington Trust, N.A. v. Shasho*, 197 A.D.3d 534, 537).

4. I ask for nothing retroactive.

The same authority cautions that relief of this kind may not be made retroactive to a defendant's prejudice by placing him in default as of a date before the order. I therefore do not ask that Detective Robley be placed in default, and I do not ask that service be deemed complete as of any earlier date. I respectfully ask only that:

(a) Ms. Lewis's affidavit be entered on the docket as proof of service on Detective Christopher Robley;

(b) my time to file that proof be extended to the date of docketing; and

(c) service be deemed complete ten days after docketing, with Detective Robley's time to respond under Fed. R. Civ. P. 12(a)(1)(A)(i) running from that date.

That relief prejudices no substantial right. Detective Robley receives the full twenty-one days he would have had, measured from a date later than the one the statute would have produced. The period for service under Rule 4(m) has not expired.

5. The companion affidavit of mailing.

Section 308(2) is satisfied by delivery and mailing together, and proof of each is required. If the affidavit of mailing covering the August 24, 2026 mailing has not also been received, I will submit it within seven days of the Court's direction, or at such time as the Court directs.

I thank the Court for its attention and am available at its convenience.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

cc: Anumeha Tanya, Esq., Assistant Corporation Counsel (by email)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------x
CLAYTON HOWARD,
*Plaintiff*,

**No. 1:24-cv-08316 (KAM)(LKE)**

-against-

CITY OF NEW YORK,
JOSEPH QUIRK,
CHRISTOPHER ROBLEY,
MATTHEW DePALMA, and
JOHN AND JANE DOES 1-10,

*Defendants*,
--------------------------------------------------x

**CERTIFICATE OF SERVICE**

I, Clayton Howard, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that on September 22, 2026, I served a true and complete copy of the foregoing letter upon counsel for defendant City of New York, by the method indicated below.

**Anumeha Tanya, Esq.**
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, New York 10007
atanya@law.nyc.gov

☒ by electronic mail
☒ by first-class mail, postage prepaid

Dated: September 22, 2026

Clayton Howard
Clayton Howard
Plaintiff, pro se