*** Filed ***
12:11 PM, 23 Sep, 2026
U.S.D.C., Eastern District of New York

**CLAYTON HOWARD**
24 Orchard Street · Carteret, New Jersey 07008
itsclaytonhoward@gmail.com · (929) 781-7791

September 22, 2026

**VIA PRO SE DOCUMENT SUBMISSION**

Honorable Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Howard v. City of New York, et al.*, No. 24-cv-8316 (KAM) (LKE)
Plaintiff's Reply to the City's Letter of September 22, 2026 (ECF No. 76) — Service on Detective Matthew J. DePalma

Dear Judge Eshkenazi:

I am the pro se plaintiff. I write briefly in reply to the City's letter of September 22, 2026 (ECF No. 76), filed in response to the Court's Order of September 16, 2026 on my request for an order directing the manner of service on Detective Matthew J. DePalma (ECF No. 70). To the extent leave is required to reply, I respectfully request it. The City's letter does not answer what the Court directed it to investigate, it departs from the City's own written direction to me about where to serve Detective DePalma, and it rests entirely on unsworn information relayed from unnamed persons. I ask the Court to direct service at the location the City has now designated, and to require sworn support before giving weight to the City's account.

**1. The City investigated one afternoon. Mr. Ferrell went to the 120th Precinct three times over two days.**

The Court directed the City to investigate whether Detective DePalma was present "on the dates and times Plaintiff attempted to serve" him, and whether the process server "was asked to submit identification for purposes of a 'warrant check.'" Order, Sept. 16, 2026. The sworn affidavit of Jermarl Ferrell describes three attempts at the 120th Precinct, 78 Richmond Terrace, Staten Island: (1) Tuesday, **August 18**, 2026, at about 4:00 p.m.; (2) Wednesday, August 19, at about 2:00 p.m.; and (3) August 19 at about 7:00 p.m., the hour the desk officer told him to return. ECF No. 70,

The City's letter addresses only August 19, "between 1400 and 1900 hours." It says **nothing about August 18**. That omission is decisive on the Court's second question, because the warrant-check demand was made on August 18 — the one date the City did not examine. The City nonetheless tells the Court the allegation is "wholly unfounded" and that "at no time" was such a statement made. An inquiry confined to one afternoon cannot support a representation about "any time," and it cannot refute an event that occurred the day before. The same is true of the

statement that Detective DePalma "was not on duty on August 19, 2026": the letter is silent as to whether he was on duty on August 18.

The letter also refers to a single "desk officer" across a five-hour window that spans two separate visits. It does not identify that officer, say whether the same officer was on the desk at 2:00 p.m. and at 7:00 p.m., or say whether anyone in the 120th Detective Squad — which the desk officer telephoned in Mr. Ferrell's presence — was asked. Its window also ends at 1900 hours, the very time of the third attempt.

**2. The City's account is unsworn and secondhand. Mr. Ferrell's is sworn.**

Counsel states that she "is informed by a representative of the NYPD's Legal Bureau" and is "further advised" of the facts she reports. No declaration is offered. No person with knowledge is named. No command log, desk blotter, roll call or telephone record is attached. "An attorney's unsworn statements in a brief are not evidence."*Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009). Mr. Ferrell, a non-party, swore to what he saw and heard, and was careful to separate the two. The City's letter does not meet that affidavit with evidence of any kind.

**3. Mr. Ferrell has video from August 18, 2026 within the 120th Precinct**

Counsel states the claims my claims support by the account of the process server are unfounded. Mr. Ferrell has provided video of his entry into the 120th Precinct on August 18, 2026 where he directly ask for Det. Matthew Depalma. He is made to stop recording once officers became aware of his activity. The video is short but is establishes Mr. Ferrell's presence within the 120th Precinct on August 18, 2026. Either counsel has not investigated, and provided a false narrative to the court, or Officers within the 120th Precinct provided false information to counsel. Either way the credibility of counsel and defendants should be weighed in light of video recording of the process server within the 120th Precinct.

**3. Even on the City's own account, service at that command was impracticable.**

If Detective DePalma was not on duty on August 19, then what Mr. Ferrell was told at the 120th Precinct that day — that the Detective was in the building but busy, that he should come back after 7:00 p.m., and then that the Detective and his sergeant would not accept the papers — was not true. The City does not say who gave that information or why. Either way, a process server who went to the address the City supplied, at the hour the Precinct itself set, was sent away three times without being able to serve. That is what "impracticable" means under C.P.L.R. § 308(5), made applicable by Fed. R. Civ. P. 4(e)(1).

**4. The City has changed the service location it gave me, without saying so.**

On August 11, 2026, I asked counsel in writing where the detectives could be served. On August 12, 2026, she answered: "Det. Matthew Depalma, command is 120 Det. Squad, 78 Richmond Terrace, Staten Island, NY10301." Ex. 1. In the same message she designated One Police Plaza, Room 110-A, for Detective Quirk only. I sent Mr. Ferrell exactly where the City told me to. The City now tells the Court that Detective DePalma "can be served" at One Police Plaza, Room 110-

A. The letter does not acknowledge its earlier direction, and it does not state that anyone at Room 110-A is authorized to accept, or will accept, the papers on Detective DePalma's behalf. Without an order, I face a fourth unsuccessful attempt, or a later Rule 12(b)(5) motion asserting that whoever received the papers lacked authority.

### 5. The history of the City's representations in this case weighs against accepting them unsworn.

I raise this with care, and only because the Court is being asked to credit counsel's secondhand account over a sworn affidavit. This is not the first time the City's written representations to me have not been borne out.

**Settlement.** On December 2, 2025, counsel wrote: "We agreed that I will be reviewing your settlement demand and will provide City's response as soon as I can get authority." On January 15, 2026: "Yes, we agreed on February 23 (settlement response) and February 27 for DRIs." On June 19, 2026: "I will review our position regarding the settlement and reach out when I have received authority." No response, offer, counteroffer or figure has ever been conveyed. On September 8, 2026, the City told the Court the parties are "extremely far apart." ECF No. 65. Ex. 2.

**Discovery.** On March 4, 2026, counsel wrote that "defendant will respond to your DRI requests by April 3." The responses were then promised for April 30, May 4, May 29 and July 7, 2026. None was served. The date is now September 28, 2026, by Court order. Ex. 2.

I ask the Court to make no finding about counsel. I ask the court to review the video of Ferrell within the 120th Precinct and make it own determination regarding credibility. I the ask only that the Court require sworn evidence from persons with knowledge before relying on the City's account over Mr. Ferrell's.

### Relief requested

I respectfully request an order:

a) under Fed. R. Civ. P. 4(e)(1) and C.P.L.R. § 308(5), directing that service on Detective DePalma be made by delivering the summons and amended complaint to NYPD Headquarters, One Police Plaza, Room 110-A — the location the City has now designated to the Court — and by first-class mail addressed to him, marked "Personal and Confidential," at the 120th Detective Squad, 78 Richmond Terrace, Staten Island, NY 10301, with service deemed complete upon the filing of proof of both;

b) in the alternative, directing the City to confirm in writing within seven days that Room 110-A will accept service on Detective DePalma's behalf;

c) directing the City, within fourteen days, to file a declaration from a person with personal knowledge addressing all three attempts (August 18 at about 4:00 p.m.; August 19 at about 2:00 p.m. and 7:00 p.m.), identifying the desk officers on duty at

those times, and attaching the relevant command log entries and Detective DePalma's tours of duty for August 18 and 19, 2026;

d) directing the City to preserve the 120th Precinct's station-house video, command log, and records of telephone calls between the desk and the 120th Detective Squad for August 18 and 19, 2026; and

e) extending the time to serve Detective DePalma under Fed. R. Civ. P. 4(m) to thirty days after the Court's order, for good cause.

Thank you for the Court's attention to this matter.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

**Enclosures:**
Ex. 1 — E-mail correspondence with A. Tanya, Aug. 10–12, 2026 (complete thread)
Ex. 2 — Settlement and discovery correspondence (Dec. 2, 2025 – July 5, 2026)
Ex. 3 — Supplemental Declaration of Jermarl Ferrell (if executed)

cc: Anumeha Tanya, Senior Counsel (via ECF and e-mail)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CLAYTON HOWARD, No. 24-cv-8316 (KAM) (LKE)

*Plaintiff*,

– against –

CITY OF NEW YORK, et al.,

*Defendants*.

**SUPPLEMENTAL DECLARATION OF JERMARL FERRELL**

I, Jermarl Ferrell, declare as follows:

1. I am over eighteen and not a party to this action. I reside at 8 Birch Road, Staten Island, New York 10303. I make this declaration from personal knowledge to supplement my affidavit sworn August 20, 2026, and in response to the City's letter of September 22, 2026 (ECF No. 76).

2. I went to the 120th Precinct, 78 Richmond Terrace, three times: on Tuesday, August 18, 2026, at about 4:00 p.m.; on Wednesday, August 19, 2026, at about 2:00 p.m.; and on August 19, 2026, at about 7:00 p.m.

3. The request that I produce identification so that it could be run for warrants was made on August 18, 2026, by desk officer, and another uniformed officer.

4. On August 18, 2026, I waited in the station house for almost and one hour, from about 4 until about 5:00 p.m. During that time as I stated in my original affidavit I was told to wait, asked for my ID so it could be ran, and repeated stalled as to whether Det. Depalma was coming. I was told he was there upon my initial conversation.

5. At no time on any of my three visits did anyone tell me that Detective DePalma was off duty or not working that day.

6. I recorded video and audio of my entry and interaction with the officer within the 120th pct. When Officers observed I was recorded I was told recording was not allowed and made to shut it off.

7. I did not see Detective DePalma on any visit. What I have stated about his presence is what I was told by members of the Department at the desk.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2026, at Staten Island, New York.

______________________________

Jermarl Ferrell

**DECLARATION UNDER PENALTY OF PERJURY**
**(In Lieu of Notarization)**

I, JERMARL FERRELL, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information, and belief.

I understand that this unsworn declaration has the same force and effect as a sworn affidavit executed before a notary public.

Executed on September 23, 2026, at Staten Island, New York.

______________________________
JERMARL FERRELL