*** Filed ***
09:32 AM, 24 Sep, 2026
U.S.D.C., Eastern District of New York

**CLAYTON HOWARD**
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com

September 23, 2026

**BY PRO SE DOCUMENT SUBMISSION**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
225 Cadman Plaza East, Brooklyn, New York 11201

**Re: Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE)**
Supplemental Letter Motion — Addition of a Fourth Subpoena Recipient to the Pending Request for a Limited Extension of Fact Discovery

Dear Judge Eshkenazi:

I am the plaintiff, appearing pro se. I write to supplement my pending letter motion, which asked the Court to extend fact discovery to November 30, 2026 for the limited purpose of third-party document discovery from Tyrone A. Blackburn, Esq., John J. Rapawy, Esq., and the Richmond County District Attorney's Office. I ask that a fourth recipient, Safe Horizon, Inc., be included in the same relief, and that a companion Rule 34 request to the City be covered by the same schedule. No new deadline is sought beyond the one already requested. I have not repeated the background set out in the earlier letter.

1. What the testimony says.

Francyna Evins is the complainant whose allegations produced the temporary order of protection on which I was arrested on May 16, 2023 and again on November 17, 2023. On three separate dates she testified under oath in the Family Court of the State of New York, Richmond County (File No. 44327, Docket No. O-01746-22), that she did not prepare or file that petition herself.

On November 17, 2023, asked on cross-examination whether anyone assisted her, she answered: “I filed this petition with the — through the Family Justice Center.” Asked whether a particular person assisted her: “Yes, the advocate from the Family Justice Center.” Asked the advocate’s name: “Yes, Her first name is Noor. I don’t know her last name,” and then, spelling it, “Her first name is Nora, N-o-o-r.” (Tr. 11/17/2023 at 14:19–15:9.) She testified that she sent her draft to that advocate by e-mail rather than reviewing it with her, that the advocate “checked all of the boxes and I didn’t check those boxes,” and, shown the petition on file, that “That is not the petition, no.” (Id. at 15:15–16:5, 17:9–11.)

On July 10, 2024 she was asked the question directly: “So is it your testimony that Nora from the Family Justice Center altered your petition before she filed it with the Court?” She answered: “She — yes.” (Tr. 7/10/2024 at 15:1–4.) On July 2, 2025, on redirect by her own counsel, she described the alteration: “I noticed that all of the boxes — that there were all of the boxes checked, which I did not check. So I checked two of the boxes … and the woman who helped me, which was my advocate at that time, was the one that entered those boxes.” (Tr. 7/2/2025 at 41:1–7.) Certified transcripts of all three dates are in my possession and will be provided to the Court or to any recipient on request.

2. Why this belongs in this case, and why it is narrow.

The order of protection is the instrument the individual defendants relied on. Who prepared the petition, what was added to it, and whether the complainant approved what was filed bear directly on my false arrest and due process claims and on the credibility of the complaining witness. I am not asking to try a Family Court dispute here.

The subpoena is correspondingly narrow. It asks Safe Horizon to identify one advocate and to produce the versions of one petition — as received from Ms. Evins and as filed with the

court. It expressly excludes counseling, therapy, safety-planning, shelter and medical records, and records concerning any client other than Ms. Evins. I anticipate an objection under N.Y. Social Services Law § 459-g or a client-confidentiality policy, and I have offered in the subpoena itself to consent to a protective order under Rule 26(c) and to confer on narrowing before any motion practice.

3. The split between the City and the non-party.

The Family Justice Center is operated by the Mayor's Office to End Domestic and Gender-Based Violence, a City agency, so its records are within the City's control and I have served a Rule 34 request on Ms. Tanya rather than subpoena the City's own agency. Safe Horizon, Inc. is a private non-profit that operates a program at that location and is a true non-party; it is the proper subject of a Rule 45 subpoena. I have directed each request to the party that can answer it. If Safe Horizon did not employ or place this advocate, the subpoena asks it to say so and to identify who did, and I will withdraw the balance.

4. Eight months of asking the City for exactly this.

I first requested this material from the City on **September 11, 2025**, in a written demand served on then-counsel of record Jonathan Hutchinson, Esq., under cover of an attachment titled "NOOR Discovery Demand," together with the November 17, 2023 and July 10, 2024 transcripts. My e-mail stated the request in terms: "This is for an advocate who may still be employed within the Staten Island Family Justice Center, named by Francyna Evins. Ms. Evins claims this advocate falsified her family court petition seeking a TPO on or about 5/19/2022."

On **October 9, 2025**, Mr. Hutchinson asked for seven additional days to respond, to October 21, 2025. I consented. That same afternoon I sent him the July 2, 2025 transcript,

writing that it “regards the advocate and the allegations of Petition Fraud claimed by the alleged victim.” His reply, in full, was: “Thank you.”

Nothing further was ever received on this subject. The requests were re-transmitted to Ms. Tanya on March 1, 2026 and reissued in consolidated form on August 13, 2026. As of today the City has not answered the September 2025 demand concerning the Advocate, in any form. I do not ask the Court to sanction the City on this motion. I set the history out only to show that the non-party route is not a first resort.

5. Relief requested.

I respectfully ask that the extension of fact discovery to November 30, 2026 requested in my pending letter motion also cover (a) a Rule 45 subpoena duces tecum to Safe Horizon, Inc., (b) the Supplemental Schedule A-1 served on the Richmond County District Attorney’s Office covering the same subject, and (c) the City’s response to my Second Request for Production directed to ENDGBV and the Family Justice Center. I ask that any application to enforce or quash be heard by Your Honor, this being the district where compliance is required. Fed. R. Civ. P. 45(d)(2)(B), (f). No other deadline need move.

Certification of good-faith conferral.

On this subject I conferred with counsel for the City on September 11, 2025 and October 9, 2025 by e-mail to Mr. Hutchinson, and by the renewed and consolidated requests served on Ms. Tanya on March 1, 2026 and August 13, 2026. The dispute has not been resolved. I have served Ms. Tanya with this letter and with the Second Request for Production and Amended Notice of Subpoenas referred to in it. Safe Horizon, Inc. has not yet been served and the subpoena to it is served on notice under Rule 45(a)(4).

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

Enclosures: Amended Notice of Subpoenas · Schedule A (Safe Horizon, Inc.)
Supplemental Schedule A-1 (Richmond County D.A.)
Plaintiff's Second Request for Production (City — ENDGBV / FJC)

cc: Anumeha Tanya, Esq., Assistant Corporation Counsel (by email)