**STEVEN BANKS**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANUMEHA TANYA**
*Senior Counsel*
Tel: (212) 356-5052
atanya@law.nyc.gov

October 21, 2026

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Clayton Howard v. City of New York, et al.,* 24-CV-8316 (KAM) (LKE)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, representing defendant City of New York ("Defendant") in the above-referenced matter. Pursuant to Your Honor's order dated October 16, 2026, Defendant writes to advise the court regarding the representation status of the three named individual defendants. In addition, because this office recently learned that the New York City Police Department's Internal Affairs Bureau ("IAB") has an open investigation into one of the incidents alleged in the amended complaint ("AC"), it is respectfully requested that the Court stay this action against the individual defendants pending resolution of the IAB investigation. Finally, Defendant respectfully requests an extension of time, *nunc pro tunc*, from August 24, 2026 until November 30, 2026 to answer or otherwise respond to the AC. Plaintiff does not consent to this stay and consents only to an extension of time until November 15, 2026.

On October 8, 2026, Plaintiff filed a letter advising the Court as to the status of service upon the individual defendants. *See* E.C.F. No. 80. On October 16, 2026 Your Honor ordered this office to advise the Court about the representation status of the individual defendants and the manner in which the Defendant wishes to proceed in this matter. *See* E.C.F. Order dated October 16, 2026.

*Representation Status of the Individual Defendants and Request to Stay*:

Upon information and belief, it appears that Detectives Chrisotpher Robley, Joseph Quirk and Matthew DePalma were served on or around October 7, 2026 making their answer to the AC due on October 28, 2026. *See* E.C.F. No. 81. However, during the course of an initial investigation, this office was made aware that Plaintiff has filed a complaint regarding an

underlying arrest incident against one of the Detectives with the Internal Affairs Bureau[1] ("IAB"). As a result of the open IAB complaint, a stay of this matter is appropriate.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir. 1986); *Volmar Distributors, Inc. v. The New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). This includes authority to stay a civil action pending the outcome of a related proceeding. *See Kashi*, 790 F.2d at 1057 ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action."); *see also Cheikhaoui v. City of N.Y.,* No. 22 Civ 08855 (CM), 2023 U.S. Dist. LEXIS 160287, at *10 (S.D.N.Y. Sep. 11, 2023) (granting 90-day stay pending resolution of an District Attorney's Office investigation into underlying allegations). Courts in this Circuit have repeatedly stayed civil cases pending open investigations by IAB and CCRB. *See, e.g., Felix v. City of New York,* No. 16 Civ. 5845 (AJN), 2016 U.S. Dist. LEXIS 120000 (S.D.N.Y. Sept. 6, 2016); *Troy Jones v. City of New York*, No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York*, No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013).

There are several reasons why this matter should be stayed pending the outcome of the IAB investigations. First, this Office may be unable to assume representation of the individual defendants until the investigation has concluded and a disposition has been rendered. *See Mercurio v. The City of New York,* 758 F.2d 862, 864-65 (2d Cir. 1985) ("The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if disciplinary proceedings resulted in the exoneration of the employee.") (citing N.Y. Gen. Mun. Law § 50-k(2)).

Second, if this Office assumes representation of an officer and it later turns out that the officer was ineligible for representation because, for instance, the investigation results in a finding that there was some violation of an agency rule or regulation, this Office's representation of both the City and the individual officer could give rise to a conflict of interest. *See, e.g., Troy Jones v. City of New York,* No. 14-CV-2094 (ENV) (JMA) (E.D.N.Y. May 16, 2014); *Debra Constantino v. City of New York,* No. 13-CV-4175 (PKC) (LB) (E.D.N.Y. November 27, 2013). Indeed, if this Office assumes representation of an officer before the NYPD's proceedings are complete, but it later turns out that the officer was ineligible for representation, the undersigned, and the entire Special Federal Litigation Division, may be conflicted off of the case. This result would cause a significant and undue expenditure of time and resources. For this same reason, this Office should not interview the officers in question, as is required under GML § 50-k, to determine their eligibility for representation, until the NYPD proceedings are complete. If any officer becomes ineligible, and the undersigned has already spoken to him or her about the underlying incident, then serious conflict issues will increase the costs and length of this

[1]Plaintiff has advised this office that he has filed an IAB complaint against Detective Quirk regarding the May 16, 2023 arrest and has further indicated that he has filed additional IAB complaints against Detectives Quirk and DePalma. In one of his several communications to the undersigned, Plaintiff has also indicated that he has filed several CCRB complaints against the officers. However, it is unclear whether these CCRB complaints were against the named individual defendants for the underlying arrest incidents.

litigation. As such, a stay of this matter will save resources and reduce the risk that conflicts will arise later in the litigation.

Third, information and documents generated by NYPD in connection with the investigation will be unavailable to the parties during the pendency of the investigation as they are protected from disclosure by the law enforcement privilege which was created to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *National Congress for Puerto Rican Rights v. City of New York,* No. 99 Civ. 1695 (SAS), 2000 U.S. Dist. LEXIS 4448, *5–6 (S.D.N.Y. April 7, 2000), (*citing In re Dep't of Investigation of the City of New York*, 856 F.2d 481, 484 (2d Cir. 1988) (citations omitted)). Thus, information that may only be found in the IAB investigation file will not be available for review to respond to the AC or assess the case until after the investigation is completed.

From a practical perspective, should a stay be denied and this action proceeds concurrently with the IAB investigation, the parties will spend significant resources duplicating the efforts currently being undertaken by the IAB. When this investigation is concluded, the relevant information already will have been compiled and summarized, which should allow the parties to streamline paper and deposition discovery in this case. Defendant can neither adequately evaluate the case, nor mount a defense in this action without first having access to this information. *See, e.g., Heth & Jed Community Rockers v. City of New York*, No. 12-CV-1080 (S.D.N.Y.) (PAE) ECF No. 6.

<u>*Extension of Time For Defendant's Response*</u>:

Further, due to an oversight on my part, no response was filed on behalf of Defendant City of New York to Plaintiff's AC which was filed on or about August 8, 2026. The undersigned's attention was completely diverted by the multiple motions filed by the Plaintiff which all required significant time and attention to investigate and respond to.[2] The undersigned sincerely apologizes to the Court and the Plaintiff for this oversight. As such, it is respectfully requested that the City be granted a *nunc pro tunc* extension of time until November 30, 2026 to respond to the AC.

Based on the foregoing, Defendant respectfully requests that the Court: (1) stay this action against the individual defendants pending resolution of the open IAB investigation(s), and (2) grant an extension of time, *nunc pro tunc*, from August 24, 2026 until November 30, 2026 for the City to answer or otherwise respond to the AC.

Defendant thanks the Court for its consideration of this matter.

---

[2] In addition to the multiple motions, Plaintiff sent numerous emails regularly, sometimes several in a day, requesting the undersigned's response or attention which included, requests for additional information, supplemental discovery requests, multiple requests for production, the filing of multiple complaints with NYPD, errata to and supplementation of numerous exhibits, a proposed second amended complaint, etc. Since August 8, 2026, Plaintiff has sent thirty nine (39) emails with eighty eight (88) exhibits to date for the undersigned's review and/or response.

Respectfully submitted,

/s/ *Anumeha Tanya*__

Anumeha Tanya
*Senior Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
Clayton Howard
*Plaintiff Pro Se*