*** Filed ***
08:59 AM, 22 Oct, 2026
U.S.D.C., Eastern District of New York

**Clayton Howard**,
Plaintiff pro se
24 Orchard Street,
Carteret, NJ 07008
(929) 781-7791
iitsclaytonhoward@gmail.com

October 22, 2026

**BY PRO SE DOCUMENT SUBMISSION**

Honorable Kiyo A. Matsumoto
United States District Judge Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE) — Plaintiff's Opposition to Defendant's Letter Motion for a Stay and a Nunc Pro Tunc Extension of Time (ECF No. 84)**

Your Honor:

I am the pro se plaintiff. I write in opposition to the City's October 21, 2026 letter (ECF No. 84), which asks the Court (1) to stay this action against Detectives Joseph Quirk, Christopher Robley and Matthew DePalma pending an NYPD Internal Affairs Bureau ("IAB") investigation, and (2) to extend, nunc pro tunc, the City's time to answer the Amended Complaint from August 24 to November 30, 2026. I respectfully ask the Court to deny the stay and to extend the defendants' time to respond only to November 15, 2026, the date I offered counsel in good faith.

The parties conferred by email on October 20 and 21, 2026. On October 20, the City asked me to consent to November 30 for all defendants and said nothing about a stay. The stay was first raised on October 21, after I declined that date (Ex. K).

### 1. The City did not "recently learn" of the IAB complaints

The stay rests on the premise that the Law Department "recently learned" of an open IAB investigation (ECF No. 84 at 1). The City's own correspondence shows otherwise:

- **September 17, 2025.** I served individual interrogatories concerning Det. Quirk and Det. DePalma on the City's prior counsel, Jonathan Hutchinson, Esq. (Ex. A).
- **September 30 and October 13, 2025.** I served my settlement demand, as the scheduling order required, with a supporting-documents index and a Dropbox folder. On October 13, I told Mr. Hutchinson in writing that I had added to that folder recordings concerning Det. Robley (ELEC-029, ELEC-032), IAB recordings dated November 16 and November 29, 2023 concerning Det. DePalma (ELEC-030, ELEC-033), and the May 18, 2023 complaint and its dismissal (NYPD-017, NYPD-018) (Exs. B, D).
- **December 1–3, 2025.** After Ms. Tanya took over the case, she confirmed in writing that she would review my settlement demand and respond once she obtained authority. On

December 3, I forwarded her the same demand and the same Dropbox folder, and she acknowledged receipt (Ex. E).

- **August 24, 2026.** I emailed Ms. Tanya, directly, the IAB complaint I filed against Det. Quirk concerning the May 16, 2023 arrest (Ex. I). That is the complaint ECF No. 84 describes at page 2, note 1.
- **September 21, 2026.** I served on City counsel my order-to-show-cause papers, whose exhibits include IAB Log Nos. 2023-35484 and 2023-38004 concerning Det. DePalma. The same day, I copied Ms. Tanya on my supplemental notice to IAB on Log Nos. 2026-32777 and 2026-30178 concerning Det. Quirk and Det. DePalma (Ex. J).

The NYPD is a City agency, and its IAB has held the 2023 DePalma complaints for nearly three years. The Law Department has held my notice of them for a year, and of the Quirk complaint for two months. Nothing in ECF No. 84 is new.

**2. There is no basis for an open-ended stay**

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The Second Circuit treats a stay of civil proceedings pending a parallel matter as an extraordinary remedy and weighs the overlap between the matters, the status of the other proceeding, the plaintiff's interest in proceeding and the prejudice of delay, the burden on the defendants, the interests of the court, and the public interest. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96–99 (2d Cir. 2012). Each factor weighs against the City.

**(a) There is no criminal proceeding.** *Kordel*, *Kashi* and the stay decisions the City relies on concern parallel criminal proceedings or prosecutorial investigations; *Cheikhaoui*, the one reported decision the City cites, involved a District Attorney's investigation (ECF No. 84 at 2). An IAB administrative review presents no Fifth Amendment dilemma for the detectives, no indictment, and no risk of interfering with a prosecution. The three other decisions the City lists are unreported docket orders that it did not attach.

**(b) The stay would have no end.** The City offers no date by which IAB will finish. If the 2023 DePalma complaints remain open, they have been open for three years, and a stay "pending resolution" would be indefinite. If they are closed, there is nothing to wait for.

**(c) Det. Robley is not the subject of any IAB complaint the City identifies.** ECF No. 84 at 2 n.1 names only Det. Quirk and Det. DePalma, yet the City asks the Court to stay the action against all three detectives. There is no basis for any stay as to Det. Robley.

**(d) Representation is the City's decision to make, not a reason to halt the case.** General Municipal Law § 50-k(2) lets Corporation Counsel decide whether to represent an employee. *Mercurio v. City of New York*, 758 F.2d 862, 864–65 (2d Cir. 1985), which the City cites, describes that discretion; it does not entitle the City to suspend a federal action while it decides. The detectives were named in the Amended Complaint filed August 10, 2026 and served on or about October 7, 2026. On August 27, 2026, the City told the Court it anticipated moving to

dismiss once they were served (ECF No. 63). On October 16, 2026, the Court directed the City to state their representation status, and the City still has not done so. Any conflict concern can be met by the detectives retaining their own counsel, as § 50-k contemplates, without delaying the case.

**(e) The law enforcement privilege does not justify a stay.** The privilege is qualified; the party asserting it bears the burden, and it is resolved document by document, with a protective order where appropriate. *In re City of New York*, 607 F.3d 923, 944–45 (2d Cir. 2010). It is no ground to postpone an answer, which depends on the detectives' own knowledge of what they did, not on the IAB file.

**(f) A stay would prejudice me and reward non-production.** This action has been pending since 2024. My first interrogatories were served October 9 and October 27, 2025. Over the following year the City requested, and I consented to, repeated extensions (Ex. L). When the City served its responses on September 28, 2026, it produced one document: the complaint underlying my May 18, 2023 arrest. The complaint and Domestic Incident Report numbers I had requested reached me instead through the Bronx District Attorney's discovery, after my June 8, 2026 arrest was dismissed in its entirety on September 18, 2026. Halting the case while the City's own agency reviews its own officers would extend a delay that has already cost a year, while body-worn-camera retention periods and witness memory run.

### 3. The City's account of the delay and of settlement is inaccurate

Footnote 2 of ECF No. 84 attributes the City's default to my emails. The record shows a different sequence:

- No settlement response was made by the November 13, 2025 date in the scheduling order. On November 17 and November 20, 2025, Ms. Tanya asked me not to file anything while she reviewed the case, and I complied (Ex. F).
- On December 2, 2025, she confirmed she would respond to my demand once she had authority (Ex. E). No response came by February 23, 2026. On February 24, 2026, she wrote that the City would not respond until the Court endorsed the amended complaint (Ex. G). That condition was met on August 5 and August 10, 2026 (ECF Nos. 60, 61). On June 20 and July 5, 2026, she again wrote that the City's settlement position was under review (Ex. G).
- On September 8, 2026, the City told the Court the parties were "extremely far apart" (ECF No. 65). The City has never made an offer or counteroffer of any amount.
- Many of the emails footnote 2 counts answered the City's own requests: an itemization of damages (December 2, 2025), re-service of my interrogatories (February 25, 2026), revised supplemental requests (October 16, 2026), and, on October 21, 2026, a request that I tell counsel of "any other complaints against any other officer" (Exs. E, G, K).

### 4. The extension of time

The City's answer was due August 24, 2026. Relief sought nearly two months after a deadline has passed requires a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The explanation offered, my filings, does not account for a deadline that had already passed three days before the City told the Court it planned to move to dismiss (ECF No. 63). I nonetheless consent, as I told counsel on October 20, to an extension to November 15, 2026 for all defendants. I oppose November 30.

**Relief requested**

For these reasons, I respectfully ask the Court to:

1. deny the City's request to stay this action as to Detectives Quirk, Robley and DePalma;
2. extend the time for all defendants to answer or otherwise respond to the Amended Complaint to November 15, 2026, and no further; and
3. direct the City to state, by a date the Court sets, whether the Law Department will represent each individual defendant.

I thank the Court for its consideration.

Respectfully submitted,

Clayton Howard

/s/ Clayton Howard

Clayton Howard,

Plaintiff pro se

cc: Anumeha Tanya, Esq., Senior Counsel, New York City Law Department (by email, atanya@law.nyc.gov)

## Exhibits

- **Ex. A** — Emails of Sept. 17 and 19, 2025 to J. Hutchinson serving individual interrogatories, including Det. Joseph Quirk and Det. Matthew DePalma.
- **Ex. B** — Email of Sept. 30, 2025 to J. Hutchinson serving the settlement demand, Settlement Supporting Documentation Index and Dropbox folder.
- **Ex. C** — Plaintiff's First Interrogatories to the City (Oct. 9, 2025) and supplemental interrogatories (Oct. 27, 2025).
- **Ex. D** — Email of Oct. 13, 2025 to J. Hutchinson listing Dropbox additions ELEC-029 and ELEC-032 (Det. Robley), ELEC-030 and ELEC-033 (Nov. 2023 IAB, Det. DePalma), NYPD-017 and NYPD-018 (May 18, 2023 complaint and dismissal).
- **Ex. E** — A. Tanya email of Dec. 2, 2025 (recap of Dec. 1 call); Plaintiff's Dec. 3, 2025 forward of the demand and Dropbox folder; A. Tanya acknowledgment of Dec. 3, 2025.
- **Ex. F** — A. Tanya emails of Nov. 17 and Nov. 20, 2025 asking Plaintiff not to file.
- **Ex. G** — Settlement correspondence: Feb. 24–25, 2026; June 20, 2026; July 5, 2026.
- **Ex. H** — A. Tanya emails of Aug. 11–12, 2026 identifying commands for service on Dets. Quirk, Robley and DePalma; Plaintiff's Aug. 12, 2026 waiver requests copied to counsel.
- **Ex. I** — Email of Aug. 24, 2026 to A. Tanya transmitting the IAB complaint against Det. Quirk.
- **Ex. J** — Order-to-show-cause exhibits H-9 and H-11 (IAB Log Nos. 2023-35484 and 2023-38004), served Sept. 21, 2026; Sept. 21, 2026 supplemental IAB notice copied to A. Tanya (Log Nos. 2026-32777, 2026-30178).
- **Ex. K** — Meet-and-confer emails of Oct. 20–21, 2026.
- **Ex. L** — Log of defense extension requests (below).

**Exhibit L — Defense extension requests**

| # | Date | Counsel | Request | Plaintiff's position |
|---|---|---|---|---|
| 1 | Sept. 29, 2025 | Hutchinson | 14 days to oppose first motion to amend | Did not oppose |
| 2 | Oct. 9, 2025 | Hutchinson | Document-request responses, 7 more days (to Oct. 21, 2025) | Consented |
| 3 | Nov. 3, 2025 | Hutchinson | 3 weeks on second motion to amend; offered matching shift of settlement dates | Did not oppose |
| 4 | Nov. 17, 2025 | Tanya | Interrogatory and document responses to Jan. 9, 2026 | Consented, with condition |
| 5 | Jan. 7, 2026 | Tanya | Jan. 9 date abandoned for personal reasons; new date to be set (later Feb. 27, 2026) | Accepted |
| 6 | Mar. 3–4, 2026 | Tanya | Fact discovery 120 days, Mar. 4 to July 6, 2026 (joint letter) | Objected, then consented |
| 7 | Before Apr. 15, 2026 | Tanya | Discovery responses to Apr. 30, 2026 | Consented |
| 8 | Apr. 15, 2026 | Tanya | Apr. 30 to May 4, 2026 | Consented |
| 9 | May 7–8, 2026 | Tanya | To May 29, 2026 | Consented (noted as sixth extension) |
| 10 | June 19–20, 2026 | Tanya | To July 7, 2026, pending NYPD documents | Consented |
| 11 | July 5, 2026 | Tanya | Further extension of fact discovery | Consented |
| 12 | Sept. 11, 2026 | Tanya | Sept. 14 to Sept. 22, 2026 (Court set Sept. 28, ECF No. 67) | Opposed |
| 13 | Sept. 29, 2026 | Tanya | 45 days for individual defendants to respond to Amended Complaint | Opposed |

| # | Date | Counsel | Request | Plaintiff's position |
|---|---|---|---|---|
| 14 | Oct. 20, 2026 | Tanya | All defendants to Nov. 30, 2026 | Opposed; offered Nov. 15 |
| 15 | Oct. 21, 2026 | Tanya | Stay and nunc pro tunc extension (ECF No. 84) | Opposed |