*** Filed ***
08:03 AM, 30 Oct, 2026
U.S.D.C., Eastern District of New York

**CLAYTON HOWARD**
24 Orchard Street, Carteret, New Jersey 07008 | (929) 781-7791
itsclaytonhoward@gmail.com

October 28, 2026

**By Pro Se Document Submission**

Hon. Lara K. Eshkenazi
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE)**
**Letter Motion for Leave to Serve a Rule 45 Subpoena on Non-Party Tyrone A. Blackburn, Esq. by Email, and Related Relief**

Dear Judge Eshkenazi:

I am the plaintiff, pro se. I respectfully request an order under Federal Rule of Civil Procedure 45(b)(1) authorizing me to serve a document subpoena on my former counsel in this action, non-party Tyrone A. Blackburn, Esq. of T.A. Blackburn Law, PLLC, by email to tblackburn@tablackburnlaw.com and info@tablackburnlaw.com, with a copy by first-class mail to his office, and deeming service complete on the date the email is sent. Counsel for the City, Anumeha Tanya, Esq., takes no position, which was stated in a response email dated October __, 2026. This is my first request for this relief, and it does not ask the Court to lift or modify the stay entered October 26, 2026.

### 1. Mr. Blackburn's representation and abandonment of this case

Mr. Blackburn represented me on my claims against the City beginning on or about July 1, 2024, when he wrote to my prior counsel, Lebedin Kofman, LLP, directing them to turn over my file and their correspondence with the City to his office. He drafted and filed the original complaint in this action and appeared as my counsel of record.

On June 20, 2025, I terminated Mr. Blackburn's representation in a related matter, *Howard v. Combs, et al.*, No. 2:25-cv-06031-AH-DMKx (C.D. Cal.), by email attaching a written termination letter that states my reasons and demands my file within ten business days. (Ex. A-1.) I then filed that case and have litigated it pro se. It has survived the defendant's second motion to dismiss, and Mr. Combs's answer is due November 30, 2026.

That letter expressly did not terminate Mr. Blackburn in this case. It told him I wished him to continue and see the pending settlement through, and asked that, if he could not represent me ethically, he pause the matter and allow new counsel to take over so that the case would not be hindered. (Ex. A-1.) He did not decline, and he continued to act as my counsel here. On June 24, 2025, he emailed me that he needed "the last offer the city provided." (Ex. A-2.) On July 1,

2025, he wrote that the City was sending discovery demands and asked when a new lawyer would take over. I answered the same afternoon that I had told new counsel to hold off because he had told me the City was about to make a settlement offer, that we had agreed he would see the settlement through, and that I was waiting to hear from him about it. (Ex. A-3.) I received no further email from him until July 9, 2025.

The next morning, Mr. Blackburn did not appear at the July 2, 2025 initial conference, and the Court could not reach him by telephone from the courtroom. (Minute Entry, July 2, 2025.) The Court rescheduled the conference and warned that counsel's failure to attend could result in a recommendation of dismissal for failure to prosecute. (Scheduling Order, July 2, 2025.) On July 3 and July 7, 2025, I wrote to him about the case and asked for the status of the settlement and his communications with the City. (Exs. A-4, A-5.) At the July 8, 2025 conference I appeared pro se and informed the Court that I had dismissed Mr. Blackburn, and he was terminated as counsel that day. (Minute Entry and Order, July 8, 2025.) At that conference, counsel for the City stated that he had had no contact with Mr. Blackburn since June 23, 2025, the day before Mr. Blackburn asked me for the City's last offer. The following day, July 9, 2025, Mr. Blackburn wrote that he had had "multiple settlement conversations with Jonathan" and asked me to pay $3,500 for his work on this case. (Ex. A-6.). The work Mr. Blackburn refers to is a one appearance representation within the Kings county family court, where after attempting to physically assault opposing counsel he was admonished on the record by Family Court Judge Niesha Menon. The debt Mr. Blackburn alleges was never invoiced to me, and to date I have no lien notices.

Mr. Blackburn's file matters to discovery now. It should contain any preservation notices served on the City on my behalf, his correspondence and settlement discussions with former City counsel Jonathan Hutchinson, Esq., the file he received from Lebedin Kofman, LLP, and records he obtained for me. The City has told the Court that it communicated a preservation request to the NYPD on August 26, 2026. (ECF No. 65.) Whether and when an earlier notice was served bears directly on the evidence in dispute, including the body-worn camera footage that is the subject of ECF No. 64.

## 2. My written requests for the file

I have asked Mr. Blackburn for my client files in writing at least seven times:

1. **June 20, 2025** — termination letter in the Combs matter demanding a complete copy of my file within ten business days (Ex. A-1);
2. **July 7, 2025** — email, sent after he missed the July 2 conference, asking for the status of the settlement he had told me he was handling and demanding all of his communications with counsel for the City and the related paperwork (Ex. A-5);
3. **September 11, 2026** — written demand by email and certified mail for the complete file, with the preservation notices due September 18, 2026 (Ex. B);
4. **September 21, 2026** — second and final demand by email and certified mail, covering every matter he handled for me (Ex. C);
5. **September 21, 2026** — follow-up email asking him to identify any transmission by which he claims to have sent me the file (Ex. C);

6. **September 21, 2026** — second follow-up email offering to pay any documented fee for his work in this case so the file could be released without dispute (Ex. C); and
7. **October 19, 2026** — email transmitting the subpoena described below and repeating the request for the file (Ex. D).

His only substantive response, on September 21, 2026, was that I "have all of [my] files," that he had "nothing else to provide," and a demand for payment. (Ex. C.) That is not accurate. Mr. Blackburn has never transmitted a file to me, and he has not identified any document he is withholding or any basis for withholding it. A New York lawyer must deliver to a former client "all papers and property to which the client is entitled," N.Y. Rules of Prof'l Conduct R. 1.16(e) (22 N.Y.C.R.R. § 1200.0), and the client is presumptively entitled to the entire file. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30, 34–35 (1997). An unpaid fee claim ( which I am now disputing), is not a basis to withhold records that went to my adversary, such as preservation notices.

### 3. The subpoena and the attempts at personal service

On October 8, 2026, the Court directed the Clerk to issue the third-party subpoenas I had requested. The Clerk issued a subpoena to produce documents (Form AO 88B) directed to Mr. Blackburn, with Schedule A, returnable November 23, 2026, at a place within 100 miles of his office. It seeks documents only; no attendance is required. **Notice of the subpoena was served on the City under Rule 45(a)(4).** On October 19, 2026, I emailed the subpoena, Schedule A, and a cover letter to Mr. Blackburn and asked him to accept service by email. He did not respond. (Ex. D.)

Richard Petrocy, a non-party over 18 years old, then attempted personal service at the office address Mr. Blackburn lists publicly and in his own signature block, 1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236:

- **Tuesday, October 20, 2026, at about 9:00 a.m.** — no staff present employed by Mr. Blackburn; and
- **Tuesday, October 27, 2026, at about 4:45 p.m. — office closed**.

(Ex. E, Declaration of Richard Petrocy.)

### 4. Mr. Blackburn is actively using the email address

This morning, October 28, 2026, at 6:34 a.m., Mr. Blackburn replied from tblackburn@tablackburnlaw.com to a litigation funder's status inquiry about my case, copying me and stating that I am "not my client." (Ex. F.) That is the same address from which he answered my file demand on September 21, 2026, and the address to which the subpoena was sent on October 19. He is reading and answering email at this address, including email about me, while not responding to the subpoena.

### 5. Alternative service is warranted

Rule 45(b)(1) requires "delivering a copy to the named person." It does not require in-hand delivery, and Rule 45(b)(4) contemplates that proof of service will state the "manner of service." Courts in this Circuit have therefore authorized alternative service that is "reasonably designed to ensure that a witness actually receives a subpoena." *SEC v. Pence*, 322 F.R.D. 450 (S.D.N.Y. 2017) (quoting *Kenyon v. Simon & Schuster, Inc.*, No. 16 Misc. 327, 2016 WL 5930265, at *3*

*(S.D.N.Y. Oct. 11, 2016));* JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116, 2009 WL 1313259, at* 2 (S.D.N.Y. May 11, 2009); *Cordius Tr. v. Kummerfeld Assocs., Inc.*, No. 99 Civ. 3200, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000). Courts have done so after as few as two failed attempts at personal service.* Ultradent Prods., Inc. v. Hayman*, No. M8-85, 2002 WL 31119425, at* 4 (S.D.N.Y. Sept. 24, 2002); *see also Tube City IMS, LLC v. Anza Cap. Partners, LLC*, No. 14 Civ. 1783, 2014 WL 6361746, at *1–2 (S.D.N.Y. Nov. 14, 2014). In* Pence*, alternative service was granted on an attorney who used his email address and knew of the efforts to serve him. Some older decisions in this District read Rule 45 to require personal service,* e.g.*,* In re Deposition Subpoena Directed to Smith*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989), but* Pence* found the more recent line persuasive, and that reading better serves Rule 1.

This Court has also made service the step that must come before any motion to compel a non-party. (Order, Sept. 24, 2026, denying ECF No. 74 without prejudice to renewal after Rule 45 subpoenas are served.) Each factor favors email service here:

- **Diligence.** I asked Mr. Blackburn to accept service by email, then made two attempts at personal service at his listed office at different times of day.
- **Actual receipt.** Mr. Blackburn is a licensed New York attorney who used this exact address to answer my file demand and, today, to discuss my case with a third party. Email is the method most certain to reach him.
- **No prejudice.** The subpoena seeks documents only, there is no witness fee to tender, and fact discovery remains open until March 1, 2027. (Order, Oct. 16, 2026.) Mr. Blackburn keeps every right to object or move to quash under Rule 45(d).

### 6. Request regarding referral

Mr. Blackburn appeared as my counsel in this Court, failed to attend a Court-ordered conference without notice, could not be reached by the Court, and has refused for more than fifteen months to deliver my client file despite at least seven written requests, contrary to N.Y. Rules of Professional Conduct 1.15(c)(4) and 1.16(e). He is now avoiding a subpoena while using the very email address at which it was sent. I respectfully ask the Court to consider whether this conduct warrants referral to the Committee on Grievances under Local Civil Rule 1.5, and, if Mr. Blackburn does not comply with the subpoena once service is authorized, to make that referral or direct him to show cause why it should not be made.

### 7. Relief requested

I respectfully request an order:

1. authorizing service of the subpoena and Schedule A on Mr. Blackburn by email to tblackburn@tablackburnlaw.com and info@tablackburnlaw.com, with a copy by first-class mail to 1242 East 80th Street, 3rd Floor, Brooklyn, New York 11236, and deeming service complete on the date the email is sent;
2. directing that Mr. Blackburn produce the documents, or serve any written objections under Rule 45(d)(2)(B), within fourteen days after the stay of deadlines expires (currently December 23, 2026), or by such other date as the Court sets;
3. directing me to email a copy of the Court's order to Mr. Blackburn with the subpoena and to file proof of service under Rule 45(b)(4); and

4. granting the referral request in Section 6, or such other relief as the Court finds just.

Thank you for your consideration.

Respectfully submitted,

Clayton Howard

Clayton Howard, Plaintiff, pro se

**Declaration.** I declare under penalty of perjury under 28 U.S.C. § 1746 that the facts stated in Sections 1 through 4 of this letter are true and correct to the best of my knowledge. Executed on October 28, 2026, at Carteret, New Jersey.

Clayton Howard

Clayton Howard

cc: Anumeha Tanya, Esq., New York City Law Department (by email)
Tyrone A. Blackburn, Esq. (by email to tblackburn@tablackburnlaw.com and info@tablackburnlaw.com)

**Exhibits**

Ex. A — Correspondence with Mr. Blackburn, June 20 to July 9, 2025:

A-1 — June 20, 2025 email and attached letter terminating Mr. Blackburn in the Combs matter (privileged portions concerning that matter redacted)

A-2 — June 24, 2025 email exchange in which Mr. Blackburn asks for the City's last offer

A-3 — July 1, 2025 email from Mr. Blackburn and my reply the same day

A-4 — July 3, 2025 email to Mr. Blackburn

A-5 — July 7, 2025 email to Mr. Blackburn

A-6 — Mr. Blackburn's July 9, 2025 emails at 7:41 a.m. and 8:56 a.m. (his messages only)

Ex. B — September 11, 2026 demand for client file

Ex. C — September 21, 2026 second demand, Mr. Blackburn's reply, and my two follow-up emails

Ex. D — Subpoena (AO 88B) with Schedule A, October 18, 2026 cover letter, and October 19, 2026 transmittal email

Ex. E — Declaration of Richard Petrocy regarding attempted service on October 20 and October 27, 2026

Ex. F — Mr. Blackburn's October 28, 2026, 6:34 a.m. email (his message only)

**Certificate of Service**

I certify that on October 28, 2026, I submitted this letter and its exhibits to the Court through the Pro Se Document Submission system, and served copies by email on Anumeha Tanya, Esq. (atanya@law.nyc.gov), counsel for the City defendants, and on non-party Tyrone A. Blackburn, Esq. (tblackburn@tablackburnlaw.com; info@tablackburnlaw.com).

______________________________
Clayton Howard