*** Filed ***
08:03 AM, 30 Oct, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A

**Correspondence with Mr. Blackburn,**
**June 20 to July 9, 2025**

A-1 through A-6

*Plaintiff's Letter Motion for Leave to Serve Rule 45 Subpoena on*
*Non-Party Tyrone A. Blackburn, Esq. by Email, dated October 28, 2026*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-1

**June 20, 2025 Termination Email and Letter**

(Howard v. Combs matter; representation in this action expressly continued)

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Friday, June 20, 2025, 12:22 a.m. EDT |
| **Subject:** | Termination of Representation S Combs C Ventura |
| **Attachment:** | Termination of Services T Blackburn.pdf (3 pages, attached) |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

Tyrone

Please see attached

Clayton H

LETTER OF TERMINATION OF LEGAL REPRESENTATION

Clayton Howard
**REDACTED**

June 19, 2025

Tyrone Blackburn, Esq.
T.A. Blackburn Law PLLC
**REDACTED**

RE: Termination of Attorney-Client Relationship

Matter: Civil Action Regarding Cassandra "Cassie" Ventura and Sean "P Diddy, Diddy, Puff Daddy" Combs (NO FILINGS)

Dear Mr. Blackburn:

I am writing to formally terminate your representation in connection with my civil matter regarding Cassandra "Cassie" Ventura and Sean "P Diddy, Diddy, Puff Daddy" Combs, effective immediately upon your receipt of this letter.

**REDACTED — privileged; concerns a separate matter**

**REDACTED — privileged; concerns a separate matter**

EFFECTIVE IMMEDIATELY:

You are hereby terminated as my legal counsel in matters related to any litigation involving Sean Combs and/or Cassandra Ventura.

Please provide me with a complete copy of my file, including all documents, correspondence, notes, and work product related to my matter related to Sean Combs and Cassandra Ventura within ten (10) business days of your receipt of this letter.

I expect your full cooperation in ensuring a smooth transition of my legal matters. I expect full compliance with new counsel, who will contact you by Monday, July 23, 2025. Please acknowledge receipt of this letter and confirm the termination of our attorney-client relationship regarding Sean Combs and Cassandra Ventura in writing.

Regarding the filed pending civil action, Howard v City of New York et al, I wish to continue litigation as it seems close to conclusion. You have already filed a complaint, which has been responded to, and scheduling has taken place. Therefore, I see no reason to terminate that relationship this far into when a completion could be eminent. If you are willing to continue, I

will not terminate your representation of the matter Howard v City of New York. However, if your feelings prevent the ethical representation of my best interest, I ask you to pause the matter and allow new counsel to take over so that my action is not sabotaged, or hindered do to the deterioration of our relationship.

I ask you to acknowledge this is your release of representation regarding Sean Combs and Cassandra Ventura. If you can ethically complete the settlement, it can continue. However, if you feel as though you are not, I can have it taken over by my new counsel. That is not my wish, as I feel you deserve your percentage if the matter can be concluded, and to expedite the conclusion of your relationship, I am willing to allow that.

**REDACTED — privileged; concerns a separate matter**

Please confirm in writing that you will not take any further action as it relates to civil action against Cassandra Ventura or Sean Combs on my behalf.

All attorney-client communications and work product remain privileged and confidential.

You will be contacted by new counsel by the end of Monday, June 23, 2025

Thank you for your attention to this matter. Sincerely,

Date Signed: July 19, 2025.

Clayton Howard

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

EMAIL DELIVERY CONFIRMATION

Note: Keep copies of this letter and all related documentation for your records. Consider consulting with another attorney regarding your legal options and the transition of your case.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-2

**June 24, 2025 Email Exchange**

Mr. Blackburn requests the City's last settlement offer

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Date:** | Tuesday, June 24, 2025, 8:55 a.m. EDT |
| **Subject:** | NYPD |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

I sent you a text message. I need the last offer the city provided you.

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
**[REDACTED]**

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Tuesday, June 24, 2025, 8:57 a.m. EDT |
| **Subject:** | Re: NYPD |

Its was 85k

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Date:** | Tuesday, June 24, 2025, 9:04 a.m. EDT |
| **Subject:** | Re: NYPD |

was that written? Or did your attorney tell you that?

Tyrone A. Blackburn, Esq.

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Tuesday, June 24, 2025, 9:23 a.m. EDT |
| **Subject:** | Re: NYPD |

Attorney told me that

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-3

**July 1, 2025 Email Exchange**

Mr. Blackburn's email and Plaintiff's same-day reply

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Date:** | Tuesday, July 1, 2025, 4:31 p.m. EDT |
| **Subject:** | Re: NYPD |

*Mr. Blackburn's message as it appears quoted in full in Plaintiff's reply of 4:43 p.m. the same day (next message).*

What is the status of your new lawyer taking over the NYPD case? The city is sending discovery demands, and there is a lot of work to do moving forward. I need to know when your lawyer will be involved in this case.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
**[REDACTED]**

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Tuesday, July 1, 2025, 4:43 p.m. EDT |
| **Subject:** | Re: NYPD |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

Tyrone

I told them to hold off after you said the City was about to offer a settlement, and if I didn't accept, you would move on, which we both agreed. If your wish is to relinquish what you are entitled to, then I will inform them immediately. I told them, since you did the work, I felt you deserved what was rewarded regardless.

As far as Cassandra and Diddy, an action was filed in California several days ago. Becoming wiser, I learn not to have the same attorney for two separate important matters, kinda like not putting all your eggs in one basket.

If you're saying you want the other attorney to take over now, I will notify them immediately, as I am pushing to settle that regardless. Again you mentioned the settlement and what would be offered so with that understanding, I was awaiting your contact for information regarding what the settlement was and then if and how I would proceed.

Respectfully

Clayton H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-4

**July 3, 2025 Email**

Plaintiff to Mr. Blackburn

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Thursday, July 3, 2025, 7:45 p.m. EDT |
| **Subject:** | Update |

Tyrone

As you can see i filed the complaint myself. Doing so provided me the leeway to take the best option, which is simply someone who actually cares about helping me.

I have a woman I'm interview next week from LA whom I'm strongly considering. I will have an answer for you then.

I see u filed for Edmond and people are gonna connect the dots so that may have blew Cassies “Jane Doe” protection. That was not intentional as i had no idea what your filing will contain.

I will counsel reach out after i interview this woman.

Clayton

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-5

**July 7, 2025 Email**

Plaintiff to Mr. Blackburn re: status of settlement and demand for communications

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Monday, July 7, 2025, 7:51 a.m. EDT |
| **Subject:** | Update to Howard v City of New York |

Tyrone

What is the status of the settlement? I checked Pacer and saw you were supposed to appear on 7/2/2025, but did not. I have communications from you where you directly informed me you were working on that settlement. If I find out you are trying to sabotage me because you're angry I exposed you for federal misconduct and legal malpractice, I assure you I will seek action.

You did this, Tyrone, not me! If you are trying to sabotage me because of a mistake you made, I can assure you it will not go well. You have wronged me enough by lying to me, fabricating paperwork, violating privilege, and jeopardizing my claims. I will not stand by and let you sabotage me, I have been through too much!.

I'm gonna ask my other counsel to look into this and you. I am disappointed this is who you are, but I'm glad it took so little to expose so much of you. I want an update on what's going and and I demand to see any and all communication between you and the attorney representing the City. You have a legal and ethical obligation to keep me informed, which you have intentionally neglected to spite me. You're playing stupid games and you're gonna win a stupid prize due to ego and arrogance. You have a DUTY to provide me with information since you elected to continue the settlement to conclusion, and I agreed. Therefore, if I find out you are purposely attempting to sabotage that this will escalate into a malpractice action against you, which is being investigated anyway and this is why new counsel has not contacted you yet but Im sure they will this week.. I will be sure to include the emails and text messages that verify you lied to the federal court about that motion to quash, which I can now prove. I ask you to do what you say, and do it how you say you're gonna do it, Don't switch up being petty. Since your word means nothing, I want to see the paperwork and I want to see the communications!

Clayton H

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT A-6

**Mr. Blackburn's July 9, 2025 Emails**

7:41 a.m. and 8:56 a.m. (Mr. Blackburn's messages only)

*Plaintiff's Letter Motion for Leave to Serve Rule 45 Subpoena on Non-Party Tyrone A. Blackburn, Esq. by Email, dated October 28, 2026*

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Date:** | Wednesday, July 9, 2025, 7:41 a.m. EDT |
| **Subject:** | Cases - |

*Mr. Blackburn's message as it appears quoted in full in Plaintiff's reply of 8:07 a.m. Plaintiff's reply is not reproduced.*

Clayton,

As you are aware, I have completed legal work for you on several matters. You owe me $5,000 from the family court issue. I am willing to forgo placing a lien on the NYPD case in exchange for $3,500. This includes the cost of drafting and filing the complaint in the EDNY. You already have a lien on that case for $13,333.00 from your prior counsel.

You have a balance of $8,500.00. If you have any issues with my bill, we can consider fee arbitration, and I will request a quantum meruit payment for all the hours I have worked.

Regards,

Tyrone A. Blackburn, Esq.

| | |
|---|---|
| **From:** | Tyrone Anthony Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Date:** | Wednesday, July 9, 2025, 8:56 a.m. EDT |
| **Subject:** | Re: Cases - |

*Mr. Blackburn's message as it appears quoted in full in Plaintiff's reply of 9:15 a.m. Plaintiff's reply is not reproduced.*

You owe me $8,500.00, Clayton. I advise you to read the email over. Your prior counsel has a lien on your NYPD case for $13,333.00. I said I would opt not to do the same in exchange for $3,500 for my work on the NYPD case. I've had multiple settlement conversations with Jonathan and asked you for the last settlement offer. From the city, which you claimed was $90,000, when it was actually $40,000. A point I've been trying to clarify with your prior counsel, because clearly you don't know what you are talking about and tend to make things up in your head, which you and only you believe.

You can threaten to file whatever you want to file against me, I have my records and recordings.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT B

**September 11, 2026 Demand for Client File**

Email and attached signed letter (also sent by certified mail)

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Date:** | Friday, September 11, 2026, 12:44 p.m. EDT |
| **Subject:** | Demand for Client File, Including All Preservation Notices Served on the City of New York: Howard v. City of New York, No. 1:24-cv-08316 (E.D.N.Y.) |
| **Attachment:** | Howard Blackburn Demand Client File.pdf (3 pages, attached) |

Mr. Blackburn,

I am your former client, and I am now the plaintiff representing myself in Howard v. City of New York, et al., No. 1:24-cv-08316 (KAM)(LKE) (E.D.N.Y.). I demand the complete file your firm kept on my claims against the City of New York. This is not the first time I have asked. On July 7, 2025, I wrote to you that "I demand to see any and all communication between you and the attorney representing the City" and that "I want to see the paperwork and I want to see the communications!" I have received neither. A signed copy of this letter is also being sent to your office by certified mail, return receipt requested.

1. The representation

Your firm represented me on my claims against the City of New York arising from my detentions by the NYPD. The representation began on or about July 1, 2024. That day, you wrote to my prior counsel, Lebedin Kofman, LLP, that I had "terminated your services, retained my firm, and instructed you to turn over his files and correspondence with the City of New York to my office." It included the General Municipal Law § 50-h examination the City noticed for August 22, 2024, and the complaint in this action; your July 9, 2025 email refers to your work "drafting and filing the complaint in the EDNY." The representation ended in mid-2025. I now represent myself. No successor counsel holds my file, so it must come to me.

2. Preservation notices (due September 18, 2026)

Within seven days, please produce:

(a) every preservation, litigation-hold, or evidence-retention notice sent by your firm, or by anyone acting for me, to the City of New York or any of its agencies, offices, or employees. That includes the New York City Law Department, the Office of the Comptroller, the NYPD (including its Legal Bureau, the 120th Precinct and any other command, and the Internal Affairs Bureau), and the Richmond County District Attorney's Office;

(b) for each notice: the date it was served, how it was served, the name and office of every person or entity it was served on, and any proof of service (certified-mail and return receipts, email or fax confirmations, or affidavits of service); and

(c) any acknowledgment, response, or objection the City, the NYPD, or any other recipient sent back.

If your firm did not send a preservation notice to the City, please say so in writing by the same date.

3. The complete file (due September 25, 2026)

Within fourteen days, please produce the rest of the file, including:

(a) the file your firm received from Lebedin Kofman, LLP, and the date you received it, including any notices of claim, preservation notices, § 50-h transcripts, and records requests it contained;

(b) all notices of claim, § 50-h notices and transcripts, and correspondence with the Comptroller or the Law Department;

(c) all documents obtained from the NYPD, the City, or any other source, whether through my signed authorizations, FOIL, subpoena, or otherwise. That includes arrest reports, complaint reports, domestic incident reports, I-card or warrant records, DD-5s, and any body-worn camera footage;

(d) all correspondence with counsel for the City, including Jonathan Hutchinson, Esq., and all settlement demands, offers, and notes of settlement discussions, including the "multiple settlement conversations with Jonathan" your July 9, 2025 email describes;

(e) all pleadings, drafts, filed papers, research, and investigative materials; and

(f) my retainer agreement(s) and billing records.

4. Your obligation to deliver the file

Delivering the file is not optional. When a New York representation ends, the lawyer must "presumptively accord [the client] full access to the entire attorney's file on a represented matter," and may withhold material only upon "a substantial showing . . . of good cause to refuse." Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP, 91 N.Y.2d 30, 34 (1997). The narrow exceptions the Court of Appeals recognized cover documents whose disclosure would breach a duty owed to a third party and firm documents meant for internal law-office use. See id. at 36–37. Neither exception can reach a preservation notice served on an adversary, which by its nature left the firm.

The Rules of Professional Conduct say the same thing. On termination, "a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including . . . delivering to the client all papers and property to which the client is entitled." N.Y. Rules of Prof'l Conduct R. 1.16(e) (22 N.Y.C.R.R. § 1200.0). A lawyer must also "promptly pay or deliver to the client . . . the funds, securities, or other properties in the possession of the lawyer that the client . . . is entitled to receive." Id. R. 1.15(c)(4). See also N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Op. 1249 (applying Sage Realty and Rules 1.15(c)(4) and 1.16(e) to delivery of the file on termination).

The right to the file belongs to the client, and I am the client. Because I represent myself, delivering the file to me is the only way to avoid the prejudice Rule 1.16(e) addresses, and that prejudice is concrete. Fact discovery in this action closes on October 15, 2026. The City told the Court in ECF No. 65 that it communicated a preservation request to the NYPD on August 26, 2026. Whether, when, and to whom any earlier preservation notice was served goes directly to the evidence at issue.

5. Format, cost, and any claimed basis to withhold

Electronic copies (PDF by email or secure download link) are acceptable and preferred. If any items exist only on paper and you intend to charge for copying them, tell me the reasonable cost before you incur it. See Sage Realty, 91 N.Y.2d at 38. If you contend that any document may be withheld, on any

ground, identify the document and the basis in writing by September 18, 2026, and produce everything else on schedule.

If I do not receive the preservation notices and the related information by September 18, 2026, I will ask the Court for appropriate relief, including an order directing production. Nothing in this email waives any right, claim, or remedy.

Clayton Howard
Plaintiff, pro se
**[REDACTED]**

**CLAYTON HOWARD**
Plaintiff, pro se
REDACTED

September 11, 2026

**VIA EMAIL** REDACTED
**AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
REDACTED

**Re: Demand for Client File, Including All Preservation Notices Served on the City of New York**
*Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE) (E.D.N.Y.), and related claims against the City of New York

Dear Mr. Blackburn:

I am your former client, and I am now the plaintiff representing myself in the action above. I demand the complete file your firm kept on my claims against the City of New York. This is not the first time I have asked. On July 7, 2025, I wrote to you that "I demand to see any and all communication between you and the attorney representing the City" and that "I want to see the paperwork and I want to see the communications!" I have received neither.

**1. The representation**

Your firm represented me on my claims against the City of New York arising from my detentions by the New York City Police Department. The representation began on or about July 1, 2024. That day, you wrote to my prior counsel, Lebedin Kofman, LLP, that I had "terminated your services, retained my firm, and instructed you to turn over his files and correspondence with the City of New York to my office." It included the General Municipal Law § 50-h examination the City noticed for August 22, 2024, and the complaint in this action; your July 9, 2025 email refers to your work "drafting and filing the complaint in the EDNY." The representation ended in mid-2025. I now represent myself. No successor counsel holds my file, so it must come to me.

**2. Preservation notices (due September 18, 2026)**

Within seven days of this letter, please produce:

(a) every preservation, litigation-hold, or evidence-retention notice sent by your firm, or by anyone acting for me, to the City of New York or any of its agencies, offices, or employees. That includes the New York City Law Department, the Office of the Comptroller, the NYPD (including its Legal Bureau, the 120th Precinct and any other command, and the Internal Affairs Bureau), and the Richmond County District Attorney's Office;

(b) for each notice: the date it was served, how it was served, the name and office of every person or entity it was served on, and any proof of service (certified-mail and return receipts, email or fax confirmations, or affidavits of service); and

(c) any acknowledgment, response, or objection the City, the NYPD, or any other recipient sent back.

If your firm did not send a preservation notice to the City, please say so in writing by the same date.

**3. The complete file (due September 25, 2026)**

Within fourteen days of this letter, please produce the rest of the file, including:

(a) the file your firm received from Lebedin Kofman, LLP, and the date you received it, including any notices of claim, preservation notices, § 50-h transcripts, and records requests it contained;

(b) all notices of claim, § 50-h notices and transcripts, and correspondence with the Comptroller or the Law Department;

(c) all documents obtained from the NYPD, the City, or any other source, whether through my signed authorizations, FOIL, subpoena, or otherwise. That includes arrest reports, complaint reports, domestic incident reports, I-card or warrant records, DD-5s, and any body-worn camera footage;

(d) all correspondence with counsel for the City, including Jonathan Hutchinson, Esq., and all settlement demands, offers, and notes of settlement discussions, including the "multiple settlement conversations with Jonathan" your July 9, 2025 email describes;

(e) all pleadings, drafts, filed papers, research, and investigative materials; and

(f) my retainer agreement(s) and billing records.

**4. Your obligation to deliver the file**

Delivering the file is not optional. When a New York representation ends, the lawyer must "presumptively accord [the client] full access to the entire attorney's file on a represented matter," and may withhold material only upon "a substantial showing . . . of good cause to refuse." *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30, 34 (1997). The narrow exceptions the Court of Appeals recognized cover documents whose disclosure would breach a duty owed to a third party and firm documents meant for internal law-office use. *See id.* at 36–37. Neither exception can reach a preservation notice served on an adversary, which by its nature left the firm.

The Rules of Professional Conduct say the same thing. On termination, "a lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including . . . delivering to the client all papers and property to which the client is entitled." N.Y. Rules of Prof'l Conduct R. 1.16(e) (22 N.Y.C.R.R. § 1200.0). A lawyer must also "promptly pay or deliver to the client . . . the funds, securities, or other properties in the possession of the lawyer that the client . . . is entitled to receive." *Id.* R. 1.15(c)(4). *See also* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Op. 1249 (applying *Sage Realty* and Rules 1.15(c)(4) and 1.16(e) to delivery of the file on termination).

The right to the file belongs to the client, and I am the client. Because I represent myself, delivering the file to me is the only way to avoid the prejudice Rule 1.16(e) addresses, and that prejudice is concrete. Fact discovery in this action closes on October 15, 2026. The City told the Court in ECF No. 65 that it communicated a preservation request to the NYPD on August 26, 2026. Whether, when, and to whom any earlier preservation notice was served goes directly to the evidence at issue.

**5. Format, cost, and any claimed basis to withhold**

Electronic copies (PDF by email or secure download link) are acceptable and preferred. If any items exist only on paper and you intend to charge for copying them, tell me the reasonable cost before you incur it. *See Sage Realty*, 91 N.Y.2d at 38. If you contend that any document may be withheld, on any ground, identify the document and the basis in writing by September 18, 2026, and produce everything else on schedule.

If I do not receive the preservation notices and the related information by September 18, 2026, I will ask the Court for appropriate relief, including an order directing production. Nothing in this letter waives any right, claim, or remedy.

Sincerely,

Clayton Howard

/s/ Clayton Howard
Clayton Howard
Plaintiff, pro se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT C

**September 21, 2026 Second Demand and Replies**

Plaintiff's demand, Mr. Blackburn's reply, and Plaintiff's two follow-up emails

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Cc:** | **[REDACTED]** |
| **Date:** | Monday, September 21, 2026, 8:01 a.m. EDT |
| **Subject:** | Second and Final Demand for My Complete Client Files – All Matters |

Mr. Blackburn:

On September 11, 2026, I sent you a written demand for my client file in Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE) (E.D.N.Y.). It asked for the preservation notices by September 18, 2026. You did not respond, did not produce anything, and did not state any basis for withholding. This letter repeats that demand and extends it to every matter in which your firm represented me. A signed copy is also going to your office by certified mail, return receipt requested.

1. The matters

Your firm represented or acted for me in at least the following matters:

(a) Claims against the City of New York, the NYPD, and related officials, including the notice-of-claim and General Municipal Law § 50-h stage, and the complaint your firm drafted and filed in Howard v. City of New York, No. 1:24-cv-08316 (E.D.N.Y.). This includes your July 1, 2024 request for Lebedin Kofman, LLP's file and your July 9, 2024 email to Det. Christopher Robley and Darren Albanese of the Richmond County District Attorney's Office.

(b) Clayton Howard v. Dimonic Smith, Richmond County Family Court, File No. 299512, Docket Nos. V-20592-22/23A and V-20592-22/23B, including the May 2025 withdrawal of my custody and violation petitions and your communications with Elliot Green, Esq.

(c) My claims relating to Sean Combs and Casandra Ventura, including the civil complaint you were preparing, your communications with counsel for Ms. Ventura, and your communications with the U.S. Attorney's Office for the Southern District of New York concerning my status as a witness and victim.

(d) My demand against the YouTube creator "Tisa Tells" (June 2025).

(e) The House of NonFiction agreements (Materials License and Appearance Release negotiated with Fox Rothschild LLP, 2024), and any payment made through your firm on my behalf.

(f) The Oasis Financial application (May 2025, reference no. **[REDACTED]**).

2. What I am demanding

For each matter listed above, please produce the complete file, including:

(1) All communications with any opposing party or its counsel, including the City of New York and the New York City Law Department (including Jonathan Hutchinson, Esq.), the NYPD, the Richmond County District Attorney's Office, Dimonic Smith and Elliot Green, Esq., counsel for Sean Combs, counsel for Casandra Ventura, and "Tisa Tells." This includes emails, letters, texts, and your notes of calls;

(2) All communications with third parties about my matters, including the U.S. Attorney's Office, House of NonFiction and Fox Rothschild LLP, Oasis Financial, and any court clerk;

(3) Every preservation, litigation-hold, or evidence-retention notice sent on my behalf to anyone, with the date, method, recipient, and proof of service. If none was sent in a matter, say so in writing;

(4) All settlement demands, offers, and notes of settlement discussions, including the "multiple settlement conversations with Jonathan" and the $40,000 offer your July 9, 2025 email describes;

(5) The file you received from Lebedin Kofman, LLP, and the date you received it;

(6) All pleadings, drafts, filed papers, signed releases and authorizations, records obtained from any agency, research, and investigative materials; and

(7) My retainer agreements, invoices, billing records, and a written accounting of all funds received, held, or disbursed on my behalf in any matter, including any payment from House of NonFiction. See N.Y. Rules of Prof'l Conduct R. 1.15(c)(3), (c)(4).

3. The law

A former client is presumptively entitled to "full access to the entire attorney's file on a represented matter," and a lawyer may withhold documents only on "a substantial showing . . . of good cause." Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP, 91 N.Y.2d 30, 34 (1997). On termination, a lawyer must deliver "all papers and property to which the client is entitled." N.Y. Rules of Prof'l Conduct R. 1.16(e).

Any fee claim is not a basis to withhold the file. You have never sent me an invoice. Your only statement of fees is your July 9, 2025 email. That email came after you failed to appear for the July 2, 2025 conference in the federal action, and the day after I appeared before the Court without you on July 8, 2025. At that conference, counsel for the City stated that he had had no contact with you since June 23, 2025. You never moved to withdraw, although Local Civil Rule 1.4 permits an attorney of record to be relieved only by order of the Court. Your neglect of the matter is cause for discharge, and an attorney discharged for cause has no right to compensation or to a lien. Teichner v. W & J Holsteins, Inc., 64 N.Y.2d 977, 979 (1985). No lien, in any event, can reach the preservation notices, which went to my adversaries and are not your work product.

If you nevertheless claim a fee or lien over any file, identify the matter, the amount, and its basis in writing by the deadline below so that the dispute can be resolved by the Court. Produce everything else on schedule.

4. Deadline and next steps

Please produce everything, or a written statement of what you are withholding and why, by Monday, September 28, 2026. Electronic copies by email or download link are acceptable. If paper copying costs are involved, tell me the amount before you incur it.

Because fact discovery in Howard v. City of New York closes on October 15, 2026 and you did not respond by September 18, I am also asking the Clerk to issue a Rule 45 subpoena to you for the City-case materials. You will receive it separately. If the rest of the file is not produced by September

28, I intend to file a complaint with the Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts. I also intend to ask the Court in the federal action to direct turnover of the City-case file, since you appeared as my counsel there.

I would prefer to resolve this without either step. Nothing in this letter waives any right, claim, or remedy.

Respectfully,

Clayton Howard
**[REDACTED]**

---

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Clayton Howard <**[REDACTED]**> |
| **Cc:** | **[REDACTED]** |
| **Date:** | Monday, September 21, 2026, 9:27 a.m. EDT |
| **Subject:** | Re: Second and Final Demand for My Complete Client Files – All Matters |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

Clayton,

1. You have all of your files. You also have all of the emails. I have nothing else to provide to you.

2. You never paid me for any of the work. You made multiple excuses concerning the delivery of said payment, and to this day I have not been paid. When will you pay me the money you owe me?

Regards,

Tyrone A. Blackburn, Esq. T. A. Blackburn Law, PLLC. **[REDACTED]**

---

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Cc:** | **[REDACTED]** |
| **Date:** | Monday, September 21, 2026, 9:37 a.m. EDT |
| **Subject:** | Re: Second and Final Demand for My Complete Client Files – All Matters |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

Tyrone

Come on your not telling the truth! Im entitled to the file, which is the communications and all and your aware of this. Im not looking for an issue, i never made any excuses either. You failed to adquately

represent me within the Bronx Family Court. My parental right were not relinquished; all you did was agree to give her custody- which means you lied to me. Im not even argueing about that, its something i had to fix and I did.

Any debt you feel owed can be addressed as all of my communications have stated. But to continue to lie is only gonna make this worse and take it someone it doesnt need to go. I ask that you comply, you have a mandatory onligation to surrender my entire file which means everything! Thats the EDNY, The Diddy, matter and anything else. It includes communciations and you have NEVER sent me a file or anything. If you claim you have i challenge you to find the email or transmission and send it to me.

Tyrone, this does not have to become messy. Just provide the entire file

Clayton Howard

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Cc:** | **[REDACTED]** |
| **Date:** | Monday, September 21, 2026, 9:50 a.m. EDT |
| **Subject:** | Re: Second and Final Demand for My Complete Client Files – All Matters |

*Printed from Plaintiff's Gmail account. Earlier messages quoted beneath the reply and standard email confidentiality footers are omitted, and contact information is redacted; no other text has been changed.*

Tyrone

You can even send me a bill for your work in the EDNY; I will ensure it gets paid, as I am responsible for attorney fees. I contacted you about that about a year ago - you did not respond. 3 Detectives are now joined in the action. It will take a few months but I will add your invoice to the settlment package if you provide it. You abandon my case which damages any claim you have to fees owed. But I understand the work this takes and I have no issue paying you for drafting the EDNY complaint and your earlier work. The EDNY complaint is the Complaint you drafted. I am aware you told former counsel you aided me in the Ventura complaint which we both know is not true. If you can be professional and compliant we can work out any fee disputes without litigation, which I wish to avoid. Im extending and onlive branch, I simply ask for my complete communications and file.

Clayton Howard

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT D

**Rule 45 Subpoena and October 19, 2026 Transmittal**

Transmittal email, subpoena (AO 88B), Schedule A, and October 18, 2026 cover letter

| | |
|---|---|
| **From:** | Clayton Howard <**[REDACTED]**> |
| **To:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **Cc:** | **[REDACTED]**; **[REDACTED]** |
| **Date:** | Monday, October 19, 2026, 8:00 a.m. EDT |
| **Subject:** | Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE) (E.D.N.Y.) – Rule 45 Subpoena and Schedule A – Request to Accept Service by Email |
| **Attachment:** | Blackburn Subpeona EDNY.pdf; Blackburn Schedule A.pdf; Blackburn Rule45 Cover Letter and request for complete file.pdf |

Mr. Blackburn:

Attached is a subpoena to produce documents under Federal Rule of Civil Procedure 45, issued by the Clerk of the Eastern District of New York in Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE), which is before Judge Matsumoto and Magistrate Judge Eshkenazi. Schedule A and my cover letter dated October 18, 2026 are attached with it. I ask respectfully that you accept service of the subpoena by email. Please reply to confirm, and I will treat the date of your reply as the date of service.

Since our relationship ended in June 2025, I have asked you for my complete client file, including in writing on September 11 and September 21, 2026. Your September 21 reply said I already have everything. I do not, and the file has not been produced.

I want to be clear that a subpoena was not what I wished for. I would have preferred to receive my file the way any former client does, by asking for it. When that did not happen, I was left with no other way to get the records I need for discovery in the EDNY case. Now that the subpoena has issued, I ask that you comply with it and produce my entire client file as Schedule A directs, by November 23, 2026. Production by email or secure download link is fine.

My cover letter also asks, separately from the subpoena, for my client files in my other matters. That includes your file in the Combs matter, your communications with the U.S. Attorney's Office, Wigdor LLP and Combs defense counsel about me, and any contact you had with Alex Stapleton or Vanessa Sanchez about me in connection with the Netflix documentary. Those files belong to me as your former client, and a subpoena should not be needed to get them. I ask that you treat the subpoena and the separate request together and produce both. If you treat this as a single request and produce only the EDNY material, you will leave me no other option but to seek subpoenas for the rest, which I would rather avoid for both of us.

I'm not looking for any issues with you. I just want my file. If you'd like to discuss scope or timing, please contact me in writing before the return date.

Respectfully,

Clayton Howard
Plaintiff, pro se
**[REDACTED]**

Attachments:

1. Subpoena to Produce Documents (Form AO 88B) with Schedule A
2. Cover letter dated October 18, 2026

**CLAYTON HOWARD**
24 Orchard Street, Carteret, New Jersey 07008
(929) 781-7791 · itsclaytonhoward@gmail.com

October 18, 2026

**BY HAND DELIVERY (WITH SUBPOENA) AND EMAIL**

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
1242 E. 80th Street Floor 3
Brooklyn, New York 11236
Tblackburn@tablackburnlaw.com

**Re: Howard v. City of New York, No. 1:24-cv-08316 (KAM)(LKE) (E.D.N.Y.)
Subpoena to Produce Documents Under Fed. R. Civ. P. 45**

**Demand for Complete Client File in All Matters**

Dear Mr. Blackburn:

I am the plaintiff in the above action, appearing pro se. Served with this letter is a subpoena issued by the Clerk of the United States District Court for the Eastern District of New York under Federal Rule of Civil Procedure 45. It directs you to produce the documents, electronically stored information and communications described in Schedule A by **November 23, 2026.**

Schedule A seeks the client file from your representation of me in this action, including any preservation notice sent on my behalf and your communications with the City, the NYPD and the Richmond County District Attorney's Office. You were my attorney of record here until the Court terminated your appearance on July 8, 2025. I asked you for the file in writing on September 11 and September 21, 2026. Your September 21 reply asserted no lien, privilege or work-product objection, and the attorney-client privilege is mine to hold.

**Electronic production is acceptable.** To reduce your time and cost, I will accept the production, and any written response or objection, in either of these forms instead of physical delivery:

1. By email to **itsclaytonhoward@gmail.com**; or
2. By a secure download link (for example, Dropbox, Google Drive, OneDrive or ShareFile) sent to that address.

Please produce documents as they are kept in the usual course of business, or organized and labeled to match the categories in Schedule A, as Rule 45(e)(1)(A) requires. Emails should be produced in a format that preserves sender, recipients, date and attachments (native .msg/.eml, or PDF with attachments). If anything is withheld or redacted on a claim of privilege or

confidentiality, Rule 45(e)(2)(A) requires a privilege log describing what was withheld and the basis.

If your position remains that no responsive documents exist, please state that in writing for each Schedule A category and describe the search you conducted, including the email accounts, devices and file systems you checked. A general statement that I already have everything does not respond to the subpoena.

Agreeing to electronic delivery does not change the subpoena's terms or its return date. Under Rule 45(d)(2)(B), any written objection must be served before the earlier of the time specified for compliance or 14 days after service. If you need to discuss scope or timing, please contact me in writing before the return date so we can try to resolve it without involving the Court.

**Separate demand for my complete client file in every matter.**

The subpoena is limited to this action, and nothing in this section expands it. Separately, and as your former client, I demand my complete client file for every matter in which you represented me or acted on my behalf. Under New York law the file belongs to the client, and a former client is presumptively entitled on request to the entire file, including drafts, research, notes and correspondence. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30 (1997); *see also* N.Y. Rules of Prof'l Conduct 1.16(e). This demand covers, at a minimum:

(a) **The Combs matter.** Your entire file from your representation of me concerning Sean Combs, Casandra Ventura and the related corporate entities, from the retainer I signed on May 1, 2024 through the June 20, 2025 termination and after. That includes the retainer agreement, every draft complaint you prepared, your research, your notes and your internal emails.

(b) **Prosecutors.** All communications with the United States Attorney's Office for the Southern District of New York, including any Assistant U.S. Attorney, agent or victim-witness staff, about me, my claims or *United States v. Combs*, No. 24-cr-542 (AS), and your notes of any call or meeting.

(c) **Wigdor LLP.** All communications with Wigdor LLP, including Douglas H. Wigdor, about me, my claims or the Combs matter, including any conversation in or around February 2025, and your notes of any call or meeting.

(d) **Combs defense counsel.** All communications with any attorney representing Sean Combs or his companies, before, during or after the criminal trial, about me, my identity, my claims or my potential testimony, and your notes of any call or meeting.

(e) **The Netflix documentary.** All communications with Alexandria ("Alex") Stapleton, Vanessa Sanchez, or anyone acting for Netflix, House of NonFiction or the producers of

*Sean Combs: The Reckoning*, about me, including any interview request, release, or material you provided or received about me.

(f) **Everything else.** Your file in any other matter you handled for me that is not listed above.

"Communications" means emails, text messages, iMessages, WhatsApp, Signal and social-media direct messages, voicemails and letters, plus your notes and calendar entries of any call or meeting, whether on firm or personal accounts and devices.

Please produce this material by **November 23, 2026**, the same date as the subpoena, in either of the electronic forms listed above. If you withhold any part of a file, identify what was withheld and state the basis in writing. If you claim a lien on any file, say which file and the amount claimed. If a category has nothing in it, say so in writing.

Please also preserve all of this material, including emails and messages on personal accounts and phones, and suspend any routine deletion. These records bear on pending and future proceedings, and nothing should be destroyed while this demand is open.

I reserve all rights.

Respectfully,

Clayton Howard

Clayton Howard
Plaintiff, pro se

Enclosure: Subpoena to Produce Documents (Form AO 88B) with Schedule A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------x
CLAYTON HOWARD, **No. 1:24-cv-08316 (KAM)(LKE)**

*Plaintiff*,

-against-

CITY OF NEW YORK,
JOSEPH QUIRK,
DCHRISTOPHER ROBLEY,
MATTHEW DePALMA, and
JOHN AND JANE DOES 1-10,

*Defendants*.
-------------------------------------------------x

## SCHEDULE A TO SUBPOENA DIRECTED TO TYRONE A. BLACKBURN, ESQ.

### Definitions and Instructions

a) "You" means the person named in the subpoena and any employee, agent, or person acting on that person's behalf, and any professional entity through which that person practiced.

b) "Communication" means any transmission of information in any form, including email, letter, text message, voicemail, messaging application, and any note or memorandum of an oral communication.

c) "Document" has the broadest meaning permitted by Fed. R. Civ. P. 34(a)(1)(A) and includes electronically stored information in its native form with metadata intact.

d) "Plaintiff" means Clayton Howard.

e) If any document is withheld on a claim of privilege or protection, produce a log complying with Fed. R. Civ. P. 45(e)(2)(A).

f) If no document responsive to a request exists, state so in writing and describe the search performed, identifying each email account, device, cloud service, and case-management or storage system searched.

g) This subpoena does NOT seek communications between you and plaintiff, or your own notes, mental impressions, legal research, or work product. Those materials are the subject of a separate demand and are not to be produced in response to this subpoena.

**Documents to be Produced**

1. All communications between you and the City of New York, the New York City Law Department (including Jonathan Hutchinson, Esq.), or the New York City Police Department, concerning plaintiff or the claims asserted in this action, for the period June 1, 2024 through July 8, 2025.

2. All communications between you and the Richmond County District Attorney's Office, including Detective Christopher Robley and Darren Albanese, concerning plaintiff, including your email dated July 9, 2024.

3. Every preservation, litigation-hold, spoliation, or evidence-retention notice or demand sent by you or at your direction on plaintiff's behalf to any person or entity concerning the incidents of May 16, 2023, May 18, 2023, or November 17, 2023, together with the date sent, the method of transmission, each recipient, and proof of transmission. If no such notice was sent, state so in writing.

4. All communications between you and Lebedin Kofman, LLP, including Jessica Gorman, Esq., concerning plaintiff; the complete file you received from that firm; and a statement of the date on which you received it.

5. All settlement demands, offers, counteroffers, and communications concerning settlement or resolution of plaintiff's claims against the City of New York, including the settlement conversations with Jonathan Hutchinson, Esq. and the $40,000 offer referenced in your email of July 9, 2025.

6. All notices of claim, all correspondence concerning the General Municipal Law § 50-h examination noticed for August 22, 2024 and its cancellation, all signed releases and authorizations executed by plaintiff, and all records obtained by you from any agency by request, subpoena, or authorization concerning plaintiff.

Respectfully,

Clayton Howard

Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929)781-7791
itsclaytonhoward@gmail.co
m

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

Clayton Howard
*Plaintiff*
v.
City of New York et al
*Defendant*

Civil Action No. 24-cv-08316-KAM-LKE

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Tyrone Anthony Blackburn
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor, Brooklyn NY 11236
*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Entire client file to include any and all communication related with any person or agency related to the matter of Howard v City of New York 24-8316 All communications include emails, phone logs, messages. that include settlement, conferences, other information.

| Place: Clayton Howard 45 Warren St 3G Staten Island, NY 10304 Htsclaytonhoward gmail.com htsclaytonhoward@gmail.com | Date and Time: November 16, 2026 5pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/15/2026

BRENNA B. MAHONEY
*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Clayton Howard 24 Orchard St, Carteret NJ 07008 htsclaytonhoward@gmail.com (929)781-7791, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT E

**Declaration of Richard Petrocy**

Attempted personal service on October 20 and October 27, 2026

*Plaintiff's Letter Motion for Leave to Serve Rule 45 Subpoena on Non-Party Tyrone A. Blackburn, Esq. by Email, dated October 28, 2026*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD,<br><br>Plaintiff,<br><br>- against -<br><br>CITY OF NEW YORK, et al.,<br><br>Defendants. | No. 1:24-cv-08316 (KAM)(LKE)<br><br>**DECLARATION OF RICHARD PETROCY REGARDING ATTEMPTED SERVICE OF RULE 45 SUBPOENA** |

I, Richard Petrocy, declare as follows:

1. I am over 18 years of age and am not a party to this action. I make this declaration from personal knowledge.

2. At the request of Plaintiff Clayton Howard, I attempted to personally serve a Subpoena to Produce Documents (Form AO 88B), with Schedule A, issued in this action and directed to Tyrone A. Blackburn, Esq., at the office address of T. A. Blackburn Law, PLLC, **[REDACTED]**.

3. On Tuesday, October 20, 2026, at approximately 9:00 a.m., I went to that address. [Describe what you observed: e.g., whether the building or office was open, whether anyone answered, whom you spoke with and what they said, any signage, and how long you waited.] I was unable to deliver the subpoena to Mr. Blackburn.

4. On Tuesday, October 27, 2026, at approximately 4:45 p.m., I returned to the same address. [Describe what you observed.] I was unable to deliver the subpoena to Mr. Blackburn.

5. I did not leave the subpoena with any other person or at the premises. [Revise if you did.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2026.

[signature]

Richard Petrocy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*Howard v. City of New York, et al.*
No. 1:24-cv-08316 (KAM)(LKE)

# EXHIBIT F

**Mr. Blackburn's October 28, 2026 Email**

Sent 6:34 a.m. from Mr. Blackburn's firm email address

| | |
|---|---|
| **From:** | Tyrone A. Blackburn, Esq. <**[REDACTED]**> |
| **To:** | Servicing <**[REDACTED]**>; Clayton Howard <**[REDACTED]**> |
| **Date:** | Wednesday, October 28, 2026, 6:34 a.m. EDT |
| **Subject:** | Re: Status Request – Multiple Cases, One Click |

*Mr. Blackburn’s message, with the litigation funder’s 3:30 a.m. inquiry that it answers. Standard email footers omitted; the funder’s account number is redacted; Plaintiff’s later reply is not reproduced.*

Clayton Howard is not my client. He is copied on this email. Please direct all communications to him directly.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
**[REDACTED]**

On Wed, Oct 28, 2026 at 3:30 AM Servicing <**[REDACTED]**> wrote:

> Dear Tyrone Blackburn,
> We have provided funding to your clients listed below. To help make payoff fast and easy when the case resolves, please provide us with status updates on the cases.
> Plaintiff: Clayton Howard — OASIS ID: **[REDACTED]**> Thank you for taking the time to status these cases.
> Sincerely,
> Lindsay Hemmer, Senior Associate, Servicing – Status