*** Filed ***
10:55 AM, 07 Nov, 2026
U.S.D.C., Eastern District of New York

Clayton Howard, Plaintiff pro se
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com

November 9, 2026

By Pro Se Document Submission

Hon. Lara K. Eshkenazi
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE) — Letter motion to lift the October 26, 2026 stay as to the individual defendants**

Dear Judge Eshkenazi:

I am the plaintiff, pro se. I respectfully ask the Court to lift the stay entered on October 26, 2026, as it applies to Detectives Joseph Quirk, Christopher Robley and Matthew DePalma. The City sought that stay in ECF No. 84 on the ground that an open Internal Affairs Bureau investigation had to finish first. The NYPD lieutenant assigned to my complaint has now confirmed in writing that IAB is not investigating Det. Quirk or Det. DePalma, and he told me that IAB does not investigate a matter once it is part of active federal litigation and that the Law Department, the City's counsel in this case, is handling it. The stay therefore waits on no one but the party that asked for it. This is my first request to lift it. I asked the City to meet and confer; it did not respond (Part 4).

## 1. What ECF No. 84 told the Court

On October 21, 2026, the City wrote that "this office recently learned that the New York City Police Department's Internal Affairs Bureau ('IAB') has an open investigation into one of the incidents alleged in the amended complaint." ECF No. 84 at 1. It asked the Court to "stay this action against the individual defendants pending resolution of the open IAB investigation(s)."*Id.* at 3. It gave three reasons: Corporation Counsel may be unable to decide representation under N.Y. Gen. Mun. Law § 50-k until "the investigation has concluded and a disposition has been rendered"; early representation could create a conflict; and "[w]hen this investigation is concluded, the relevant information already will have been compiled and summarized."*Id.* at 2–3.

The Court granted the City's answer extension to November 30, stayed all other deadlines until December 23, 2026, and directed the City to say "as expeditiously as possible" whether it will represent the individual defendants. Order, Oct. 26, 2026. The Court warned that a response without "sufficient detail regarding the reasons for any additional delay will likely result in the Court declining to extend the stay."*Id.*

### 2. NYPD's investigator says IAB is not investigating

On November 3, 2026, Lieutenant James Argenziano of the NYPD Detective Borough Staten Island emailed me that he had been assigned to investigate a complaint I made against the NYPD. Ex. A. He identified it as relating to a 2023 incident involving "Bellomo, Quirk, Depalma." *Id.* We spoke by telephone on the morning of November 4. He told me that IAB does not investigate a matter once it becomes part of active federal litigation; that the Law Department, which is defense counsel in this action, was handling the matter, not IAB; that he would not be investigating it; and that I would have to contact the Law Department. When I asked whether that meant the attorney representing the City in this case, he said yes. He agreed to confirm in writing. Declaration of Clayton Howard ("Howard Decl.") ¶¶ 3–6. At 10:19 a.m. I asked him to confirm that "IAB is not investigating Detective Joseph Quirk or Detective DePalma, and that the matter is instead being handled by the New York City Law Department and the City of New York." Ex. A. At 10:32 a.m., in reply to that email, he wrote (Howard Decl. ¶¶ 7–9):

> "Correct. Your additional information logs were documented on 8/24/26, 9/11/26, 9/12/2026, 9/20/26 and 10/29/2026 and consolidated into Case 2023-OG-8731 which was originally received on 6/9/2023. A system generated reopening occurred on 8/29/2026. Any further determinations will be handled regarding Clayton Howard v City of New York"

*Id.* When I followed up that afternoon with eight specific questions, including whether IAB itself is conducting any investigation of these officers and whether any work has been done since August 29, he replied that he was "not privy to some of the questions you asked." He has not answered them. Ex. A-1; Howard Decl. ¶ 10. Three things follow.

First, what NYPD describes is not the investigation ECF No. 84 described. NYPD's file is a 2023 case, "reopened" automatically by the system on August 29, 2026, when my supplemental submissions were logged. That is a filing event, not an investigation, and the officer assigned to it says IAB is not investigating and he will not be either.

Second, the stay is circular. The City asks the Court to wait for NYPD. NYPD says its "further determinations" will be handled through this case, and that the Law Department is handling the matter. If so, the investigation the Court is waiting on is the City's own defense counsel's review of my complaints. That is ordinary litigation work, done through discovery on the Court's schedule, not a reason to suspend the defendants' time to answer. No disposition will issue to inform a § 50-k decision, and no file will be "compiled and summarized" for the parties. A stay is "immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936).

Third, ECF No. 84 asked to stay the case as to all three individual defendants, but it identified a complaint only against Det. Quirk and Det. DePalma. ECF No. 84 at 2 n.1. It identified no investigation of any kind concerning Det. Robley.

### 3. The City’s representations in support of delay have not held up

The City's knowledge is not new. NYPD has held this case since June 9, 2023. Ex. A. On September 20, 2026, I copied City councel on my supplemental notice to IAB about Det. Quirk

and Det. DePalma (IAB Log Nos. 2026-32777 and 2026-30178). Ex. B. That was a month before ECF No. 84.

The timing of the request is also part of the record. On October 20, 2026, at 6:16 p.m., City counsel asked me to consent to extending "all defendants" to November 30 and did not mention a stay. Ex. C. I declined at 8:58 p.m. and offered November 15. *Id.* The next evening, at 6:00 p.m., counsel wrote that "[b]ased on your information that you have filed multiple IAB complaints," the City would seek a stay. *Id.* I opposed it at 6:26 p.m. *Id.*

This is the second time this fall that an unsworn City statement offered in support of delay has been contradicted by evidence. In August 2026 my process server tried three times to serve Det. DePalma at the 120th Precinct. ECF No. 70 at 6–11. The City answered that the desk officer on duty "between 1400 and 1900 hours" on August 19 "did not interact with any process server." ECF No. 76. That statement was contradicted by the process server's sworn declaration and by video footage recorded at the precinct, which I submitted to the Court. Det. DePalma was then served on October 7, 2026. ECF No. 81. "An attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam).

ECF No. 84 is also unsworn. It told the Court that IAB "has an open investigation" the case should await. NYPD's own investigator now says in writing that IAB is not investigating these officers and that the matter is with the Law Department. On November 4 I asked City counsel to identify any pending investigation by log or case number, to say when the City first learned of it, and to confer by phone. Ex. D. She has not responded. Howard Decl. ¶¶ 11–12. The City bears the burden on its stay, and a party that will not identify the investigation it relies on has not carried it.

I do not ask the Court to decide why these statements were made. I ask the Court to give them no weight, to require that any further representation about an investigation be made by sworn declaration of a person with knowledge, and to lift the stay.

## 4. Meet and confer

On November 4, 2026, at 11:31 a.m., I emailed City counsel, quoted Lt. Argenziano's reply, and asked: (a) whether the City still contends an IAB investigation is pending that justifies the stay; (b) when the City first learned of Case 2023-OG-8731; (c) when it first learned of IAB Log No. 2023-18090; and (d) whether it will state its representation decision. I offered to confer by phone on November 5 or 6 and asked for a response by 5:00 p.m. on November 6. Ex. D. As of this filing, the City has not responded by email, telephone or otherwise. Howard Decl. ¶¶ 11–12.

## 5. A stay is not warranted even on the City's theory

The party seeking a stay "bears the burden of establishing its need."*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). In this District, Judge Morrison denied the City's request to stay a § 1983 case pending a parallel investigation and a § 50-k decision. *Saint-Fort v. City of New York*, No. 22-cv-6879 (NRM)(MMH), ECF No. 20 (E.D.N.Y. Apr. 4, 2023). The court held that § 50-k(5) says Corporation Counsel "may" decline representation pending a disciplinary proceeding, but nothing in the statute says it "must," and the statute does not "contemplate staying the parallel federal civil action."*Id.* at 5. It found that the officers "can simply enter an appearance through their own counsel" while Corporation Counsel decides. *Id.* at

6–7. Here the case for a stay is weaker still, because IAB is not investigating and NYPD defers to this case.

Meanwhile the prejudice to me grows. The individual defendants were served October 7, 2026, and their answers were due October 28. ECF No. 81. This case has been pending since 2024. The docket shows eight defense requests for more time since March 2025 (ECF Nos. 8, 9, 18, 34, 52, 57, 67 and 84), and a ninth discovery extension on the date the City proposed (ECF No. 82). Ex. E. In May 2025 the Court warned that "[n]o further extensions will be granted absent extraordinary circumstances." Order, May 8, 2025. The City also let its August 24, 2026 answer deadline pass without a filing, ECF No. 84 at 3, and missed its October 15, 2026 deadline to report on representation, Order, Oct. 16, 2026. ECF No. 84 asked for more time again, and the stay is that request's latest form.

**6. The emails ECF No. 84 counts**

ECF No. 84 counts 39 emails from me since August 8, 2026. ECF No. 84 at 3 n.2. Many were notices the rules or the Court require: Rule 45(a)(4) subpoena notices, proposed amended pleadings under the February 12, 2026 order, and meet-and-confer requests under Your Honor's Individual Rule III.B(1). For most of the prior year I agreed to the City's extensions while counsel said she was seeking settlement authority. Ex. F. On September 8, 2026, the City told the Court that "the parties remain extremely far apart." ECF No. 65. The City has never made an offer.

**7. Relief requested**

I respectfully ask the Court to:

1. Lift the October 26, 2026 stay as to Detectives Quirk, Robley and DePalma;
2. Direct the individual defendants to answer or otherwise respond to the Amended Complaint by December 1, 2026, through Corporation Counsel or their own counsel;
3. Direct the City, within seven days, to state by sworn declaration of a person with knowledge (a) whether the Law Department will represent each individual defendant, and (b) whether any NYPD or IAB investigation of these defendants is pending and, if so, its log or case number, current status and expected completion date; and
4. Decline any extension of the stay past December 23, 2026 that rests on an IAB investigation.

Thank you for your consideration.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

cc: Anumeha Tanya, Esq., Senior Counsel, New York City Law Department (by email)

**Exhibits**

- Howard Decl. — Declaration of Clayton Howard under 28 U.S.C. § 1746, Nov. 7, 2026
- Ex. A — Email correspondence with Lt. James Argenziano, Nov. 3–4, 2026
- Ex. A-1 — Continued correspondence with Lt. Argenziano, Nov. 4–5, 2026
- Ex. B — Plaintiff's Sept. 20, 2026 supplemental notice to IAB, copied to City counsel
- Ex. C — Emails with City counsel, Oct. 20–21, 2026
- Ex. D — Plaintiff's Nov. 4, 2026 meet-and-confer email (no response received)
- Ex. E — Chart of extension requests on the docket, Mar. 2025 – Oct. 2026
- Ex. F — Settlement correspondence with City counsel, Dec. 2, 2025 – July 5, 2026