*** Filed ***
04:26 PM, 10 Nov, 2026
U.S.D.C., Eastern District of New York

Clayton Howard, Plaintiff pro se
24 Orchard Street,
Carteret, New Jersey 07008
(929) 781-7791 · itsclaytonhoward@gmail.com

November 10, 2026

By Pro Se Document Submission

Hon. Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Howard v. City of New York, et al., No. 1:24-cv-08316 (KAM)(LKE) — Supplemental letter in support of ECF No. 88**

Dear Judge Eshkenazi:

I respectfully request leave to file this short supplemental letter in support of my letter motion to lift the stay, ECF No. 88. After I filed, the NYPD investigator assigned to my complaint answered written questions I had sent him. His answers bear directly on ECF No. 88, and part of them differ from the November 4 email I relied on. I bring them to the Court now so that the record is complete and accurate. His November 9 and 10 emails are attached as Exhibit G.

## 1. What Lt. Argenziano wrote on November 4 and November 10

On November 4, 2026, Lt. James Argenziano answered "Correct" to my summary that IAB is not investigating Det. Quirk or Det. DePalma and that the matter is being handled by the Law Department and the City. ECF No. 88, Ex. A. On November 10, 2026, he answered numbered questions. Ex. G. In his own words:

| Question | November 4 | November 10 |
|---|---|---|
| Is IAB itself investigating? | "Correct" (IAB not investigating) | "Im not privy to that informiton" |
| Was the 8/29/2026 reopening automatic? | "A system generated reopening occurred on 8/29/2026" | "Also not privy to how IAB operates after receiving a complaint" |
| Is NYPD waiting on this lawsuit? | "Any further determinations will be handled regarding Clayton Howard v City of New York" | "OG-8731 is not on hold, any determination made by Howard v City of New York is separate" |
| Has any work been done? | Not addressed | Reviewed the detectives' DIRs, affidavits and other forms, and the documents I sent |
| Can discipline result? | Not addressed | "these incidents are beyond the 18 month Satute of Limitation and my |

| Question | November 4 | November 10 |
| --- | --- | --- |
| | | ability to discipline the officers"; the file is "for documentation and possibile training purposes" |
| Findings | Not addressed | Det. Bellomo and Det. Quirk "were found exonerated in 2023"; Det. DePalma's finding was "information and intelligence" |
| Completion | Not addressed | "by the end of November" |

My November 7 declaration recounts what Lt. Argenziano told me by telephone on November 4: that IAB does not investigate a matter once it is in federal litigation, that the Law Department was handling it, and that he would not be investigating my complaint. Howard Decl. ¶ 4. His November 10 answers differ from that account and from his November 4 email. I stand by my declaration, and I do not ask the Court to decide which account is correct. On either account, the stay should not continue. My supplemental declaration (Ex. H) updates paragraph 10 of my November 7 declaration to reflect his November 10 reply.

## 2. The stay should not continue on these facts

**No disciplinary disposition can issue.** ECF No. 84 asked for a stay so that Corporation Counsel could wait until "the investigation has concluded and a disposition has been rendered" before deciding representation under N.Y. Gen. Mun. Law § 50-k. ECF No. 84 at 2–3. Lt. Argenziano states that the limitations period for discipline has run and that the file is kept for documentation and possible training. A review that cannot lead to discipline gives Corporation Counsel no disciplinary outcome to wait for. See Saint-Fort v. City of New York, No. 22-cv-6879 (NRM)(MMH), ECF No. 20 (E.D.N.Y. Apr. 4, 2023).

**Det. Quirk's disposition is three years old.** Lt. Argenziano states that Det. Quirk was exonerated in 2023. That disposition existed when the City filed ECF No. 84 on October 21, 2026.

**Nothing concerns Det. Robley.** Neither email identifies any review of Det. Robley, and ECF No. 84 identified none. ECF No. 84 at 2 n.1.

**The review ends before the stay does.** Lt. Argenziano estimates completion by the end of November 2026. The stay runs to December 23, 2026. No further extension is needed for the reason ECF No. 84 gave.

## 3. Relief requested

I respectfully ask the Court to grant ECF No. 88 on the grounds above, or in the alternative to:

1. Decline any extension of the stay past December 23, 2026;

2. Direct the City to file, by December 1, 2026, a declaration from a person with knowledge stating whether any NYPD or IAB matter concerning Det. Quirk, Det. Robley or Det. DePalma remains open, its log or case number, whether discipline is still available, and its expected completion date; and
3. Direct the City to state its § 50-k representation decision for each individual defendant by December 23, 2026.

Thank you for your consideration.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

cc: Anumeha Tanya, Esq., Senior Counsel, NYC Law Department (by email)

**Exhibits**

Ex. G — Emails with Lt. James Argenziano, Nov. 9–10, 2026
Ex. H — Supplemental Declaration of Clayton Howard