*** Filed ***
09:02 AM, 13 Nov, 2026
U.S.D.C., Eastern District of New York

Clayton Howard ·
24 Orchard Street,
Carteret, New Jersey 07008 ·
(929) 781-7791 ·
itsclaytonhoward@gmail.com

November 9, 2026

**By Pro Se Document Submission**
Hon. Kiyo A. Matsumoto,
United States District Judge
United States District Court,
Eastern District of New York,
225 Cadman Plaza East,
Brooklyn, New York 11201

Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE): Letter-motion for a pre-motion conference on Plaintiff's motion for leave to file a Second Amended and Supplemental Verified Complaint (Fed. R. Civ. P. 15(a)(2), 15(d), 21)

Dear Judge Matsumoto:

Under Section III.B of the Court's Chambers Practices, Plaintiff requests a pre-motion conference on his motion for leave to file the proposed Second Amended and Supplemental Verified Complaint (Exhibit A). As Section III.B.5 and Local Civil Rule 15.1 require, Exhibit B shows every change from the operative Amended Verified Complaint (ECF No. 61). Exhibit C lists, by date, Plaintiff's written notices to the City's counsel. The proposed pleading adds claims arising from Plaintiff's June 8–11, 2026 arrest, detention and vehicle seizure (all charges dismissed September 18, 2026) and the officers involved; supplements the pleading with events of October 28–29, 2026 at the 52nd Precinct; rebuilds the Monell claim on the Department's records; and drops the § 79-p claim, the due-process theory of the Second Cause of Action and the official-capacity claims. The October 26, 2026 Order stays existing deadlines until December 23, 2026. For the reasons in Section 6, that stay is no reason to defer briefing on this motion.

## 1. Why the June 2026 events are not in ECF No. 61

Plaintiff's prior motion to amend (ECF No. 54) was *sub judice* when he was arrested on June 8, 2026. ECF No. 61 conformed to the Court's August 5, 2026 ruling (ECF No. 60), and the City told the Court on September 8 that the June 8 arrest is "not part of this lawsuit" (ECF No. 65 n.1). The Bronx County District Attorney produced the records underlying the new claims on September 9, 2026, and the malicious-prosecution and fabrication claims accrued only when the Bronx case (CR-016768-26BX) was dismissed on September 18, 2026. *Thompson v. Clark*, 596 U.S. 36 (2022); *McDonough v. Smith*, 588 U.S. 109 (2019); see *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). The June 2026 facts are an amendment under Rule 15(a)(2); later events are supplemental under Rule 15(d), and leave is freely given absent undue delay, bad faith, futility or undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## 2. The Monell claim is revised on the Department's own records

The District Attorney's C.P.L. Article 245 file, which Plaintiff did not have when ECF No. 54 was briefed, shows probable-cause cards recorded as "SYSTEM GENERATED" with no investigator, a card requested twenty minutes after one unanswered call on a report recording no order of protection in effect, and a case re-closed five times without re-examining probable cause. NYPD Domestic Incident Report numbers now support falsity regarding Detective Joseph Quirk's sworn May 16, 2023 instrument. Further, the Patrol Guide procedures the City cited in its September 28, 2026 interrogatory answers are pleaded as evidence of custom, not as independent claims. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977).

## 3. The City has had written notice of these allegations since before the arrest

Before the June 8 arrest, Plaintiff wrote to the City's counsel that he expected to be arrested on Ms. Smith's reports (October 19, 2025; February 2–3, 2026), identified Detective Daniel Baca by name (December 21, 2025) and demanded an investigation (January 17, 2026); counsel replied that the parties should "wait for the Court's ruling" (February 6, 2026). After the arrest he told counsel he would move to amend (June 10 and 17, 2026), and on September 18, 21 and 28 he gave written notice of the Bronx dismissal, the officers involved and this motion. Plaintiff does not contend that counsel was obliged to prevent the arrest. The chronology shows that the new claims cannot surprise or prejudice the City, and the pre-arrest notice forms part of the deliberate-indifference allegations of Monell Part B. *Cash v. County of Erie*, 654 F.3d 324, 334 (2d Cir. 2011).

## 4. No undue delay or prejudice

Plaintiff moved within weeks of the dismissal, after appropriate notice to the City. "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). The City has not answered ECF No. 61, and fact discovery runs to March 1, 2027.

## 5. New defendants and identification

The proposed pleading adds, under Rule 21 and by name from the Department's own records, Detectives Daniel Baca, Nico R. Martino and Daniel Huber, Sergeant Ruben Santos and Lieutenant Kreshnik Bakraqi (52nd Precinct Detective Squad); Police Officer Matthew Boncy (Shield No. 11754) and Sergeant David Tobar (Shield No. 5323), on duty at the 83rd Precinct on June 8, 2026; John and Jane Does 1–8; and, on the equal-protection claim only, Police Officer David Guzman (Shield No. 10187, 52nd Precinct Domestic Violence Squad), for the October 28–29, 2026 events pleaded under Rule 15(d). On October 6, 2026, the City declined to accept service for the new defendants or to identify any officer. Under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), Plaintiff asks that the City be directed to identify, within thirty days, Does 6 and 7 (the members who detained Plaintiff at the 83rd Precinct on June 8, 2026) and Doe 8 (the member who refused to release the vehicle on June 9 and 11, 2026), with service addresses for each new defendant.

## 6. The October 26 stay is no reason to defer briefing

The City sought the stay on the premise that IAB "has an open investigation" whose "disposition" would inform the Law Department's representation decision under N.Y. Gen. Mun. Law § 50-k. ECF No. 84 at 1–3. Plaintiff has since learned that the premise does not hold. On November 4, 2026, the NYPD lieutenant assigned to Plaintiff's complaint told him that IAB does not investigate a matter once it becomes part of active federal litigation, and that the Law Department, the City's counsel in this case, was handling it. In writing, he confirmed that "[a]ny further determinations will be handled regarding Clayton Howard v City of New York." When Plaintiff asked whether IAB itself is investigating Detectives Quirk, DePalma or Robley, he replied that he was "not privy to some of the questions." Ex. D (Howard Decl. ¶¶ 3–10 & Exs. C, C-1).

What remains is the City's own counsel reviewing Plaintiff's complaints in defense of this lawsuit. That is a discovery and litigation function, which the Federal Rules carry out on the Court's schedule. It is not an independent proceeding whose outcome the Court must await. Plaintiff has asked Magistrate Judge Eshkenazi to lift the stay on that basis (ECF No. [88]). Whatever its outcome, the stay does not bear on this motion. It concerns the time of Detectives Quirk, Robley and DePalma to answer ECF No. 61. The proposed pleading's principal additions concern other officers and later events. The City has twice stated its opposition to amendment, and it needs no § 50-k decision to brief its own opposition. Setting briefing now avoids a second round of delay when the stay ends.

Lieutenant Argenziano's later written answers do not restore that premise; they undercut it further. On November 10, 2026, answering Plaintiff's questions by number, he walked back his November 4 statement that "[a]ny further determinations will be handled regarding Clayton Howard v City of New York." He now writes that Case 2023-OG-8731 "is not on hold" and that "any determination made by Howard v City of New York is separate." The same answers show that his review cannot inform a § 50-k decision. The case is assigned to him at Detective Borough Staten Island, and he does not know "how IAB assigns cases and if they keep their own portion of it." Asked whether IAB itself is investigating Detectives Quirk, DePalma or Robley, he answered that he is "not privy to that informiton." He reports that Detectives Bellomo and Quirk "were found exonerated in 2023," that Detective DePalma had "sufficient probale cause," and that the incidents are "beyond the 18 month Satute of Limitation and my ability to discipline the officers." What remains, in his words, is information received "for documentation and possibile training purposes," with completion estimated "by the end of November." Ex. C-2 (Nov. 10, 2026 email; spelling as in original).

Either account defeats the stay as a reason to defer briefing. If the November 4 account is correct, the City's own counsel is conducting the review, which is a litigation function, as shown above. If the November 10 account is correct, the review is separate from this lawsuit; the assigned investigator cannot say whether IAB has any role; findings on Detectives Quirk and DePalma are already reported; no discipline can follow; and the review will end by November 30, 2026, more than three weeks before the stay expires on December 23 and more than five weeks before the City's opposition would be due under Plaintiff's proposed schedule. On neither account is the review delaying the City. It does not prevent the City from forming or briefing its position on amendment, which it has already taken twice, and the City has not said otherwise.

### 7. Conferral and the City's position

Plaintiff sought the City's position in writing both before and after the City first raised a stay on October 21, 2026 (ECF No. 84), two days after its second refusal to consent.

| Date (ET) | Plaintiff's request | City's response |
|---|---|---|
| Sept. 28, 9:46 p.m. | Notice of this motion; position requested by Oct. 2; call offered Sept. 30 or Oct. 1 | None to this request; Oct. 2 email addressed only discovery |
| Oct. 1, 9:08 p.m. | Final proposed pleading and redline; position by Oct. 6; call offered Oct. 2 or 5 | Oct. 6, 7:40 p.m.: does not consent; will not accept service for or identify new defendants |
| Oct. 9, 1:41 p.m. | Updated pleading adding the June 8–11 officers; position by Oct. 19 | Oct. 19, 10:03 p.m.: "does not consent"; no grounds stated |
| Oct. 23 | Counsel had asked to confer; Plaintiff offered Oct. 23 p.m. or Oct. 26–28, 1–5 p.m. | No time chosen; called the request "premature" and asked Plaintiff to "remind [her] why [she] ask[ed] for a meet and confer" |
| Oct. 31, 2:43 p.m. | Current pleading (Exhibit A), adding the Oct. 28–29 events; position by Nov. 9, 12:00 p.m. | [None as of filing] |
| Nov. 4, 11:31 a.m. | Conferral on the ECF No. 84 stay and IAB status; call offered Nov. 5 or 6 | None |
| Nov. 9, 6:13 p.m. | At counsel's 5:26 p.m. request (made after the Nov. 9, 12:00 p.m. date had passed), agreed not to file before Nov. 12 so counsel could review Exhibit A | None as of 11:59 p.m., Nov. 12; Plaintiff files Nov. 13 |

Plaintiff also deferred this filing at the City's request. On November 9, 2026, at 5:26 p.m., after the 12:00 p.m. date Plaintiff had set for the City's position had passed, counsel wrote that she had been working on another matter and asked Plaintiff to "extend this time till Thursday, 11/12/26 for me review this matter and respond accordingly." Plaintiff agreed at 6:13 p.m. that he would not file until November 12, 2026. As of 11:59 p.m. on November 12, 2026, counsel had not responded, and Plaintiff files today, November 13, 2026.

Plaintiff asks the Court to set briefing now: motion due December 7, 2026; opposition January 6, 2027; reply January 20, 2027. IAB is not conducting the investigation into Defendants Quirk, Robley, and Depalma – defense counsel is. If defense counsel is conducting an investigation the Plaintiff argues that is a discovery function, and should not support the current stay. If, as Lieutenant Argenziano now writes, his review is separate from this case and will be completed by the end of November, it supports no deferral of briefing either. If the Court prefers that briefing follow the stay, Plaintiff proposes January 6, January 27 and February 10, 2027.

Plaintiff respectfully asks the Court to (1) schedule a pre-motion conference, or dispense with it under Section III.B.3; (2) grant leave to file Exhibit A, or set the schedule in Section 7 to run now, notwithstanding the October 26 stay; (3) enter the *Valentin* order as to Does 6–8; and (4) permit discovery on the new claims within the existing March 1, 2027 fact-discovery deadline.

Respectfully submitted,

Clayton Howard

/s/ Clayton Howard
Clayton Howard, Plaintiff, pro se

cc: Anumeha Tanya, Esq., Senior Counsel, New York City Law Department (by email)

Exs.: A, proposed pleading (Nov. 9, 2026 version) · B, redline against ECF No. 61 · C, Lt Agrenziano to include C - 1 and C-2 (Nov. 10, 2026 written answers)· D, Declaration of Clayton Howard (Nov. 7, 2026)