*** Filed *** 09:02 AM, 13 Nov, 2026 U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAYTON HOWARD,<br><br>*Plaintiff*,<br><br>– against –<br><br>CITY OF NEW YORK,<br>JOSEPH QUIRK,<br>CHRISTOPHER ROBLEY,<br>MATTHEW DePALMA, and<br>JOHN AND JANE DOES 1–10,<br><br>*Defendants*. | No. 1:24-cv-08316 (KAM)(LKE) |

**DECLARATION OF CLAYTON HOWARD IN SUPPORT OF PLAINTIFF'S LETTER-MOTION FOR A PRE-MOTION CONFERENCE ON LEAVE TO FILE THE SECOND AMENDED AND SUPPLEMENTAL VERIFIED COMPLAINT**

Clayton Howard declares under 28 U.S.C. § 1746:

1. I am the plaintiff in this action and represent myself. I make this declaration on personal knowledge in support of my letter-motion for a pre-motion conference on my motion for leave to file the proposed Second Amended and Supplemental Verified Complaint (the "proposed pleading"). This declaration combines my declaration executed November 7, 2026 and my supplemental declaration executed November 10, 2026, both submitted in support of my letter motion to lift the October 26, 2026 stay (ECF No. 88), and brings those facts current through the date below. It also sets out the notice I gave the City of New York of the claims in the proposed pleading and my attempts to confer with its counsel. If called as a witness, I could and would testify to these facts.

**A. My November 3–4, 2026 contacts with Lt. James Argenziano**

2. On November 3, 2026 at 12:15 p.m., I received an email from Lieutenant James Argenziano, signing as "New York City Police Department, Detective Borough Staten Island," from an nypd.org address. It stated: "I have been signed it investigate a complaint you made against the NYPD." At 12:23 p.m., when I asked which complaint, he replied: "Looks like a spin off from a 2023 incident. Bellomo, Quirk, Depalma." We agreed to speak by telephone the next morning. (Ex. C at 3–5.)

3. On November 4, 2026 at 9:54 a.m., Lt. Argenziano emailed that he was "[s]tuck on a call" and would call me as soon as he was off. He then called me by telephone, at approximately 10:13 a.m., and we spoke for about 6 minutes.

4. During that call, Lt. Argenziano told me, in substance, that:

(a) he had been assigned my complaint;

(b) the Internal Affairs Bureau does not investigate a matter once it becomes part of active federal litigation;

(c) the New York City Law Department, which is defense counsel in this action, was handling the matter, not the Internal Affairs Bureau;

(d) when a federal action is involved, the lawyers do the investigating; and

(e) he would not be investigating my complaint, and I would have to contact the Law Department.

5. I asked him whether the person to contact at the Law Department would be the attorney representing the City of New York in this action. He answered yes.

6. I asked him whether I could email him a summary of what he had told me, and whether he would respond in writing. He agreed to do both.

7. At 10:19 a.m., minutes after the call ended, I emailed Lt. Argenziano that summary under the subject line “Re: Re: Complaint against NYPD.” It read in relevant part:

> “My understanding of what you told me is that IAB is not investigating Detective Joseph Quirk or Detective DePalma, and that the matter is instead being handled by the New York City Law Department and the City of New York. I ask respectfully that you confirm with a simple yes or no that this is what we discussed.” (Ex. C at 7.)

8. At 10:23 a.m., I sent a separate email under the subject line “Re: Re: Re: Complaint against NYPD,” asking whether IAB Log No. 2026-32777 had been referred to him and, if so, on what date. (Ex. C at 7.)

9. At 10:32 a.m., Lt. Argenziano replied under the subject line “Re: Re: Complaint against NYPD,” the subject line of my 10:19 a.m. summary:

> “Correct. Your additional information logs were documented on 8/24/26, 9/11/26, 9/12/2026, 9/20/26 and 10/29/2026 and consolidated into Case 2023-OG-8731 which was originally received on 6/9/2023. A system generated reopening occurred on 8/29/2026. Any further determinations will be handled regarding Clayton Howard v City of New York.” (Ex. C at 8.)

10. At 3:10 p.m. that day, I emailed Lt. Argenziano eight numbered questions. They included whether Case 2023-OG-8731 is assigned to him rather than to an IAB investigator, whether IAB itself is conducting any investigation of Det. Quirk, Det. DePalma or Det. Robley, whether any investigative work has been done since August 29, 2026, and whether the case is on hold until this action is resolved. On November 5, 2026 at 11:21 a.m., he replied: “Give me a day or so to get all the information for you also, I’m not privy to some of the questions you asked.” I replied at 11:23 a.m. asking him to answer what he could and identify by number what he could not. He did not reply again until November 9, 2026, as described below. (Ex. C-1.)

**B. Lt. Argenziano's November 9–10, 2026 replies**

11. On Monday, November 9, 2026, at 11:18 a.m., in the same "Complaint against NYPD" thread, I emailed Lt. Argenziano, restated my eight numbered questions of November 4, and asked him to answer by number the questions he could and, for any he could not, to state the number and who could. I asked these questions to obtain accurate information for the Court.

12. At 12:25 p.m. that day, he replied: "Clayton, I don't work the weekends. I will have your answers the latest Wednesday." I replied at 12:28 p.m. thanking him.

13. On Tuesday, November 10, 2026, at 3:31 p.m., Lt. Argenziano replied by typing his answers beneath each of my numbered questions in my November 9 email. Exhibit C-2 reproduces his answers in full, with my questions, as they appear in my Gmail account. Among other things, he wrote:

(a) in answer to whether Case 2023-OG-8731 is assigned to him and not to an IAB investigator: "Yes, OG case is assigned to me. I dont know how IAB assigns cases and if they keep their own portion of it";

(b) in answer to whether IAB itself is investigating Det. Quirk, Det. DePalma or Det. Robley: "Im not privy to that informiton";

(c) in answer to whether the August 29, 2026 reopening was system-generated: "Also not privy to how IAB operates after receiving a complaint";

(d) in answer to whether any investigative work had been done since August 29, 2026, that he reviewed the detectives' cases and the documents I sent, that "Detective Belomo and Det Quirk were found exonerated in 2023," and that he found Det. DePalma "has sufficient probale cause with a case that is past Satatue of Limitions";

(e) in answer to whether the case is on hold until this action is resolved: "OG-8731 is not on hold, any determination made by Howard v City of New York is separate. Please be aware, these incidents are beyond the 18 month Satute of Limitation and my ability to discipline the officers if I were to find them of any wrongdoing. As of now the information received in for documentation and possibile training purposes"; and

(f) in answer to whether there is an expected completion date: "My estimate is by the end of November so I can document all of my investigation."

14. These written answers differ from what Lt. Argenziano told me by telephone on November 4, 2026 (¶ 4 above), and from his "Correct" reply to my written summary of that call (¶ 9 above), in which he wrote that "[a]ny further determinations will be handled regarding Clayton Howard v City of New York."

15. At 5:12 p.m. on November 10, 2026, I replied, thanked him for his answers, and sent him two supplements to Case 2023-OG-8731, one concerning Det. Quirk and my May 16, 2023 arrest and one concerning P.O. DePalma and my November 17, 2023 arrest. I asked him to add both to the case file before completing his investigation and to confirm by November 13, 2026 that they would be added. (Ex. C-2.) As of the date of this declaration, he has not replied to that email.

**C. Notice to the City of the claims in the proposed pleading**

16. Before my arrest on June 8, 2026, I wrote to the City's counsel that I expected to be arrested on Ms. Smith's reports (October 19, 2025, and February 2–3, 2026), identified Detective Daniel Baca by name (December 21, 2025), and demanded an investigation (January

17, 2026). On February 6, 2026, counsel replied that the parties should "wait for the Court's ruling."

17. After my arrest, on June 10 and June 17, 2026, I told the City's counsel in writing that I would move to amend the complaint to add the claims arising from it.

18. On September 18 and 21, 2026, I gave the City's counsel written notice of the September 18, 2026 dismissal of the Bronx County case (CR-016768-26BX) and of the officers involved in my June 8–11, 2026 arrest, detention and vehicle seizure.

19. On September 28, 2026, at 9:46 p.m., I gave the City's counsel written notice of my motion to amend, asked for the City's position by October 2, 2026, and offered to confer by telephone on September 30 or October 1. Counsel did not respond to that request; her October 2, 2026 email addressed only discovery.

20. On October 1, 2026, at 9:08 p.m., I sent counsel the final proposed pleading and a redline, asked for the City's position by October 6, 2026, and offered to confer on October 2 or 5. On October 6, 2026, at 7:40 p.m., counsel replied that the City does not consent and will not accept service for, or identify, the new defendants.

21. On October 9, 2026, at 1:41 p.m., I sent counsel an updated proposed pleading adding the officers involved in the June 8–11, 2026 events and asked for the City's position by October 19, 2026. On October 19, 2026, at 10:03 p.m., counsel replied that the City "does not consent." She stated no grounds.

22. On October 21, 2026, two days after that second refusal, the City asked the Court to stay the action (ECF No. 84).

23. On October 23, 2026, after counsel had asked to confer, I offered October 23 in the afternoon or October 26–28 between 1:00 and 5:00 p.m. Counsel chose no time. She called the request "premature" and asked me to "remind [her] why [she] ask[ed] for a meet and confer."

24. On Saturday, October 31, 2026, at 2:43 p.m., I emailed counsel the current proposed pleading, with a redline against the Amended Verified Complaint (ECF No. 61), replacing the version I sent on October 9. It adds, under Fed. R. Civ. P. 15(d), the events of October 28–29, 2026 at the 52nd Precinct and Police Officer David Guzman as a defendant on the equal-protection claim. I asked for the City's position by 12:00 p.m. on November 9, 2026.

25. On Monday, November 9, 2026, at 5:26 p.m., after that time had passed, counsel emailed me in the same thread: "I was working on another matter that also needed my attention and therefore, I was unable to review this request. Will you please extend this time till Thursday, 11/12/26 for me review this matter and respond accordingly?" At 6:13 p.m., I replied: "Yes I will not file until November 12th 2026 after your reply."

26. Counsel did not respond by the end of November 12, 2026. As of the date of this declaration, she has not stated the City's position on the proposed pleading I sent on October 31, 2026, and no other attorney for Defendants has responded on her behalf. I did not file before November 13, 2026. (See Ex. E, entries 9–15.)

**D. My request to confer with City counsel on the stay**

27. On November 4, 2026 at 11:31 a.m., I emailed Anumeha Tanya, Senior Counsel, Special Federal Litigation Division, New York City Law Department, at her law.nyc.gov address, under the subject line "Howard v. City of New York, 24-cv-8316 — Meet and Confer re ECF No. 84 Stay and IAB Status." (Decl. Ex. 1.) In that email I:

(a) stated that I intended to ask Magistrate Judge Eshkenazi to lift the stay requested in ECF No. 84, or to decline any extension past December 23, 2026, and asked for the City's position before I filed;

(b) quoted Lt. Argenziano's 10:32 a.m. reply in full;

(c) asked four written questions: whether the City still contends that a pending IAB investigation justifies the stay, and if so its log or case number and expected completion date; when the City first learned of Case 2023-OG-8731; when it first learned of IAB Log No. 2023-18090; and whether the Law Department would state its representation decision for each individual defendant;

(d) offered to confer by telephone on Thursday, November 5 or Friday, November 6, 2026, at a time convenient to her; and

(e) stated that if I did not receive the City's position by 5:00 p.m. on November 6, 2026, I would advise the Court that the City had not responded.

28. I did not receive a notice that the email was undeliverable. As of the date of this declaration, Ms. Tanya has not responded to it by email, telephone, voicemail or otherwise, and no other attorney for Defendants has responded on her behalf. Her only communication to me since November 4, 2026 is her November 9, 2026 email described in paragraph 25 above. It did not address the stay, Lt. Argenziano's emails, or the questions in my November 4 email.

**E. The exhibits**

29. Exhibits C, C-1 and C-2 to my letter-motion, and Exhibit 1 to this declaration, are true and accurate transcriptions of emails in my Gmail account. Except as each exhibit states (redacted email addresses, telephone numbers and street addresses, and omitted quoted earlier messages, mobile taglines and confidentiality footers), the wording, including Lt. Argenziano's spelling, is unchanged. The emails described in Part C are also in my Gmail account. I will produce native copies of any of them to the Court or to counsel on request.

30. Exhibit E is a chart I prepared listing, by date and time, each written notice I gave the City's counsel of the claims in the proposed pleading, of this motion and of my requests to confer, together with the City's response to each. Every entry in it reflects an email in my Gmail account, and each is described in paragraphs 16 through 28 above. I have reviewed Exhibit E, it is true and accurate, and I incorporate it by reference into this declaration as if fully set forth here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 13, 2026, at Carteret, New Jersey.

Clayton Howard

Clayton Howard
Plaintiff, pro se
24 Orchard Street,
Carteret, NJ 07008
(929)781-7791
itsclaytonhoward@gmail.com