*** Filed ***
12:51 AM, 17 Nov, 2026
U.S.D.C., Eastern District of New York

**EXHIBIT 1**

Clayton Howard, Plaintiff pro se
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791 ·
itsclaytonhoward@gmail.com

November 17, 2026

By Pro Se Document Submission

Hon. Lara K. Eshkenazi
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** ***Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE) — Reply in support of ECF No. 88 and in opposition to ECF No. 92**

Dear Judge Eshkenazi:

I submit this reply in support of my letter motion to lift the stay, ECF No. 88, and in opposition to the City's request in ECF No. 92 to extend the stay to January 18, 2027.

**1. ECF No. 92 does not give the detail the October 26 Order required**

On October 26, 2026, the Court warned that a response lacking "sufficient detail regarding the reasons for any additional delay will likely result in the Court declining to extend the stay." ECF No. 92 gives no such detail. It does not include a declaration. It gives no log or case number for any open matter. It does not name the unit conducting it, and it gives no completion date. It also names no person with knowledge.

What the City offers instead is this: "upon information and belief, it appears that there is an active and ongoing IAB investigation." ECF No. 92 at 1–2. And in its footnote the City concedes that it is "awaiting updated information about the status of any pending investigations." *Id.* at 2 n.1. In October, the City told the Court that IAB "has an open investigation." ECF No. 84 at 1. A month later, it says only that one "appears" to exist. The City is asking the Court to extend a stay so that it can wait for information it admits it does not have.

**2. I made no misrepresentation**

ECF No. 92 calls my motion "replete with misrepresentations" but does not quote a single sentence of it that is false. The record shows what happened.

On November 4, 2026, Lt. James Argenziano of the NYPD Detective Borough Staten Island spoke with me by telephone about my complaint. At 10:19 a.m., minutes after the call, I emailed him a summary and asked him to confirm it. The summary read: "IAB is not investigating Detective Joseph Quirk or Detective DePalma, and . . . the matter is instead being handled by the

New York City Law Department and the City of New York." At 10:32 a.m., replying on that same thread, he wrote: "Correct." ECF No. 88, Ex. A; Howard Decl. ¶¶ 7–9.

I reported his statement accurately, in his words, with the email attached. I cannot have misrepresented what Lt. Argenziano told me on November 4 because he gave different answers on November 10.

On November 10, the lieutenant moved away from what he had said. He wrote that he was "not privy" to whether IAB is investigating. ECF No. 89, Ex. G. But he did not say that his November 4 "Correct" was wrong. And he did not say that IAB is investigating anyone.

I brought the change to the Court's attention myself, in my November 10 supplemental letter, before the City filed anything. ECF No. 89 at 1–2. In that letter I set out both of his accounts side by side and stood by my declaration. A litigant who discloses the evidence that cuts against him is not misleading the Court. The City's own position is weaker than mine on this point: a statement from an investigator that he is "not privy" to something is not evidence that an IAB investigation is open, and the City offers nothing beyond that.

### 3. The investigator's November 10 answers defeat the stay, and ECF No. 92 ignores them

In his November 10 answers, Lt. Argenziano stated the following. ECF No. 89, Ex. G, Answers 6–8.

- He wrote that "these incidents are beyond the 18 month Statute of Limitation and my ability to discipline the officers."
- He wrote that the file is now kept "for documentation and possible training purposes."
- He wrote that Case 2023-OG-8731 "is not on hold."
- He wrote that Det. Quirk "[was] found exonerated in 2023."
- He wrote that Det. DePalma's finding was "information and intelligence."
- He estimated completion "by the end of November."

The City sought this stay so that Corporation Counsel could wait until "a disposition has been rendered" before deciding representation under N.Y. Gen. Mun. Law § 50-k. ECF No. 84 at 2–3. On the investigator's own account, no disciplinary disposition can issue. Det. Quirk's outcome has existed since 2023, years before ECF No. 84 was filed. The review is expected to close before the current stay ends on December 23.

ECF No. 92 does not mention any of this. It cites no provision of § 50-k that bars Corporation Counsel from interviewing its own officers while an NYPD file stays open for documentation. And the conflict it invokes under *Mercurio v. City of New York*, 758 F.2d 862, 864 (2d Cir. 1985), depends on "pending investigations." A review that cannot lead to discipline and will close this month gives no reason why that question cannot be decided now.

### 4. The City's distinctions of *Saint-Fort* do not hold

The City offers three reasons why *Saint-Fort* does not apply. None holds up.

**The stay is "not indefinite."** The City ties the end of the stay to the time "the NYPD proceedings are complete," and it does not say when that will be. January 18, 2027 is only the date of a "status update," which invites another extension. The date is also Martin Luther King

Jr. Day. And it is 26 days past the current December 23 deadline, not "an additional sixty (60) days."

**I filed the complaints myself.** Who filed a complaint has no bearing on whether waiting for it serves any purpose. If an officer-misconduct complaint filed by a plaintiff justified a stay, every plaintiff who reported misconduct would delay his own case. The City's point also confirms when it knew about these complaints. I copied City counsel on the Quirk complaint on August 24, 2026 and on Log Nos. 2026-32777 and 2026-30178 on September 20, 2026. Both dates are weeks before ECF No. 84 told the Court that the office had "recently learned" of an investigation. ECF No. 88 at 2–3 & Ex. B. In addition, The City has been aware of the allegations against Quirk, Robley and Depalma for over a year.

**This is IAB, not CCRB.** Which agency holds the complaint does not change the result. The investigator assigned to it says discipline is time-barred and the review is ending.

## 5. Det. Robley, and the scope of the stay

ECF No. 84 identified no complaint of any kind concerning Det. Robley. ECF No. 84 at 2 n.1. ECF No. 92 now names him, but only "upon information and belief," and only by reference to complaints with "IAB, CCRB and/or OIG." ECF No. 92 at 2 & n.1. The City still identifies no matter about him. ECF No. 84 also asked to stay this action only "against the individual defendants." ECF No. 84 at 3. ECF No. 92 now asks to stay "this matter." Any stay should not reach the City's own November 30, 2026 answer or its discovery obligations under ECF No. 82.

## 6. Relief requested

I respectfully ask the Court to grant ECF No. 88, to deny ECF No. 92, and to lift the stay as to Defendants Quirk, Robley and DePalma. In the alternative, I ask the Court to:

1. decline to extend the stay past December 23, 2026;
2. direct the City to file, by December 1, 2026, a declaration from a person with knowledge that states, for each of Det. Quirk, Det. Robley and Det. DePalma, whether any NYPD, IAB, CCRB or OIG matter remains open; its log or case number; whether discipline remains available; and its expected completion date;
3. direct the City to state its § 50-k representation decision for each individual defendant by December 23, 2026; and
4. confirm that no stay affects the City's November 30, 2026 answer or its obligations under ECF No. 82.

Thank you for your consideration.

Respectfully submitted,

Clayton Howard

Clayton Howard
Plaintiff, pro se

cc: Anumeha Tanya, Esq., Senior Counsel, NYC Law Department (by email)

## CERTIFICATE OF SERVICE

I certify that on November 17, 2026, I submitted the foregoing request for leave and its Exhibit 1 to the Court through the Pro Se Document Submission system, and that on the same date I served copies by email on Anumeha Tanya, Esq., Senior Counsel, New York City Law Department, 100 Church Street, New York, NY 10007, counsel for Defendant City of New York.

Clayton Howard

Clayton Howard
Plaintiff, pro se