*** Filed ***
12:16 PM, 22 Nov, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CLAYTON HOWARD,

*Plaintiff*,

– against –

CITY OF NEW YORK,
JOSEPH QUIRK,
CHRISTOPHER ROBLEY,
MATTHEW DePALMA,
and JOHN/JANE DOES 1–10,

*Defendants*,

No. 1:24-cv-08316 (KAM)(LKE)

**PLAINTIFF'S OBJECTION UNDER FED. R. CIV. P. 72(a) TO THE NOVEMBER 18, 2026 ORDER DENYING ECF No. 88 AND THE NOVEMBER 20, 2026 ORDER EXTENDING THE STAY**

TO THE HONORABLE KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:

Plaintiff Clayton Howard, proceeding pro se, respectfully objects under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) to two text orders of Magistrate Judge Eshkenazi: (1) the November 18, 2026 Order denying Plaintiff's letter motion to lift the stay (ECF No. 88) "[i]n light of the City's confirmation of pending investigations against Detectives Robley, Quirk, and DePalma" (the "November 18 Order"); and (2) the November 20, 2026 Order which, "[i]n light of" the City's letter at ECF No. 92, stayed "all other deadlines in this case" until January 18, 2027 (the "November 20 Order"). This objection is filed within fourteen days of service of each order.

Plaintiff does not ask the Court to disturb the City's November 30, 2026 answer deadline. He asks the Court to set aside the finding that the City "confirm[ed]" pending investigations, because the City confirmed nothing, and to confine any stay to what the record actually supports. For the Court's convenience, the record materials cited are listed in the attached Index of Record Materials and annexed as Exhibits 1 through 13.

## I. STANDARD OF REVIEW

A district judge "must ... modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when the reviewing court, on the entire record, is left with the definite and firm conviction that a mistake has been made. An order is contrary to law when it fails to apply or misapplies the governing standard.

That standard places the burden on the party seeking a stay. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Where there is "even a fair possibility" that a stay will damage the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Courts in this Circuit weigh the plaintiff's interest in proceeding and the prejudice from delay, the burden on defendants, the convenience of the court, the interests of non-parties, and the public interest. *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

## II. THE RECORD BEFORE THE MAGISTRATE JUDGE

**The October 26 stay.** On October 21, 2026, the City sought a stay pending an IAB investigation so that Corporation Counsel could await "a disposition" before deciding representation under N.Y. Gen. Mun. Law § 50-k. ECF No. 84 at 2–3 (Ex. 1). On October 26, the Magistrate Judge stayed all deadlines other than the City's answer until December 23, 2026, warning that "a failure to provide a response with sufficient detail regarding the reasons for any additional delay will likely result in the Court declining to extend the stay." (Ex. 3.)

**Plaintiff's motion, and his own disclosure of the investigator's changed account.** Plaintiff moved to lift the stay on November 9 (ECF No. 88) (Ex. 4), relying on the November 4, 2026 email in which Lt. James Argenziano, the officer assigned to the NYPD case, answered

"Correct" to Plaintiff's summary that IAB was not investigating and that the Law Department was handling the matter. On November 10, Lt. Argenziano answered Plaintiff's numbered written questions. That same day, before the City had responded to anything, Plaintiff submitted those answers himself, with a table comparing them to the November 4 email and a supplemental declaration correcting his earlier one. ECF Nos. 89, 89-1, 89-2 (Ex. 5).

**What the assigned investigator wrote.** In his November 10 answers, Lt. Argenziano stated, in his own words, that:

1. NYPD Case 2023-OG-8731 is assigned to him; it was originally received on June 9, 2023 under IAB Log No. 2023-18090; and Plaintiff's 2026 complaint (IAB Log No. 2026-32777) was "merged" into it;
2. Det. Quirk and Det. Bellomo "were found exonerated in 2023," and Det. DePalma's finding was "information and intelligence";
3. "these incidents are beyond the 18 month Satute of Limitation and my ability to discipline the officers," and the file is kept "for documentation and possibile training purposes";
4. he is "not privy" to whether IAB is separately investigating any officer; and
5. he expects to complete his review "by the end of November."

ECF No. 89-1 at 4–5. Nothing in his answers concerns Det. Robley.

**The City's response.** The City's two-page letter attached no declaration from IAB or anyone else. Its only statement about an investigation is made by counsel "upon information and belief": "it appears that there is an active and ongoing IAB investigation." ECF No. 92 at 1 (Ex. 6). Its footnote states: "We are awaiting updated information about the status of any pending investigations against these officers." *Id.* at 2 n.1. As to Det. Robley, it says only, again on

information and belief, that Plaintiff "previously filed complaints" against him "with IAB, CCRB and/or OIG." *Id.* It does not address Lt. Argenziano's November 10 answers. Plaintiff replied. ECF No. 93-1 (deemed filed November 18) (Ex. 7).

**The orders.** On November 18, the Magistrate Judge denied ECF No. 88 "[i]n light of the City's confirmation of pending investigations against Detectives Robley, Quirk, and DePalma." (Ex. 8.) On November 20, she extended the stay of all other deadlines to January 18, 2027, directing the City to report on "the status of the pending investigation(s)" and stating that the Court "expects the City to take proactive steps to gather the necessary information to advance the progress of this matter." (Ex. 9.)

## III. ARGUMENT

### A. The finding that the City "confirm[ed]" pending investigations is clearly erroneous.

Both orders rest on a single premise: that the City confirmed pending investigations of all three detectives. The City did not. Counsel wrote that an investigation "appears" to exist, on information and belief, and conceded in the same letter that the City was still "awaiting updated information" about whether any investigation was pending. ECF No. 92 at 1, 2 n.1. An unsworn statement that something appears to be so, coupled with an admission that the facts are not yet known, is not a confirmation.

The only evidence in the record from anyone with knowledge points the other way. The officer assigned to the case stated that the Quirk matter was decided in 2023, that the DePalma review produced an "information and intelligence" finding, that no discipline is possible, and that his review would end in November. ECF No. 89-1. As to Det. Robley, nothing in the record identifies any investigation, complaint number, or log number, and the City's own footnote does not claim to know of one.

On this record, the Court should be left with a definite and firm conviction that the finding of a "confirmation" was mistaken. The finding was also contrary to the October 26 Order's own condition: the City was required to provide "sufficient detail regarding the reasons for any additional delay," and it provided none. The November 20 Order's direction that the City now "gather the necessary information" confirms that the information needed to justify the stay was not before the Court when the stay was extended.

### B. Even if a review remains open, it does not justify a stay, much less a stay of the entire case.

The City's only reason for the stay is § 50-k: it says it cannot interview the officers to decide representation until "the NYPD proceedings are complete." ECF No. 92 at 2 (citing *Mercurio v. City of New York*, 758 F.2d 862, 864 (2d Cir. 1985)). The record defeats that reason on its own terms.

1. **No disciplinary disposition can issue.** ECF No. 84 asked to await "a disposition." The assigned investigator states that discipline is time-barred and that the file is kept for documentation and training. A review that cannot lead to discipline produces no disposition bearing on the officers' representation and creates no conflict of the kind *Mercurio* describes.
2. **Det. Quirk's disposition is three years old.** He was exonerated in 2023. That disposition existed when the City filed ECF No. 84. Nothing was left to wait for.
3. **Nothing concerns Det. Robley.** No log number, complaint, or review concerning him appears anywhere in the record. Plaintiff has filed an IAB complaint against Det. Robley, but it was closed as all the other over a year ago.
4. **The review ends before the stay does.** The investigator estimated completion by the end of November 2026. The stay now runs to January 18, 2027.

5. **Section 50-k does not reach the City or non-parties.** The City is represented, is not under investigation, and answers on November 30. Section 50-k governs representation of employees; it creates no obstacle to the City's own obligations under Rules 33 and 34, including production of the policy and records evidence for Plaintiff's *Monell* claim that only the City holds. Nor does it touch Plaintiff's Rule 45 subpoenas to the Richmond County District Attorney's Office and other non-parties. The Magistrate Judge herself directed issuance of subpoenas on November 2 and authorized email service of a subpoena on November 18, while the stay was in effect. (Ex. 10.)

Neither order addressed any of these points. A stay must be justified as to what it covers, *Landis*, 299 U.S. at 255, and a stay of "all other deadlines in this case" was not.

**C. The 2026 complaints are not new: the City has known of these allegations since 2023 and did not seek a stay until it refused Plaintiff's amendment.**

ECF No. 92 seeks to distinguish *Saint-Fort v. City of New York*, No. 22-cv-6879 (NRM)(MMH), ECF No. 20 (E.D.N.Y. Apr. 4, 2023), on the ground that Plaintiff "knowingly filed" his IAB complaints. That framing omits the history:

- The NYPD case originated on **June 9, 2023**, under IAB Log No. 2023-18090. ECF No. 89-1, Q.2.
- On **September 17 and 19, 2025**, Plaintiff served interrogatories directed to Det. Quirk and Det. DePalma on City counsel, and on **October 13, 2025**, he produced to the City the November 2023 IAB material concerning Det. DePalma. ECF No. 85 at 1 (Ex. 2).
- Plaintiff's **August–September 2026** submissions to IAB resubmitted those allegations with records the City itself had since produced in discovery, such as the

complaint number cited in Det. Quirk's May 17, 2023 sworn instrument, and they were "merged" into the 2023 case. ECF No. 89-1, Q.3.

- The City first sought a stay on **October 21, 2026** (ECF No. 84), two days after it refused, for the second time and without stating grounds, to consent to Plaintiff's proposed Second Amended and Supplemental Complaint.

A party that has known of the allegations for more than three years, and of the specific complaints for more than a year, cannot show the "clear case of hardship" *Landis* requires by pointing to a supplement merged into a file decided in 2023.

### D. The change in the investigator's account is not Plaintiff's doing, and Plaintiff disclosed it himself.

ECF No. 92 calls Plaintiff's motion "factually incorrect and replete with misrepresentations." It was neither. When Plaintiff filed ECF No. 88 on November 9, the assigned investigator had confirmed Plaintiff's summary in writing with the word "Correct." When the investigator answered differently on November 10, Plaintiff put those answers before the Court the same day, set them side by side with the November 4 email, and corrected his own declaration. ECF No. 89. He did so before the City filed anything. The City, by contrast, never addressed the investigator's November 10 answers and offered nothing from the NYPD. Plaintiff does not ask the Court to decide which of Lt. Argenziano's accounts is right. On either account, there was nothing to wait for.

### E. The orders did not weigh the documented prejudice from more than a year of defense delay.

The first *Kappel* factor required the Court to weigh the stay against the history of this case, which is not in dispute:

- **Fifteen defense extension requests** between September 2025 and October 2026. ECF No. 85 at 6–7 (Ex. 2). Plaintiff consented to most of them.
- **Seven promised response dates missed**: January 9, February 27, April 3, April 30, May 4, May 29, and July 7, 2026. Interrogatories first served October 9, 2025 were not answered until September 28, 2026, and then only on the date the Court set. ECF No. 67; Order of Sept. 15, 2026 (Ex. 12).

Respectfully, each extension may have been reasonable on its own. Together they mean that more than a year after Plaintiff first served discovery, the City has produced little beyond an arrest file, and the case is stayed again on a showing the City concedes is incomplete. Neither order acknowledges that cumulative delay or weighs it against the City's showing. That omission is error under *Landis*.

**F. Plaintiff has prosecuted this case diligently.**

Plaintiff served discovery in October 2025 and, when the City objected only to the number of interrogatories, reissued a compliant set of twenty-five on August 13, 2026. *See* ECF No. 65 (Ex. 11). He served Det. Robley on August 19, 2026 and the other individual defendants by October 7, 2026. He served Rule 45 subpoenas on October 16, 2026, obtained modified subpoenas on November 2, and obtained leave for email service on November 18. He sought the City's position on his proposed amended pleading on September 28, October 1, October 9, October 23, and October 31, 2026, and sought to confer on the stay on November 4. The City never responded to the November 4 request. ECF No. 89-2 ¶ 6.

**Settlement.** Plaintiff offers the following solely to show the course of delay, a purpose Fed. R. Evid. 408(b) permits, and not to prove liability or the value of any claim. He served a settlement demand on September 30, 2025 and re-served it on December 3, 2025. On January 15,

2026, City counsel agreed in writing to a February 23 settlement response; none came. On February 24, counsel conditioned any offer on the Court's resolution of the amended complaint, a condition satisfied on August 5 and 10, 2026. ECF Nos. 60, 61. In the meantime, counsel wrote on June 19, 2026 that she would "review our position regarding the settlement and reach out when I have received authority," and on July 5 that she would keep Plaintiff "apprised of any developments ... as to the settlement review." (Ex. 13; *see* ECF No. 85 at 3 (Ex. 2).) She never did. On September 8, 2026, the City told the Court settlement was "not possible at this time," ECF No. 65, having never made an offer, a counteroffer, or a response to the demand. For roughly ten months, the promise of a settlement response was a reason to defer the case, and it never materialized.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Set aside the November 18, 2026 Order's finding that the City confirmed pending investigations against Detectives Robley, Quirk, and DePalma;
2. Modify the November 20, 2026 Order to lift the stay as to (a) Defendant Robley, (b) the City of New York, including its outstanding written discovery and document production, and (c) non-party discovery under Rule 45; and, as to Defendants Quirk and DePalma, to end the stay on December 31, 2026 unless the City makes the showing described in paragraph 3;
3. Direct the City, by December 11, 2026, to file a declaration from a person with knowledge at the NYPD stating, for each matter on which the City relies, its log or case number, the subject officer, the date opened, whether it is open or closed, whether discipline remains available, and its expected completion date; and

4. Grant such other relief as the Court deems just or, in the alternative, return the matter to the Magistrate Judge with instructions to apply the *Landis* standard to each category of deadline on the existing record.

Dated: November 22, 2026
Carteret, New Jersey

Respectfully submitted,

Clayton Howard

Clayton Howard, Plaintiff pro se
24 Orchard Street
Carteret, New Jersey 07008
(929) 781-7791
itsclaytonhoward@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2026, I served a copy of this Objection, the Index of Record Materials, and Exhibits 1 through 13 by email on counsel for Defendant City of New York, Anumeha Tanya, Esq. (atanya@law.nyc.gov), New York City Law Department, 100 Church Street, New York, New York 10007, and submitted it to the Clerk of Court through the Pro Se Document Submission process.

__________________________________

Clayton Howard