THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**ANUMEHA TANYA**
*Senior Counsel*
Tel.: (212) 356-3545
atanya@law.nyc.gov

November 24, 2026

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Clayton Howard v. City of New York, et al.,* 24-CV-8316 (KAM) (LKE)

Your Honor:

I am a Senior Counsel in the Office of the Steven Banks, Corporation Counsel of the City of New York, and the attorney for defendant City of New York ("Defendant") in the above-referenced matter. Defendant writes in opposition to Plaintiff's request, *see* E.C.F. No. 90, for leave to file a Second Amended Complaint ("SAC").

## I. Relevant Procedural History and Applicable Legal Standards.

On August 8, 2026, Plaintiff filed his first amended complaint ("FAC") pursuant to Your Honor's order dated August 5, 2026 alleging, *inter alia* that defendants falsely arrested and maliciously prosecuted him multiple times based on his former partners' false reports. *See generally* E.C.F. No. 61. On October 21, 2026, Defendant filed a motion for extension of time to respond to Plaintiff's FAC and requested a concurrent stay of the matter. *See* E.C.F. No. 84. Plaintiff opposed Defendant's motion for extension on October 22, 2026. *See* E.C.F. No. 85. Magistrate Judge Eshkenazi granted in part and denied in part Defendant's motion for an extension of time and stayed all deadlines in this matter until December 23, 2026. *See* E.C.F. Order dated October 26, 2026. On November 13, 2026, Plaintiff filed a request for a pre-motion conference for leave to file a second amended complaint ("SAC"). *See* E.C.F. No. 90.

## II. The Proposed Amendment Is Futile And Leave to Amend Should be Denied.

Although leave to amend a complaint should be "freely given when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Sodhi v. Mercedes Benz Fin. Servs. USA LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) (*quoting Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir. 2003)).

**A. There is no Constitutional Right to an Investigation:** At the outset, Plaintiff's allegations rest on the proposition that Defendants, including the newly named and John Doe Defendants, were constitutionally required to respond to his complaints by arresting or charging his former partners, or otherwise investigate their conduct. *See generally* SAC. However, it is well-established that "there is no constitutional right to an adequate investigation." *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) (*citing Campbell v. Giuliani*, No. 99 Civ. 2603, 2000 WL 194815, (E.D.N.Y. Feb. 16, 2000)); *see Harrington v. County of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010). Thus, "[a] police officer's failure to pursue a particular investigative path is not a constitutional violation." *Schweitzer v. Brunstein*, No. 16-CV-1172 (RRM) (LB), 2016 WL 4203482, (E.D.N.Y. Aug. 9, 2016) (collecting cases). Accordingly, "a 'failure to investigate' is not independently cognizable as a stand-alone claim" under Section 1983. *McCaffrey v. City of New York,* No. 11-CV-1636 (RJS), 2013 WL 494025, (S.D.N.Y. Feb. 7, 2013). Because Plaintiff did not have a constitutional right to have an investigation conducted, much less to have it conducted in the manner he deemed appropriate, any such claim fails, and the amendment is futile.

**B. There was Probable Cause for Every Alleged Unlawful Arrest:** Police have probable cause to arrest if they receive "'information from some person, normally the putative victim or eyewitness' . . . unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (*quoting Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000)); *McLaurin v. New Rochelle Police Officers*, 379 F. Supp. 2d 475, 477-78 (S.D.N.Y. 2005). Plaintiff's SAC alleges that the defendants arrested him on the basis of false complaints by his former domestic partners on multiple dates and without probable cause. However, all of these claims are subject to dismissal because, by Plaintiff's own admission, Ms. Evins and Ms. Smith filed complaints against him with the NYPD, and his arrest stemmed from the allegations made by these individuals that he had committed a crime. Therefore, these claims fail as a matter of law.

**C. Plaintiff's Allegations of Denial of Equal Protection Based on Gender Discrimination Does Not State a Claim**: "Proof that discriminatory intent was a motivating factor is required to show a violation of the Equal Protection Clause." *See Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265–66, 97 S. Ct. 555, 50 L.Ed.2d 450 (1977). Indeed, Plaintiff must demonstrate that "that there is a policy or a practice of affording less protection to victims of domestic violence than to other victims of violence in comparable circumstances, and that discrimination against one sex was a motivating factor, and that the policy or practice was the proximate cause of plaintiff's injury." See *Eagleston v. Guido*, 41 F.3d 865, 878 (2d Cir.1994). The SAC does not plausibly allege such a discriminatory purpose nor does it sufficiently allege defendants' participation in any gender based discriminatory practices. Therefore, his claims of equal protection also fail.

## III. Plaintiff Has Not Adequately Alleged Personal Involvement on Part of the Sixteen Individual Defendants He Seeks to Add

"It is well settled in this Circuit that the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under §1983." *Jones v. Parmley*, 714 F. App'x 42, 46 (2d Cir. 2017) (summary order) (*quoting Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)). In his SAC, Plaintiff seeks to add sixteen named and unnamed officer defendants including several John Does, without alleging, as he must, how these individuals were personally involved in a violation of his constitutional rights. *See* SAC ¶¶ 7-18. Plaintiff uses only generalized statements to support his allegations against these various defendants, *see e.g.*, SAC ¶¶ 49, 66, 76, 85-86, 89, 92 and 97. These overbroad and non-specific allegations do not sufficiently allege personal involvement on the part of any individual defendant as required to maintain a Section 1983 claim.

In addition, Plaintiff's SAC suffers from the same deficiencies as the original Complaint and FAC, namely a failure to comply with the pleading standards of Rule 8(a)(2). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Bender v. City of New York*, 09-CV-3286, 2011 U.S. Dist. LEXIS 103947, (S.D.N.Y. Sept. 14, 2011). Plaintiff's SAC is sixty-six (66) pages long, with two hundred and thirty-one paragraphs (231) and is at all times rambling and incoherent. When a complaint is not short and plain, the Court has the power to strike any portions that are redundant or immaterial, or to dismiss the complaint. *See* Fed. R. Civ. P. 12(f). Here, Plaintiff's SAC fails to comply with Rule 8.

Accordingly, Defendant respectfully submits that no pre-motion conference is warranted, as the proposed motion to amend would be futile and therefore, leave to file a second amended complaint should be denied. Defendant thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ *Anumeha Tanya*
Anumeha Tanya
*Senior Counsel*

cc: **VIA ECF**
Clayton Howard
*Plaintiff Pro Se*