*** Filed ***
07:47 AM, 25 Nov, 2026
U.S.D.C., Eastern District of New York

Clayton Howard
*Plaintiff Pro se*
24 Orchard Street,
Carteret, New Jersey 07008
(929) 781-7791 ·
itsclaytonhoward@gmail.com

November 25, 2026

*By Pro Se Document Submission*

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Howard v. City of New York, et al.*, No. 1:24-cv-08316 (KAM)(LKE): Request for leave to reply to the City's November 24, 2026 letter (ECF No. 98) opposing Plaintiff's pre-motion letter (ECF No. 90)

Dear Judge Matsumoto:

Section III.B.1 of the Court's Chambers Practices permits a reply only with leave of the Court. Plaintiff respectfully asks leave to make the short reply below, limited to points the City raises for the first time in ECF No. 98. If the Court prefers not to consider it, Plaintiff asks only that the Court set a briefing schedule.

**1. The City opposes on futility alone, which calls for full briefing.**

The City does not claim undue delay, bad faith or prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Its only ground is futility, which is measured by whether each proposed claim would survive a Rule 12(b)(6) motion. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). That is a claim-by-claim question across nine causes of action, eight (not sixteen) new named defendants and eight Does. It should be decided on full briefing, not on three-page letters that does not address the substance of what the supplemental amendment pleads.

**2. The probable-cause argument conflicts with ECF No. 60 and omits the rule's exception.**

The City argues that every arrest claim fails because Ms. Evins and Ms. Smith made complaints. ECF No. 98 at 2. The Court applied that same standard to Plaintiff's false-arrest claims against Detectives Quirk, Robley and DePalma and allowed them to proceed. ECF No. 60. The City quotes *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006), but not its exception: an officer may rely on a complainant "unless the circumstances raise doubt as to the person's veracity." *Id.* An officer also may not deliberately disregard facts known to him that establish there is no probable cause. *Jocks v. Tavernier*, 316 F.3d 128, 135 (2d Cir. 2003). Here the Plaintiff pleads this for multiple proposed new defendants of the NYPD 52nd Precinct in detail.

The proposed pleading alleges those circumstances from the Department's own records. Detective Quirk swore to posts the Department's Legal Bureau had already found were not crimes (¶¶ 41, 45, 153). Detective DePalma processed and held Plaintiff the day after he himself relayed the prosecutor's direction to "hold off" (¶¶ 67–70). Detective Baca requested the card after one call that was answered and hung up, on a report recording that the complainant would not prosecute and that her order had not been served, minutes after a database check that returned the record of her admission that she had made false reports against Plaintiff (¶¶ 76–78, 83, 156).

The City also does not address the claims to which probable cause is no defense. Fabrication of evidence (Fifth Cause of Action) does not depend on it. *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277–78 (2d Cir. 2016). Nor does the City address the retaliation claim (Fourth) or the vehicle search (Seventh). What the officer knew at the time of the arrest is what the Plaintiff has plead and now supports.

### 3. The proposed pleading asserts no failure-to-investigate claim.

The City's first argument answers a claim Plaintiff does not make. The equal-protection count states that "[t]he City is not required to investigate any complaint or to arrest any person," and alleges that the City may not distribute the protection it does provide on the basis of sex (¶ 162). *See Pyke v. Cuomo*, 258 F.3d 107, 109–10 (2d Cir. 2001). It is pleaded as selective enforcement, with comparators and *Arlington Heights* factors (¶¶ 163–170), not under the policy framework of *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994), that the City addresses.

### 4. Each new defendant is tied to his own dated acts.

The City says the paragraphs it cites (¶¶ 49, 66, 76, 85–86, 89, 92, 97) are generalized. They are not. They give the officer, the date and often the minute: Detective Baca's call at 4:00 p.m., database check at 4:15 p.m. and card request at 4:20 p.m. on May 2, 2025, approved by Sergeant Santos (¶ 76); his wanted flyer at 12:20 p.m. on May 8, 2025, five minutes after he recorded that Plaintiff would sue (¶¶ 84–85); each re-closing by date and officer (¶ 89); Detective Huber's report of February 7, 2026 (¶ 92); and Sergeant Tobar's refusal to take Plaintiff's report on June 8, 2026 (¶ 97). Two of the cited paragraphs, ¶¶ 49 and 66, describe officers who are not defendants. Paragraphs 153–157 then state each defendant's role in each arrest, and ¶ 18 states each Doe's act. A supervisor's own approval of a card, a closing or an arrest is his own conduct. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). For the Court's convenience, Appendix 1 lists each new defendant, his acts and the paragraphs that plead them.

### 5. Length.

Plaintiff has taken to heart the Court's earlier criticism of the length of his filings (Order of Apr. 30, 2026). He respects the court's criticism, and realized he needed to become more efficient when drafting his pleadings. With legal training than defense counsel, he wrote at greater length than trained counsel would have. He has since learned to narrow his arguments to what the Court must decide, and this letter and Appendix 1 reflect that.

The proposed pleading runs 66 pages because it alleges new conduct by several defendants across four arrests, and because it pleads from the City's own records. Those records show what each defendant knew before each arrest; why prosecutions continued without probable cause and on the fabricated evidence alleged; and why, when the Department's own reports recorded facts contrary to what the female complainants reported, no action was taken on Plaintiff's reports, while investigation cards issued against him within one or two days of the complainants' reports,

and once twenty minutes after a single unanswered call. It is organized by event, with numbered paragraphs and cross-references. Plaintiff will conform it to any page limit or narrowing the Court directs.

Plaintiff therefore asks the Court to set a schedule: Plaintiff's motion due fourteen days after the Court's order, the City's opposition thirty days later, and Plaintiff's reply fourteen days after that, or any other schedule the Court prefers.

Respectfully submitted,

Clayton Howard

Clayton Howard, Plaintiff, *pro se*

cc: Anumeha Tanya, Esq., Senior Counsel, New York City Law Department (by email)
Encl.: Appendix 1, Personal Involvement of Each New Defendant

## APPENDIX 1

## Personal Involvement of Each New Defendant in the Proposed Second Amended and Supplemental Verified Complaint

Paragraph numbers refer to the proposed pleading (ECF No. 90, Ex. A). Causes of action: 1 false arrest and malicious prosecution; 2 equal protection; 4 retaliation; 5 fabrication; 6 failure to intervene; 7 search and seizure of property; 8 due process (property); 9 New York law.

| Defendant | Counts | Acts pleaded (¶) |
|---|---|---|
| Det. Daniel Baca, 52nd Pct. Squad | 1, 4, 9 | May 2, 2025: one call, 4:00 p.m.; database check returning DIR 2024-075-03367, 4:15 p.m.; requested card I2025027287, 4:20 p.m. (¶¶ 76–78). May 8, 2025: read DIR, 911 record and BWC showing the order "has not been served" (¶ 83); recorded Plaintiff's statement that he would sue, about 12:15 p.m. (¶ 84); issued wanted flyer, 12:20 p.m. (¶ 85); closed case C-12, 1:00 p.m. (¶ 86). Re-closed and renewed flyer July 30, Sept. 29 and Nov. 29, 2025 (¶¶ 89–90). |
| Sgt. Ruben Santos, 52nd Pct. Squad | 1, 4 | Approved card I2025027287, May 2, 2025 (¶ 76). Reviewed the entry recording Plaintiff's statement that he would sue and the flyer five minutes later, May 8, 2025 (¶ 85). Approved re-closings July 30, 2025, Feb. 7 and Apr. 10, 2026 (¶ 89). |
| Lt. Kreshnik Bakraqi, commander, 52nd Pct. Squad | 1, 9 | Approved C-12 closing and single-photo identification, May 12, 2025 (¶ 86). Reviewed system reopenings July 14, Sept. 29, Nov. 30, 2025 and Jan. 30, 2026 (¶ 88); approved re-closings Sept. 29 and Nov. 30, 2025 (¶ 89). Approved and verified the June 8, 2026 arrest (¶¶ 86, 99–100). |
| Det. Daniel Huber, 52nd Pct. Squad | 1 | Re-closed case and renewed flyer Feb. 6, 2026; generated report listing Plaintiff as victim in the record of Ms. Smith's admission and wrote "This case is active," Feb. 7, 2026; re-closed Apr. 9, 2026 with no investigative step (¶¶ 89, 92). |
| Det. Nico R. Martino, 52nd Pct. Squad | 1, 5, 9 | June 8, 2026: took custody at the 83rd Pct. after being told, and shown passport stamps, that Plaintiff was in Medellín on the alleged date (¶¶ 99, 102–103); processed Arrest No. B26630240 on records omitting the 83rd Pct. custody and the vehicle (¶¶ 99–101). June 9, 2026: swore the instrument dating the conduct 2026 when every record dated it 2025 (¶¶ 113–114). |
| P.O. Matthew Boncy, 83rd Pct. | 7, 9 | June 8, 2026: induced Ms. Tapia to show him the vehicle with a promise of the keys; searched it without warrant or consent; had it taken to the precinct (¶¶ 108–109). |
| Sgt. David Tobar, on duty 83rd Pct. | 7, 9 | June 8, 2026: refused to prepare Plaintiff's domestic incident report (¶ 97); took Plaintiff's phone and keys from Ms. Tapia's hand (¶ 107). |
| P.O. David Guzman, 52nd Pct. DV Squad | 2 | Oct. 28, 2026: told Plaintiff his order appeared unserved (¶ 126). Oct. 29, 2026: refused Plaintiff's complaint against Ms. Smith on that ground, though the same precinct acted on her April 2025 report recording her own order as not served (¶¶ 127–128, 166–167). |
| Does 1–3, Warrant Section | 1, 6 | Nov. 17, 2023: apprehended Plaintiff in Richmond County Family Court from the case file in which the Nov. 16 hold had been entered (¶¶ 18(a), 69, 71). |
| Doe 4, 120th Pct. | 2 | Nov. 17, 2023: declined to generate Plaintiff's report against Ms. Evins (¶¶ 18(b), 36). |
| Doe 5, 120th Pct. | 2 | Feb. 2024: reclassified Plaintiff's false-reporting complaint as harassment and closed it (¶¶ 18(c), 37, 73). |
| Does 6–7, 83rd Pct. | 1, 6, 9 | June 8, 2026: detained Plaintiff on card I2025027287 and held him until he was turned over to Det. Martino (¶¶ 18(d), 97, 99). |
| Doe 8, 83rd Pct. desk | 6, 7, 8, 9 | June 8 and 11, 2026: refused to release the rented vehicle to its authorized driver and to Plaintiff (¶¶ 18(e), 110–111). |